# EXHIBIT 1

05-01-00

A

THE ASSISTANT COMMISSIONER OF PATENTS
Washington, D.C. 20231

DOCKET NUMBER: AUS000025US1
APRIL 000

JC675 U.S. PTO 09/561426 04/28/00

JC815 U.S. PTO 04/28/00

Sir:

Transmitted herewith for filing is the Patent Application of:

Inventor: MICHAEL WAYNE BROWN ET AL

For: MONITORING FITNESS ACTIVITY ACROSS DIVERSE EXERCISE MACHINES UTILIZING A UNIVERSALLY ACCESSIBLE SERVER SYSTEM

Enclosed are:

X Patent Specification and Declaration

X 6 sheets of drawing(s).

X An assignment of the invention to International Business Machines Corporation (includes Recordation Form Cover Sheet).

__ A certified copy of a __ application.

__ Information Disclosure Statement, PTO 1449 and copies of references.

The filing fee has been calculated as shown below:

| For | Number Filed | | Number Extra | Rate | Fee |
|---|---|---|---|---|---|
| Basic Fee | | | | | $690 |
| Total Claims | 60 | -20 | 40 | x 18 = | $720 |
| Indep. Claims | 6 | - 3 | 3 | x 78 = | $234 |
| MULTIPLE DEPENDENT CLAIM PRESENTED | | | | x260= | $ |
| | | | | TOTAL | $1,644.00 |

X Please charge IBM Corporation Deposit Account No. 09-0447 in the amount of $1,644.00. A duplicate copy of this sheet is enclosed.

X The Commissioner is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayment to IBM Corporation Deposit Account 09-0447. A duplicate copy of this sheet is enclosed.

X Any additional filing fees required under 37 CFR §1.16.

X Any patent application processing fees under 37 CFR §1.17.

**CERTIFICATE OF MAILING BY "EXPRESS MAIL" UNDER 37 CFR § 1.10**

"Express Mail" mailing label number, EL453461464US

Date of Mailing: APRIL 28, 2000

I hereby certify that the documents indicated below are being deposited with the United States Postal Service under 37 CFR 1.10 on the date indicated above and are addressed to Box Patent Applications, Assistant Commissioner of Patents, Washington, D.C. 20231 and mailed on the above Date of Mailing with the above "Express Mail" mailing label number

CHRIS MONTEZ

Respectfully submitted,

By ANDREW J. DILLON
Registration No. 29,634
FELSMAN, BRADLEY, VADEN, GUNTER & DILLON, LLP
Suite 350 Lakewood on the Park
7600B North Capital of Texas Highway
Austin, Texas 78731
Telephone (512) 343-6116

## CLAIMS

What is claimed is:

1. A method for monitoring the fitness activity of an exerciser, said method comprising the steps of:

receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

2. The method for monitoring the fitness activity of an exerciser according to claim 1, said step of receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising the step of:

receiving said at least one type of exercise

indicator signal in an extensible mark-up language format.

3. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

4. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

5. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use

by said particular user.

6. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine manager for use by said particular user.

7. The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

searching a plurality of designated program selections according to said machine type indicator; and

transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

8. The method for monitoring fitness activity from an exercise machine according to claim 6, said method

further comprising the steps of:

detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

transmitting said program selection according to said exercise event.

9. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

10. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

11. The method for monitoring fitness activity from an exercise machine according to claim 1, said method

further comprising the step of:

allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

12. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

13. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

14. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the steps of:

transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in

accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

Sub a3

15. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

16. The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

17. A system for monitoring the fitness activity of an exerciser, said system comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a

particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

18. The system for monitoring the fitness activity of an exerciser according to claim 17, said means for receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

19. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator

signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

20. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

21. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

22. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said

universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine manager for use by said particular user.

23. The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

Sub A3

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

24. The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

25. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

26. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

27. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

28. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

29. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

30. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

31. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a request for a reservation

for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

Sub C3

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

32. The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

33. A program for monitoring the fitness activity of an exerciser, said program comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

34. The program for monitoring the fitness activity of an exerciser according to claim 33, said program further comprising:

Sub 03

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

35. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

36. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible

server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

37. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

Sub Q3

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

38. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine manager for use by said particular user.

39. The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for receiving a machine type indicator from

said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

40. The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

41. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from said universally accessible server system in

accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

42. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

43. The program for monitoring fitness activity from an exercise machine according to claim33, said program further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

44. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

45. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

46. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

47. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said

universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

48. The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

49. A method for competing against a plurality of exercisers, said method comprising the steps of:

receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular transmittable data format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with said first exerciser; and

displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

50. The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

accessing current fitness activity data for a plurality of exercisers at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with a group comprising said plurality of exercisers.

Sub C3

51. The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

52. The method for competing against a plurality of exercisers according to claim 49, said step of displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising the step of:

displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

53. A system for competing against a plurality of exercisers, said system comprising:

Sub
a3

means for receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular transmittable data format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with said first exerciser; and

means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

54. The system for competing against a plurality of exercisers according to claim 53, said system further comprising:

means for receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

55. The system for competing against a plurality of exercisers according to claim 53, said means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness

activity for said second exerciser further comprising:

means for displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

56. A universally accessible database of server systems comprising:

a plurality of universally accessible server systems each with access respectively to one of a plurality of data storage mediums, wherein a particular data storage medium comprises current fitness activity stored for a particular user according to a particular universal identifier; and

a communication interface between said plurality of universally accessible server systems and a controller for an exercise machine from among a plurality of exercise machines for receiving current fitness activity of said particular user on said exercise machine at said particular data storage medium.

57. The universally accessible database of server systems according to claim 56, said system further comprising:

an account server system comprising a lookup database of a plurality of universal identifiers, wherein said plurality of universally accessible server systems are accessible as each respectively associated with said

plurality of universal identifiers.

58. The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises an electronic schedule for a particular user comprising a plurality of scheduled exercise events utilizing a plurality of exercise machines.

59. The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a plurality of control programs each respectively designated for controlling one of a plurality of exercise machines when accessed via said interface at one of said plurality of exercise machines.

60. The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a user profile for said particular user that when accessed via said interface at said controller for said exercise machine initializes said controller.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C 20231
www uspto gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/561,426 | 04/28/2000 | Michael Wayne Brown | AUS000025US1 | 4996 |

7590 01/24/2002

Andrew J Dillon
Felsman Bradley Vaden Gunter & Dillon LLP
Lakewood on the Park Suite 350
7600B North Capital of Texas Highway
Austin, TX 78731

| EXAMINER | |
|---|---|
| LAU, TUNG S | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2863 | |

DATE MAILED: 01/24/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| Office Action Summary | Application No. | Applicant(s) | |
|---|---|---|---|
| | 09/561,426 | BROWN ET AL. | |
| | Examiner | Art Unit | |
| | Tung S Lau | 2863 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133)
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment See 37 CFR 1 704(b).

**Status**

1)☒ Responsive to communication(s) filed on 7/3/00.

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) 1-60 is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) 1-17,19-33 and 35-60 is/are rejected.

7)☒ Claim(s) 2,18 and 34 is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____ .

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: .

# DETAILED ACTION

### *Specification*

1. The disclosure is objected to because of the following informalities: The serial number for cross reference on pages 1 is missing. Appropriate correction is required.

### Claim Rejections - 35 USC § 103

2. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

a. Claims 1, 3, 4, 6, 9, 11, 13, 17, 19, 20, 22, 25, 28, 30, 33, 35, 38, 41, 44, 46, 49, 50, 51, 53, 54, 56, 57, 59, 60 are rejected under 35 U.S.C. 103 (a) as being unpatentable over Greenberg (US patent 5,785,632) in view of Shaw (US Patent 4,817,940)

Greenberg discloses a method, system, program :

- Claims 1, 17 and 33: Receiving at least one type of exercise indicator signal associated with exercise performed by a particular s user from a particular exercise machine in a particular transmittable data format at a universally accessible server system (fig 1, block 130).
- Claims 3, 4, 19, 20, 35, 36, 9, 25, 41, 11, 28, 44, 13, 30, 46, 49, 50, 51, 53, 54, 56, 57, 59, 60: Universally accessible server system for monitoring fitness activity from an exercise machine

- Claims 6, 22, 38: Transmitting personal data and a program selection for said particular user from said universally accessible server system (fig 1, block 158)

Greenberg does not discloses:

- Claims 1, 17 and 33: A universal identifier associated with said particular user; and storing said at least one type of exercise indicator signal as current fitness activity for said particular a. user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness inactivity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

- Claims 3,19, 35: Computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said system in accordance with said universal identifier.Claims 4, 20, 36: computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

- Claims 6, 22, 38, 49, 50, 51, 53, 56, 57 : A universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine manager for use by said particular user.

- Claims 9, 25, 41, 54: The output from said particular exercise machine monitor is controlled according to said graphical output application

- Claims 11, 28, 44: allowing access to said stored current fitness activity for said particular user by an alternate user via said a system in accordance with said universal identifier.

- Claims 13, 30, 46: Identifier associated with said alternate user at said a particular exercise machine in use by said particular user.

- Claim 60: particular data storage medium further comprises a user profile

Shaw discloses:

- Claims 1, 17 and 33: A universal identifier associated with said particular user (col. 2, lines 56-60, col. 3-4, lines 67-14); and storing said at least one type of exercise indicator signal as current fitness activity for said particular a. user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness inactivity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine ( Shaw col. 2-3 lines 60-2) .

- Claims 3,19,35: Computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said system in accordance with said universal identifier. ( fig. 1 block 30 and 100)

- Claims 4, 20, 36: computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and

stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines (col. 1-2 lines 61-6).

- Claims 6, 22, 38, 49, 50, 51, 53, 56, 57 : A universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine manager for use by said particular user (Shaw col.6-7, lines 57-9)

- Claims 9, 25, 41, 54: The output from said particular exercise machine monitor is controlled according to said graphical output application (col. 18, lines 13-17)

- Claims 11, 28, 44: allowing access to said stored current fitness activity for said particular user by an alternate user via said a system in accordance with said universal identifier (fig 1, block 24).

- Claims 13, 30, 46: Identifier associated with said alternate user at said a particular exercise machine in use by said particular user (col.6-77, lines 56-9).

- Claim 60: particular data storage medium further comprises a user profile (col. 6-7, lines 56-9)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use Greenberg's fitness machine with a universal identifier, to computing a current fitness activity associated with particular user, to monitors the real-time fitness inactivity and to able to access various types of exercise machines as suggested by Shaw (col. 1, lines 61-65).

b. Claims 5, 21, 37, 60 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above or rejection claim a, and further in view of Shea (6,042,519) and Lundin ((US 5,435,799).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

Transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

Shea discloses: Transmitting a control signal of a particular exercise machine (col. 2, lines 21-30).

Lundin discloses: common transmittable data format for temporarily controlling said particular exercise machine (col.4-5, lines 66-6) while in use by said particular user.

It would have been obvious to one of ordinary skill in the art at the time the invention was made to transmit a control signal with a common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user in combination with Greenberg and Shaw exercise system to have flexibility on the exercise system as suggested by Lundin (col.1, lines 59-68)

c. Claims 7, 23, 39, 16, 27, 43 are rejected under 35 U.S.C. 103(e) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above, and further in view of Shea (US 6,042,519) and Andrus (US 5,888,172).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

- Receiving a machine type indicator from said particular exercise machine; searching a plurality of designated program selections according to said machine type indicator; and transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

Andrus discloses:

- Receiving a machine type indicator from said particular exercise machine (col. 3, lines 24-34)

Shea discloses:

- Transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received. (Shea col. 2 lines 21-30)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to receive the machine type and to transmit a particular program selection from among said plurality of designated program selections to enhance the flexibility and powerful interface of an exercise machine teach by Shaw and Greenberg as suggested by Andrus (see Andrus col. 2, lines 25-30)

d. Claims 8, 24, 40, 14, 31, 47, 58 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above or claim rejection a, and further in view of Brown (US 5,387,164)

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

- Detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said exercise event.

Brown discloses:

- Detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule ( col. 3, lines 59-67) at said exercise event.

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use an exercise machine in Shaw and Greenberg teaching with an electronic scheduler to establish a user profile and activity

pattern with long term exercise accounting, interaction and recommended enhancement (see Brown col. 2, lines 20-25)

e. Claims 10, 26, 42, 59 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 or rejection claim a above, and further in view of Shea (6,042,519).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

- Output from said particular exercise machine monitor is controlled according to said graphical output application.

Shea discloses:

- Output from said particular exercise machine monitor is controlled (col. 2, lines 20- 30, lines 45-50) according to said graphical output application (fig. 7).

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use Shaw and Greenberg system with an output from an exercise machine teach by Shaw and Greenberg to monitor and control according to a graphical output application to achieve exercise goals and avoid injury (see Shea col. 2, lines 50-55)

f. Claims 12, 29, 45, 15, 32, 48 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above, and further in view of Bustos (5,816,443).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

- Receiving payment/debit account for any access to said current fitness activity.

Bustos discloses:

- Receiving payment/debit account for any access to said current fitness activity (Bustos col. 14, lines 5-21)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to receive payment in the Shaw and Greenberg system for the convenience of the user and to charge their account. (see Bustos col. 5, 20-26, col. 6, lines 20-22)

g. Claims 49, 50, 51, 52, 53, 55, 56 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to rejection claim a above, and further in view of Hood (5,213,555).

Greenberg and Shaw combination disclose a method and system including the subject matter discuss above except:

- Displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

Hood discloses:

- Displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers. (Hood col. 1, lines 30-61)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to displaying a graphical comparison in a competing format of current users on a fitness machines in Shaw and Greenberg system to encourage the racers to exert their best efforts and the competitive nature of the racer helps maintain interest and permits social interaction. (see Hood col. 1, 30-40)

**Allowable Subject Matter**

3. Claims 2,18, 34 would be allowable if rewritten or amended to overcome the rejection(s) under 35 U.S.C. 103 (a), set forth in this Office action.

4. Claims 2, 18, 34 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

5. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Tung S Lau whose telephone number is 703-305-3309. The examiner can normally be reached on M-F 7:30-4:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, John Hilten can be reached on 703-308-0719. The Fax number for the organization where this application or proceeding is assigned are 703-308-5841 for regular communications and 703-308-5841 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-308-0956.

TL TL

January 16, 2002

JOHN S. HILTEN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2800

| ***Notice of References Cited*** | Application/Control No. 09/561,426 | Applicant(s)/Patent Under Reexamination BROWN ET AL. | |
|---|---|---|---|
| | Examiner Tung S Lau | Art Unit 2863 | Page 1 of 1 |

U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-5785632 | 07-1998 | Greenberg | 482/5 |
| | B | US-4817940 | 04-1989 | Shaw et al. | 272/93 |
| | C | US-6042519 | 03-2000 | Shea | 482/57 |
| | D | US-5213555 | 05-1993 | Hood et al. | 482/57 |
| | E | US-5816443 | 10-1998 | Bustos | 221/211 |
| | F | US-5435799 | 07-1995 | Lundin | 482/8 |
| | G | US-5888172 | 03-1999 | Andrus et al. | 482/7 |
| | H | US-5387164 | 02-1995 | Brown Jr. | 482/9 |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

2863

COPY OF PAPERS
ORIGINALLY FILED

**IN THE UNITED STATES PATENT AND TRADEMARK**

RECEIVED
MAY 14 2002
TECHNOLOGY CENTER 2800

Attorney Docket No. **AUS920000250US1**

In re Application of:

**MICHAEL WAYNE BROWN, ET AL.**

Examiner: **TUNG S. LAU**

Serial No.: **09/561,426**

O I P E
MAY 1 0 2002
JC26
PATENT & TRADEMARK OFFICE

Filed: **28 APRIL 2000**

For: **MONITORING FITNESS ACTIVITY ACROSS DIVERSE EXERCISE MACHINES UTILIZING A UNIVERSALLY ACCESSIBLE SERVER SYSTEM**

Art Unit: **2863**

APC
TS step 10
5-23-02

## AMENDMENT A UNDER 37 CFR § 1.111

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This Amendment is submitted in response to the Office Action dated January 24, 2002, having a shortened statutory period set to expire April 24, 2002. Please amend the above-identified application as indicated below.

CERTIFICATE OF MAILING
37 CFR 1.8(A)

I hereby certify that this correspondence is being deposited with the U.S. Postal Service as First Class Mail in an envelope addressed to **Assistant Commissioner of Patents and Trademarks, Box Non-Fee Amendments, Washington, D. C. 20231.**

23 Apr 2002 — Date

Mary Ann Healey — Signature

**IN THE SPECIFICATION**

Please amend the specification as follows:

On page 1, please replace paragraph 1 with the following:

The present application is related to the following co-pending applications, which are filed on even date herewith and incorporated herein by reference:

(1) U.S. Patent Application Serial No. 09/561,115;

(2) U.S. Patent Application Serial No. 09/561,134;

(3) U.S. Patent Application Serial No. 09/561,422; and

(4) U.S. Patent Application Serial No. 09/561,130.

Please replace the last paragraph beginning on page 22 and the first paragraph ending on page 23 with the following:

Personal data **56** stored on data storage medium **51** according to a UCID account may include information that is relevant to determining fitness gains in a workout such as weight, height, age, percentage body fat, bone density, metabolism, health problems, prescriptions, diet, and other health related factors. In addition, health data gathered for the user, such as food, liquid and medication intake and environmental exposure may be included. For example, food and liquid intake for a user may be monitored at a UCID account as described in U.S. Patent Application Serial No. 09/466,051and in U.S. Patent Application Serial No. 09/560,386, herein incorporated by reference. In another example, medication intake for a user may be monitored at a UCID account as described in U.S. Patent Application Serial No. 09/560,318, herein incorporated by reference. Moreover, environmental exposure of a user may be monitored at a UCID account as described in U.S. Patent Application Serial No. 09/560,161, herein incorporated by reference.

**IN THE CLAIMS**

Please amend the claims as follows:

1. (Unchanged) A method for monitoring the fitness activity of an exerciser, said method comprising the steps of:

receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

2. (Unchanged) The method for monitoring the fitness activity of an exerciser according to claim 1, said step of receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising the step of:

receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

3. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

4. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said

particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

5. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

6. (Amended) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

7. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

searching a plurality of designated program selections according to said machine type indicator; and

transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

8. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

transmitting said program selection according to said exercise event.

9. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

10. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

11. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

12. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

13. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

14. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the steps of:

transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

15. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

16. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

17. (Unchanged) A system for monitoring the fitness activity of an exerciser, said system comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of

accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

18. (Unchanged) The system for monitoring the fitness activity of an exerciser according to claim 17, said means for receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

19. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

20. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

21. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

Sub B1 D3

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

22. (Amended) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

23. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

24. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

25. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

Sub B1 a3

26. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

27. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

28. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

29. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said

alternate user.

30. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

31. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

32. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

33. (Unchanged) A program for monitoring the fitness activity of an exerciser, said program comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity

for said particular user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

34. (Unchanged) The program for monitoring the fitness activity of an exerciser according to claim 33, said program further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

35. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

36. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

37. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

38. (Amended) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

39. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

Sub B1 a3

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

40. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

41. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said

graphical output application.

42. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

43. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim33, said program further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

44. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

45. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

46. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate

universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

47. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

SUB B3

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

48. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

49. (Unchanged) A method for competing against a plurality of exercisers, said method comprising the steps of:

receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular transmittable data format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with said first exerciser; and

displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

50. (Unchanged) The method for competing against a plurality of exercisers according to claim

49, said method further comprising the step of:

accessing current fitness activity data for a plurality of exercisers at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with a group comprising said plurality of exercisers.

51. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

52. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said step of displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising the step of:

displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

53. (Unchanged) A system for competing against a plurality of exercisers, said system comprising:

means for receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular transmittable data format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with said first exerciser; and

means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

54. (Unchanged) The system for competing against a plurality of exercisers according to claim 53, said system further comprising:

means for receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

55. (Unchanged) The system for competing against a plurality of exercisers according to claim 53, said means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising:

means for displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

56. (Unchanged) A universally accessible database of server systems comprising:

a plurality of universally accessible server systems each with access respectively to one of a plurality of data storage mediums, wherein a particular data storage medium comprises current fitness activity stored for a particular user according to a particular universal identifier; and

a communication interface between said plurality of universally accessible server systems and a controller for an exercise machine from among a plurality of exercise machines for receiving current fitness activity of said particular user on said exercise machine at said particular data storage medium.

57. (Unchanged) The universally accessible database of server systems according to claim 56, said system further comprising:

an account server system comprising a lookup database of a plurality of universal identifiers, wherein said plurality of universally accessible server systems are accessible as each respectively associated with said plurality of universal identifiers.

58. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises an electronic schedule for a particular

user comprising a plurality of scheduled exercise events utilizing a plurality of exercise machines.

59. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a plurality of control programs each respectively designated for controlling one of a plurality of exercise machines when accessed via said interface at one of said plurality of exercise machines.

60. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a user profile for said particular user that when accessed via said interface at said controller for said exercise machine initializes said controller.

## REMARKS

This Amendment is submitted in response to the Office Action dated January 24, 2002, having a shortened statutory period set to expire April 24, 2002. Claims 1-60 are pending. Applicants have amended claims 6, 22, and 38. No new matter has been introduced by these amendments.

### Specification

In Section 1 of the present Office Action, the disclosure is objected to because the serial numbers for cross references on page 1 are missing. The specification has been amended to include the missing serial numbers for cross references, and it is believed that this amendment overcomes the objection.

### Claim Rejections Under 35 U.S.C. § 103

In Section 2 (a) of the present Office Action, claims 1, 3, 4, 6, 9, 11, 13, 17, 19, 20, 22, 25, 28, 30, 33, 35, 38, 41, 44, 46, 49, 50, 51, 53, 54, 56, 57, 59, 60 have been rejected under 35 U.S.C. 103(a) as being unpatentable over *Greenberg* (U.S. Patent No. 5, 785,632) in view of *Shaw* (U.S. Patent No. 4,817,940). That rejection is respectfully traversed and reconsideration of the claims is requested.

With respect to Claim 1, therein is recited the step of "*storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier....*" The "*universal identifier*" is defined throughout the specification. As explained in the specification on page 14, lines 1-5, a user selects exercise programs that control a controller, or control program, according to a universal communications identifier (UCID). As explained on page 17, line 25, page 18, line 9, multiple UCID accounts are stored in a database within a server. A single server or multiple server systems provide universal access to the listing of UCID accounts and their associated data. As stated on page 18, lines 18-31, the UCID account can remotely dictate the execution of applications and functions, and may be transmitted to machine monitors, and each UCID account data may be accessible to a machine monitor. As stated on page 19, lines 1-5, a UCID account includes an alphanumeric

identifier associated with a particular server address that may be owned by a individual or a group of individuals. As stated on page 19, lines 13-15, a single UCID account may utilize multiple alphanumeric identifiers for accessing multiple levels of an account. Also, as stated on page 20, lines 4-6, multiple types of data may be associated with each UCID account accessible via an account lookup server system.

As explained on page 22, lines 28-31, the current cumulative fitness activity calculated at a machine monitor is transmitted to a remote server according to a UCID. As explained on page 30, lines 15-33, a user can utilize his UCID account as a personal electronic exercise monitor that accesses, interprets, and manages fitness data across multiple diverse exercise machine platforms. By transmitting personal data, the user is relieved from re-entering the same personal data across multiple exercise machine monitors. In another example, the user's personal data and an exercise program selection, difficulty and length may be provided to an exercise machine monitor. As explained at page 21, lines 30-33 and page 22, lines 102, a remote server system is enabled to compute and store cumulative real-time fitness activity within fitness profile 52 over a selected time period or session from across multiple diverse exercise machines utilizing exercise application 50.

As can be seen from the above description of the UCID (i.e. "universal identifier"), the use of the universal identifier allows the system to provide a significant number of features, functions, and advantages for a user in a fitness environment. The use of the universal identifier is significant throughout the teaching of the present application, and is significant to the present invention as can be seen from its recitation in Claim 1. By providing the universal identifier, Applicants have created a method and system that has significant advantages that are not recognized by any of the references cited in the present Office Action. As explained below, because none of the cited references mention such a universal identifier, Applicants respectfully submit that the method and system of the present invention is not obvious from any of the teachings of the references cited in the present Office Action, nor is there any suggestion in the prior art to combine the references in such a way as to render the present method and system obvious.

With respect to Claim 1 and as quoted above, therein is recited the step of "*storing said at*

*least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier....*" In Section 2(a) of the present Office Action, it is suggested that *Shaw* discloses a universal identifier associated with a particular user at column 2, lines 56-60, and columns 3-4, lines 67-14. Applicants respectfully point out that *Shaw* teaches using a personal memory module to store present and past exercise activities. Because the personal data of the user is stored on the personal memory module, there is no teaching or suggestion within *Shaw* that any type of universal identifier is required with respect to a particular user. The individual user is identified by his possession of the personal memory module and not by any particular universal identifier contained within the memory. At column 2, lines 56-60, *Shaw* teaches a system having a monitoring means for measuring the movement of the exercise machine, which corresponds to a user's exercise activity and provides signals representative of this activity. Showing real-time exercise activity signals in no way suggest a universal identifier. At columns 3-4, lines 67-14, *Shaw* teaches that a workout record is gathered by the exercise monitoring unit during a user's workout. The workout records are then stored in the user's exercise monitoring personal module. Again, the workout record is the information gathered by the exercise machine, which is not a universal identifier. As explained at column 7, lines 25-44, the personal module includes data of best effort or past performance, the user's weight settings, seat settings for a particular exercise machine, dates of his workouts, weight used, repetitions completed and average accuracy of the repetitions, particular exercising routine, etc. There is nothing in the teachings of *Shaw* that suggests the usage of a UCID as is taught in the present application. Consequently, Applicants respectfully submit that *Shaw* does not show or suggest the step of "*storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier....*"

Further, the storing step of Claim 1 further recites "*such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of a particular user from said at least one type of exercise indicator signal received from at least one exercise machine.*" However, as explained above, *Shaw* teaches that the real-time fitness activity of the particular user is stored on the memory module. However, as recited above, Claim 1 requires that a server system monitor the "real-time fitness activity" of a user. The Office Action cites *Shaw* at

columns 2-3, lines 60-2. However, this section describes that the exercise monitoring analyzer 300 evaluates the user's exercise activity, where it states "*upon completing a set of exercise routines on several different exercise machines, the user then carries his personal module 24 to the exercise monitoring analyzer unit 300 for analysis*" (see column 7, lines 55-58). Waiting until the exerciser finishes the exercises and walks over to another machine to plug the smartcard into the analyzer can not be considered monitoring "*real-time fitness activity*". Consequently, Applicants respectfully submit that *Shaw* does not show or suggest a server system that monitors the "*real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.*"

In summary, Applicants respectfully submit that Claim 1 is not shown or suggested by the combination of *Greenberg* and *Shaw*, and particularly that a "universal identifier" is nowhere shown or suggested by either reference. Neither *Greenberg* nor *Shaw* suggest "*storing*" a current fitness activity for a particular user at a "*universally accessible server system in accordance with said universal identifier.*" Further, neither *Greenberg* nor *Shaw* shows or suggests a method whereby such storing of current fitness activity allows a server system to monitor the "*real-time fitness activity*" of a particular user from the stored "*exercise indicator signal received from at least one exercise machine.*" Because Applicants believe that the above recited steps of Claim 1 are not shown or suggested by either *Greenberg* or *Shaw*, or any combination thereof, Applicants respectfully request reconsideration of the rejection of Claim 1 as being unpatentable over *Greenberg* in view of *Shaw*.

For the reasons given above with respect to Claim 1, Applicants submit that Claims 3, 4, 19, 20, 35, 36, 9, 25, 41, 11, 28, 44, 13, 30, 46, 49, 50, 51, 53, 54, 56, 57, 59, and 60 are also not shown or suggested by either *Greenberg* or *Shaw*, or any combination thereof, and that the rejection of those claims as being unpatentable over *Greenberg* in view of *Shaw* should also be reconsidered.

In Section 2(b) of the present Office Action, Claims 5, 21, 37, and 60 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Shea* (U.S. Patent No. 6,042,519) and *Lundin*

(U.S. Patent No. 5,435,799). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 2(c) of the present Office Action, Claims 7, 23, 39, 16, 27, and 43 have been rejected under 35 U.S.C. § 103(e) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Shea* (U.S. Patent No. 6,042,519) and *Andrus* (U.S. Patent No. 5,888,172). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 2(d) of the present Office Action, Claims 8, 24, 40, 14, 31, 47, and 58 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33 above, and further in view of *Brown* (U.S. Patent No. 5,387,164). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 2(e) of the present Office Action, Claims 10, 26, 42, and 59 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Shea* (U.S. Patent No. 6,042,519). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 2(f) of the present Office Action, Claims 12, 29, 45, 15, 32, and 48 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Bustos* (U.S. Patent No. 5,816,443). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 2(g) of the present Office Action, Claims 49, 50, 51, 52, 53, 55, and 56 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 3, and further in view of *Hood* (U.S. Patent No. 5,213,555). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

Claims 6, 22, and 38 have been amended solely to correct clerical errors. No substantive changes were made.

**Allowable Subject Matter**

In Section 3 of the present Office Action, it is indicated that Claims 2, 18, and 34 are directed to allowable subject matter. Also, in Section 4 of the present Office Action, Applicants note that Claims 2, 18, and 34 have been objected to as being dependent upon a rejected base claim. While Applicants note with appreciation the Examiner's indication that Claims 2, 18, and 34 are directed to allowable subject matter, Applicants have not amended Claims 2, 18, and 34, as Applicants believe that the base claims from which they depend are allowable.

No fee is believed to be required by this amendment; however, in the event any additional fees are required, please charge IBM Corporation's Deposit Account No. 09-0447.

Respectfully submitted,

Craig J. Yudell
*Reg. No. 39,083*
BRACEWELL & PATTERSON, L.L.P.
Suite 350 Lakewood on the Park
7600B North Capital of Texas Highway
Austin, Texas 78731
(512) 343-6116

ATTORNEY FOR APPLICANT(S)

**REDACTED SPECIFICATION**

Please amend the specification as follows:

On page 1, please replace paragraph 1 with the following:

The present application is related to the following co-pending applications, which are filed on even date herewith and incorporated herein by reference:

(1) U.S. Patent Application Serial No. [__/______] 09/561,115 [(Attorney Docket No. AUS990882US1)];

(2) U.S. Patent Application Serial No. [__/______] 09/561,134 [(Attorney Docket No. AUS990882US2)];

(3) U.S. Patent Application Serial No. [__/______] 09/561,422 [(Attorney Docket No. AUS990882US3)]; and

(4) U.S. Patent Application Serial No. [__/______] 09/561,130 [(Attorney Docket No. AUS000024US1)].

Please replace the last paragraph beginning on page 22 and the first paragraph ending on page 23 with the following:

Personal data **56** stored on data storage medium **51** according to a UCID account may include information that is relevant to determining fitness gains in a workout such as weight, height, age, percentage body fat, bone density, metabolism, health problems, prescriptions, diet, and other health related factors. In addition, health data gathered for the user, such as food, liquid and medication intake and environmental exposure may be included. For example, food and liquid intake for a user may be monitored at a UCID account as described in U.S. Patent Application Serial No. [__/______] 09/466,051 [(Attorney Docket No. AUS990847US1)] and in U.S. Patent Application Serial No. [__/______] 09/560,386 [(Attorney Docket No. AUS000035US1)], herein incorporated by reference. In another example, medication intake for a user may be monitored at a UCID account as described in U.S. Patent Application Serial No.

[___/_______] 09/560,318 [(Attorney Docket No. AUS000051US1)], herein incorporated by reference. Moreover, environmental exposure of a user may be monitored at a UCID account as described in U.S. Patent Application Serial No. [___/_______] 09/560,161 [(Attorney Docket No. AUS000027US1)], herein incorporated by reference.

## REDACTED CLAIMS

Please amend the claims as follows:

1. (Unchanged) A method for monitoring the fitness activity of an exerciser, said method comprising the steps of:

receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

2. (Unchanged) The method for monitoring the fitness activity of an exerciser according to claim 1, said step of receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising the step of:

receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

3. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

4. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

5. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

6. (Amended) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine [manager] <u>monitor</u> for use by said particular user.

7. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

searching a plurality of designated program selections according to said machine type

indicator; and

transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

8. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

transmitting said program selection according to said exercise event.

9. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

10. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

11. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

allowing access to said stored current fitness activity for said particular user by an alternate

user via said universally accessible server system in accordance with said universal identifier.

12. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

13. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim/ 1, said method further comprising the step of:

accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

14. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the steps of:

transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

15. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

16. (Unchanged) The method for monitoring fitness activity from an exercise machine according

to claim 1, said method further comprising the step of:

accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

17. (Unchanged) A system for monitoring the fitness activity of an exerciser, said system comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

18. (Unchanged) The system for monitoring the fitness activity of an exerciser according to claim 17, said means for receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

19. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

20. (Unchanged) The system for monitoring fitness activity from an exercise machine according

to claim 17, said system further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

21. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

22. (Amended) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine [manager] monitor for use by said particular user.

23. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

24. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

25. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

26. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

27. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

28. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

29. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

30. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

31. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

32. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

33. (Unchanged) A program for monitoring the fitness activity of an exerciser, said program comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

34. (Unchanged) The program for monitoring the fitness activity of an exerciser according to claim 33, said program further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

35. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

36. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

37. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

38. (Amended) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine [manager] monitor for use by said particular user.

39. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

40. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with

said universal identifier; and

means for transmitting said program selection according to said exercise event.

41. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

42. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

43. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim33, said program further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

44. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

45. (Unchanged) The program for monitoring fitness activity from an exercise machine

according to claim 33, said program further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

46. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

47. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

48. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

49. (Unchanged) A method for competing against a plurality of exercisers, said method comprising the steps of:

receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular transmittable data format at an exercise machine monitor for monitoring exercise

performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with said first exerciser; and

displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

50. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

accessing current fitness activity data for a plurality of exercisers at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with a group comprising said plurality of exercisers.

51. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

52. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said step of displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising the step of:

displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

53. (Unchanged) A system for competing against a plurality of exercisers, said system comprising:

means for receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular transmittable data format at an exercise machine monitor for monitoring

exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with said first exerciser; and

means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

54. (Unchanged) The system for competing against a plurality of exercisers according to claim 53, said system further comprising:

means for receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

55. (Unchanged) The system for competing against a plurality of exercisers according to claim 53, said means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising:

means for displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

56. (Unchanged) A universally accessible database of server systems comprising:

a plurality of universally accessible server systems each with access respectively to one of a plurality of data storage mediums, wherein a particular data storage medium comprises current fitness activity stored for a particular user according to a particular universal identifier; and

a communication interface between said plurality of universally accessible server systems and a controller for an exercise machine from among a plurality of exercise machines for receiving current fitness activity of said particular user on said exercise machine at said particular data storage medium.

57. (Unchanged) The universally accessible database of server systems according to claim 56, said system further comprising:

an account server system comprising a lookup database of a plurality of universal identifiers, wherein said plurality of universally accessible server systems are accessible as each respectively associated with said plurality of universal identifiers.

58. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises an electronic schedule for a particular user comprising a plurality of scheduled exercise events utilizing a plurality of exercise machines.

59. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a plurality of control programs each respectively designated for controlling one of a plurality of exercise machines when accessed via said interface at one of said plurality of exercise machines.

60. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a user profile for said particular user that when accessed via said interface at said controller for said exercise machine initializes said controller.

Doc ID 88257

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D C 20231
www uspto gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 09/561,426 | 04/28/2000 | Michael Wayne Brown | AUS000025US1 | 4996 |

7590 05/31/2002

Andrew J Dillon
Felsman Bradley Vaden Gunter & Dillon LLP
Lakewood on the Park Suite 350
7600B North Capital of Texas Highway
Austin, TX 78731

| EXAMINER | |
| --- | --- |
| LAU, TUNG S | |
| **ART UNIT** | **PAPER NUMBER** |
| 2863 | |

DATE MAILED: 05/31/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

| ***Office Action Summary*** | **Application No.** 09/561,426 | **Applicant(s)** BROWN ET AL. |
|---|---|---|
| | **Examiner** Tung S Lau | **Art Unit** 2863 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on 10 May 2002.

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) 1-60 is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) 1-60 is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: .

## DETAILED ACTION

***Claim Rejections - 35 USC § 103***

1. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

a. Claims 1, 3, 4, 6, 9, 11, 13, 17, 19, 20, 22, 25, 28, 30, 33, 35, 38, 41, 44, 46, 49, 50, 51, 53, 54, 56, 57, 59, 60 are rejected under 35 U.S.C. 103 (a) as being unpatentable over Greenberg (US patent 5,785,632) in view of Shaw (US Patent 4,817,940) and Donohoo (US Patent 4,891,785)

Greenberg discloses a method, system, program

- Claims 1, 17 and 33: Receiving at least one type of exercise indicator signal associated with exercise performed by a particular s user from a particular exercise machine in a particular transmittable data format at a universally accessible server system (fig 1, block 130).
- Claims 3, 4, 19, 20, 35, 36, 9, 25, 41, 11, 28, 44, 13, 30, 46, 49, 50, 51, 53, 54, 56, 57, 59, 60: Universally accessible server system for monitoring fitness activity from an exercise machine

Claims 6, 22, 38: Transmitting personal data and a program selection for said particular user from said universally accessible server system (fig 1, block 158)

Greenberg does not discloses:

Claims 1, 17 and 33: A universal identifier associated with said particular user; and storing said at least one type of exercise indicator signal as current fitness activity for said particular a. user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness inactivity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

Claims 3,19, 35: Computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said system in accordance with said universal identifier. Claims 4, 20, 36: computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

Claims 6, 22, 38, 49, 50, 51, 53, 56, 57 : A universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine manager for use by said particular user.

Claims 9, 25, 41, 54: The output from said particular exercise machine monitor is controlled according to said graphical output application

Claims 11, 28, 44: allowing access to said stored current fitness activity for said particular user by an alternate user via said a system in accordance with said universal identifier.

Claims 13, 30, 46: Identifier associated with said alternate user at said a particular exercise machine in use by said particular user.

Claim 60: particular data storage medium further comprises a user profile

Shaw discloses:

Claims 1, 17 and 33: storing said at least one type of exercise indicator signal as current fitness activity for said particular a. user at said universally accessible server system in accordance with data the real-time fitness inactivity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine ( Shaw col. 2-3 lines 60-2) .

Claims 3,19,35: Computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said system in accordance with specific data. (fig. 1 block 30 and 100)

Claims 4, 20, 36: computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and

stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines (col. 1-2 lines 61-6).

Claims 6, 22, 38, 49, 50, 51, 53, 56, 57 : A specific data to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine manager for use by said particular user (Shaw col.6-7, lines 57-9)

Claims 9, 25, 41, 54: The output from said particular exercise machine monitor is controlled according to said graphical output application (col. 18, lines 13-17)

Claims 11, 28, 44: allowing access to said stored current fitness activity for said particular user by an alternate user via said a system in accordance with specific data (fig 1, block 24).

Claims 13, 30, 46: Identifier associated with said alternate user at said a particular exercise machine in use by said particular user (col.6-77, lines 56-9).

Claim 60: particular data storage medium further comprises a user profile (col. 67, lines 56-9)

Donohoo discloses:

Claims 1, 17 and 33: An universal identifier associated with said particular user (col. 10, lines 45-65), a method of transferring data between systems (col. 1,lines 5-15)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use Greenberg's fitness machine with an universal identifier, to computing a current fitness activity associated with particular user, to monitors the real-time fitness inactivity and to able to access various types of exercise machines as suggested by Shaw (col. 1, lines 61-65) and Donohoo (col. 1, lines 5-15).

**b**. Claims 5, 21, 37, 60 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above or rejection claim a, and further in view of Shea (6,042,519) and Lundin ((US 5,435,799).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

Transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

Shea discloses: Transmitting a control signal of a particular exercise machine (col. 2, lines 21-30).

Lundin discloses: common transmittable data format for temporarily controlling said particular exercise machine (col.4-5, lines 66-6) while in use by said particular user.

It would have been obvious to one of ordinary skill in the art at the time the invention was made to transmit a control signal with a common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user in combination with Greenberg and Shaw exercise system to have flexibility on the exercise system as suggested by Lundin (col.1, lines 59-68)

c. Claims 7, 23, 39, 16, 27, 43 are rejected under 35 U.S.C. 103(e) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above, and further in view of Shea (US 6,042,519) and Andrus (US 5,888,172).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

- Receiving a machine type indicator from said particular exercise machine; searching a plurality of designated program selections according to said machine type indicator; and transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

Andrus discloses:

- Receiving a machine type indicator from said particular exercise machine (col. 3, lines 24-34) Shea discloses:

. Transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received. (Shea col. 2 lines 21-30)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to receive the machine type and to transmit a particular program selection from among said plurality of designated program selections to enhance the flexibility and powerful interface of an exercise machine teach by Shaw and Greenberg as suggested by Andrus (see Andrus col. 2, lines 25-30)

**d.** Claims 8, 24, 40, 14, 31, 47, 58 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above or claim rejection a, and further in view of Brown (US 5,387,164)

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

- Detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said exercise event.

Brown discloses:

- Detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule ( col. 3, lines 59-67) at said exercise event.

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use an exercise machine in Shaw and Greenberg teaching with an electronic scheduler to establish a user profile and activity

pattern with long term exercise accounting, interaction and recommended enhancement (see Brown.col. 2, lines 20-25)

e. Claims 10, 26, 42, 59 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 or rejection claim a above, and further in view of Shea (6,042,519).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

• Output from said particular exercise machine monitor is controlled according to said graphical output application.

Shea discloses:

• Output from said particular exercise machine monitor is controlled (col. 2, lines 20- 30, lines 45-50) according to said graphical output application (fig. 7).

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use Shaw and Greenberg system with an output from an exercise machine teach by Shaw and Greenberg to monitor and control according to a graphical output application to achieve exercise goals and avoid injury (see Shea col. 2, lines 50-55)

f. Claims 12, 29, 45, 15, 32, 48 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above, and further in view of Bustos (5,816,443).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

Receiving payment/debit account for any access to said current fitness activity.

Bustos discloses:

- Receiving payment/debit account, for any access to said current fitness activity (Bustos col. 14, lines 5-21)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to receive payment in the Shaw and Greenberg system for the convenience of the user and to charge their account. (see Bustos col. 5, 2026, col. 6, lines 20-22)

g. Claims 49, 50, 51, 52, 53, 55, 56 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to rejection claim a above, and further in view of Hood (5,213,-555).

Greenberg and Shaw combination disclose a method and system including the subject matter discuss above except:

- Displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

Hood discloses:

- Displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers. (Hood col. 1, lines 30-61)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to displaying a graphical comparison in a competing format of current users on a fitness machines in Shaw and Greenberg system to encourage the racers to exert their best efforts and the competitive nature of the racer helps maintain interest and permits social interaction: (see Hood col. 1, 3040)

h. Claims 2, 18 and 34 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg as applied to rejection claim a above, and further in view of Agranat et al. (5,973,696).

Greenberg combination disclose a method and system including the subject matter discuss above except:

The use of mark-up language in the system, Agranant disclose such application (col. 9, lines 3-21), to have a dynamic element in the system to update it data (col. 8, lines 31-44)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to modify Greenberg to use mark-up language taught by Agranat in order to have a dynamic element is the system to update it data.

***Response to Arguments***

2. Applicant's arguments with respect to claims 1-60 have been considered but are moot in view of the new ground(s) of rejection. However, applicant's arguments filed 05/10/2002 have been fully considered but they are not persuasive.

The applicant argue the importance of using the universal identifier in the system, while it merely a form of identify certain type of data within a data structure, Shaw did suggested the type of data that belong to a particular user (col. 3-4, lines 67-14), however, the examiner did include a prior art that teaches that very concept of using universal identifier in a system to specify a particular data (Donohoo U.S. Patent 4,891,785). The system in Shaw did have the tool and apparatus to send and receive information in real-time manner (fig. 1), It would have been obvious to one of ordinary skill in the art at the time the invention was made to modify Shaw to have the information process in real time in order to update data quickly for the user to view it own effort on the exercise machine.

The examiner withdraw the allowable subject matter as new art has been found to teach the idea of using mark-up language in order to have a dynamic system to update it data Agranat et al (U.S. Patent 5,973,696).

3. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Tung S Lau whose telephone number is 703-305-3309. The examiner can normally be reached on M-F 9-5:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, John S Hilten can be reached on 703-308-0719. The fax phone numbers for the organization where this application or proceeding is assigned are 703-308-5841 for regular communications and 703-308-5841 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-308-0956.

TL TL May 28, 2002

JOHN S. HILTEN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2800

| *Notice of References Cited* | Application/Control No. 09/561,426 | Applicant(s)/Patent Under Reexamination BROWN ET AL. | |
|---|---|---|---|
| | Examiner Tung S Lau | Art Unit 2863 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-4,817,940 | 04-1989 | Shaw et al. | 272/93 |
| | B | US-5,785,632 | 07-1998 | Greenberg et al. | 482/5 |
| | C | US-6,042,519 | 03-2000 | Shea | 482/57 |
| | D | US-5,213,555 | 05-1993 | Hood et al. | 482/57 |
| | E | US-5,816,443 | 10-1998 | Bustos | 221/211 |
| | F | US-5,435,799 | 07-1995 | Lundin | 482/8 |
| | G | US-5,888,172 | 03-1999 | Andrus et al. | 482/7 |
| | H | US-5,387,164 | 02-1995 | Brown, Jr | 482/9 |
| | I | US-4,891,785 | 01-1990 | Donohoo | 364/900 |
| | J | US-5,973,696 | 10-1999 | Agranat et al. | 345/357 |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

SEP 03 2002 5:27 PM FR BP AUSTIN TX 512 472 9123 TO ##06520#17033085 P.01

BRACEWELL & PATTERSON L.L.P.
ATTORNEYS AT LAW

5

111 Congress Avenue, Suite 2300
Austin, Texas 78701-4043
Phone: 512.472.7800
Toll Free: 800.472.1401

## Fax Cover Letter

Please deliver the following pages to Examiner Tung S. Lau
Fax Number: 703.308.5841

This fax is from Craig J. Yudell
and is being transmitted on 9/3/02 at 5:07 PM. The length of this fax, (including the cover letter), is 40 pages.

The fax machine number is 512.472.9123. If you do not receive all pages, please call 512.472.7800.

**Message**

Please see attached Amendment B.

FAX COPY RECEIVED
SEP 3 - 2002
TECHNOLOGY CENTER 2800

**Confidentiality Notice**

This fax from the law firm of Bracewell & Patterson, L.L.P. contains information that is confidential or privileged, or both. This information is intended only for the use of the individual or entity named on this fax cover letter. Any disclosure, copying, distribution or use of this information by any person other than the intended recipient is prohibited. If you have received this fax in error, please notify us by telephone immediately at 512.472.7800 so that we can arrange for the retrieval of the transmitted documents at no cost to you.

**IN THE UNITED STATES PATENT AND TRADEMARK** 6/B T.Steptoe 8-5-02

| | | |
|---|---|---|
| In re Application of: **Michael Wayne Brown** | § | Attorney Docket No. **AUS920000025US1** |
| No.: **09/561,426** | § | Examiner: **Tung S. Lau** |
| Filed: **28 APRIL 2000** | § | |
| For: **Monitoring Fitness Activity Across Diverse Exercise Machines Utilizing a Universally Accessible Server System** | § | Art Unit: **2863** |

**AMENDMENT B UNDER 37 CFR § 1.111**

FAX COPY RECEIVED
SEP 3 - 2002
TECHNOLOGY CENTER 2800

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This response is submitted in reply to the Office Action dated May 31, 2002, having a shortened statutory period set to expire August 31, 2002.

**CERTIFICATE OF FACSIMILE TRANSMISSION**
**37 CFR § 1.8**

I hereby certify that this correspondence is being facsimile transmitted to the United States Patent and Trademark Office, Attn: Tung S. Lau, Art Unit 2863, at 703.308.5841, on ~~August~~ Sept. 3, 2002.

Mary Ann Healey
Mary Ann Healey

## IN THE CLAIMS

B1 Sub C1

1. (Amended) A method for monitoring the fitness activity of an exerciser, said method comprising the steps of:

receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

2. (Unchanged) The method for monitoring the fitness activity of an exerciser according to claim 1, said step of receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising the step of:

receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

3. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

Sub C1 B1

4. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

5. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

6. (Amended) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

7. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

searching a plurality of designated program selections according to said machine type indicator; and

transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said

particular exercise machine is received.

8. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

transmitting said program selection according to said exercise event.

Sub a

B1

9. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

10. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

11. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

12. (Unchanged) The method for monitoring fitness activity from an exercise machine

according to claim 1, said method further comprising the step of:

receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

13. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

Sub C1

B1

14. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the steps of:

transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

15. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

16. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

B1

17. (Amended) A system for monitoring the fitness activity of an exerciser, said system comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

Sub C

18. (Unchanged) The system for monitoring the fitness activity of an exerciser according to claim 17, said means for receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

19. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

20. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

B1 Sub C1

21. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

22. (Amended) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

23. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

24. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

B1 Sub C1

25. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

26. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

27. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

28. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for allowing access to said stored current fitness activity for said particular user by

an alternate user via said universally accessible server system in accordance with said universal identifier.

B1 Sub C1

29. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

30. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

31. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

32. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

33. (Amended) A program for monitoring the fitness activity of an exerciser, said program comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

34. (Unchanged) The program for monitoring the fitness activity of an exerciser according to claim 33, said program further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

35. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

36. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result

of exercise at any of said plurality of diverse exercise machines.

B'

Sub C'

37. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

38. (Amended) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

39. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

40. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for detecting an exercise event for said particular user for said particular exercise

machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

B1

41. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

Sub C1

42. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

43. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim33, said program further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

44. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

B1 Sub C1

45. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

46. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

47. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

48. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

49. (Amended) A method for competing against a plurality of exercisers, said method comprising the steps of:

receiving current fitness activity for a first exerciser exercising on a first exercise machine

31 Sub C1

in a particular transmittable data format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system, wherein said current fitness activity for a first exerciser is identified by a universal identifier associated with said first exerciser; and

displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

50. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

accessing current fitness activity data for a plurality of exercisers at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with a group comprising said plurality of exercisers.

51. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

52. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said step of displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising the step of:

displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

B1 Sub C1

53. (Amended) A system for competing against a plurality of exercisers, said system comprising:

means for receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular transmittable data format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system, wherein said current fitness activity for a first exerciser is identified by a universal identifier associated with said first exerciser; and

means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

54. (Unchanged) The system for competing against a plurality of exercisers according to claim 53, said system further comprising:

means for receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

55. (Amended) The system for competing against a plurality of exercisers according to claim 53, said means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising:

means for displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

56. (Unchanged) A universally accessible database of server systems comprising:

a plurality of universally accessible server systems each with access respectively to one of a plurality of data storage mediums, wherein a particular data storage medium comprises current fitness activity stored for a particular user according to a particular universal identifier; and

a communication interface between said plurality of universally accessible server systems and a controller for an exercise machine from among a plurality of exercise machines for receiving current fitness activity of said particular user on said exercise machine at said particular data storage medium.

B1 Sub C1

57. (Unchanged) The universally accessible database of server systems according to claim 56, said system further comprising:

an account server system comprising a lookup database of a plurality of universal identifiers, wherein said plurality of universally accessible server systems are accessible as each respectively associated with said plurality of universal identifiers.

58. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises an electronic schedule for a particular user comprising a plurality of scheduled exercise events utilizing a plurality of exercise machines.

59. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a plurality of control programs each respectively designated for controlling one of a plurality of exercise machines when accessed via said interface at one of said plurality of exercise machines.

60. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a user profile for said particular user that when accessed via said interface at said controller for said exercise machine initializes said controller.

**REMARKS**

This response is submitted in reply to the Office Action dated May 31, 2002, having a shortened statutory period set to expire August 31, 2002. Claims 1-60 are pending.

**Claim Rejections Under 35 U.S.C. § 103**

In Section 1.a. of the present Office Action, claims 1, 3, 4, 6, 9, 11, 13, 17, 19, 20, 22, 25, 28, 30, 33, 35, 38, 41, 44, 46, 49, 50, 51, 53, 54, 56, 57, 59, and 60 have been rejected under 35 U.S.C. 103(a) as being unpatentable over *Greenberg* (U.S. Patent No. 5, 785,632) in view of *Shaw* (U.S. Patent No. 4,817,940). Those rejections are respectfully traversed and reconsideration of the claims is requested in view of Applicants' comments below.

Consistent with Applicants' remarks in Amendment A filed on April 23, 2002, Applicants reiterate their position that the prior art does not show or suggest the present invention as claimed in Claims 1-60. Specifically with respect to Claim 1, the prior art does not show or suggest a "universal identifier associated with said particular user" as recited in Claim 1, and therefore cannot achieve the benefits and advantages that the method and system of the present invention provides.

As explained in the specification on page 14, lines 1-5, a user selects exercise programs that control a controller, or control program, according to a universal communications identifier (UCID). As explained on page 17, line 25, page 18, line 9, multiple UCID accounts are stored in a database within a server. A single server or multiple server systems provide universal access to the listing of UCID accounts and their associated data. As stated on page 18, lines 18-31, the UCID account can remotely dictate the execution of applications and functions, and may be transmitted to machine monitors, and each UCID account data may be accessible to a machine monitor. As stated on page 19, lines 1-5, a UCID account includes an alphanumeric identifier associated with a particular server address that may be owned by a individual or a group of individuals. As stated on page 19, lines 13-15, a single UCID account may utilize multiple alphanumeric identifiers for accessing multiple levels of an account. Also, as stated on page 20, lines 4-6, multiple types of data may be associated with each UCID account accessible via an account lookup server system. Applicants respectfully submit

as can be seen from the above description of the UCID (i.e. "universal identifier associated with said particular user"), the use of a universal identifier that is associated with a particular user allows the system to provide a significant number of features, functions, and advantages for a user in a fitness environment that are not recognized by any of the references cited in the present Office Action.

With respect to Claim 1, therein is recited the step of "*storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier associated with said particular user....*" On page 11 of the present Office Action, it is stated that *Shaw* suggests the storage of an exercise indicator signal in accordance with a universal identifier at column 3-4, lines 67-14. Applicants respectfully point out that *Shaw* teaches using a personal memory module to store present and past exercise activities. Because the personal data is stored on a personal memory module, there is no teaching or suggestion within *Shaw* that any type of universal identifier associated with said particular user is required with respect to a particular user. The individual user is identified by its possession of the personal memory module and not by any particular universal identifier associated with said particular user contained within the memory. At columns 3-4, lines 67-14, *Shaw* teaches that a workout record is gathered by the exercise monitoring unit during a user's workout. The workout record is then stored in the user's exercise monitoring personal module. Again, the workout record is the information gathered by the exercise machine, which is not a universal identifier associated with said particular user. As explained at column 7, lines 25-44, the personal module includes data of best effort or past performance, the user's weight settings, seat settings for a particular exercise machine, dates of his workouts, weight used, repetitions completed and average accuracy of the repetitions, particular exercising routine, etc. There is nothing in the teachings of *Shaw* that suggests the usage of a UCID as is taught in the present application. Consequently, Applicants respectfully submit that *Shaw* does not show or suggest the step of "*storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier associated with said particular user....*"

As explained on pages 1 and 11 of the present Office Action, Claim 1 is rejected as being

unpatentable over *Greenberg* in view of *Shaw* and *Donohoo*. It is stated on page 4 of the present Office Action that *Donohoo* discloses a universal identifier associated with said particular user at column 10, lines 45-65. The cited section of *Donohoo* is a method claim element. The method is of organizing a plurality of computer processors linked together in a computer network for associative data file transfers therebetween. The cited claim element is:

> "*assigning a unique universal identifier to selected ones of said instructions in each computer processor's respective unique instruction sets, said universal identifiers each designating the need for a data file transfer between a hub processor and rim processor, and selectively incorporating said universal identifiers into application program instructions executed by said rim processors.*"

As can be seen, *Donohoo* is teaching the use of a universal identifier to identify specific instructions within an instruction set.

A proper reading of *Donohoo's* teaching must go beyond the literal words "universal identifier" and investigate the use of those words within the reference in order to discern its teaching. *Donohoo* teaches the use of a universal identifier to identify instructions. As is recited in Claim 1, a universal identifier is used to "identify said current fitness activity for said particular user." While *Donohoo* teaches the use of a universal identifier to identify instructions, nothing in the teaching of *Donohoo* suggests the use of a universal identifier to identify current fitness activity of an exerciser. When used in combination with the *Greenberg* and *Shaw* inventions, *Donohoo* still does not suggest the use of an identifier in the manner taught in the present application. *Greenberg* and *Shaw* actually teach away from the use of a universal identifier to identify current fitness activity for a particular user. *Shaw* teaches the use of a personal module 24, and therefore does not require an identifier because possession of the module identifies the user. *Greenberg* teaches a system that identifies data stored in the servers by the particular exercise station 100 connect via LAN 128. (See column 6, line 9-column 7, line 32.)

Applicants respectfully submit that assigning an identifier to an instruction in a processor

system does not show or suggest the utilization of a universal identifier associated with a particular fitness user to identify the "current fitness activity for said particular user at said universally accessible server system." (See Claim 1.) As has been explained above, the use of the universal identifier associated with said particular user allows the exercise system to control, manipulate, and display specific exercise and fitness related data, which is specific and customized for a particular user. Without such a unique identifier being used in conjunction with an individual's exercise and fitness data, many of the advantages of the present invention cannot be attained in the prior art.

The use of an identifier to identify specific computing instructions has no relation to the use of a universal identifier associated with a particular user used to identify fitness data in the control, utilization and manipulation of data, exercise machines and exercise schedules for a particular exercise user. Consequently, Applicants respectfully submit that Claim 1 is not shown or suggested by the combination of *Greenberg* in view of *Shaw* and *Donohoo*.

Further, the storing step of Claim 1 recites "*such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of a particular user from said at least one type of exercise indicator signal received from at least one exercise machine.*" However, as explained above, *Shaw* teaches that the real-time fitness activity of the particular user is stored on the memory module. However, as recited above, Claim 1 requires that a server system monitor the "real-time fitness activity" of a user. The Office Action cites *Shaw* at columns 2-3, lines 60-2. However, this section describes that the exercise monitoring analyzer 300 evaluates the user's exercise activity, where it states "*upon completing a set of exercise routines on several different exercise machines, the user then carries his personal module 24 to the exercise monitoring analyzer unit 300 for analysis*" (see column 7, lines 55-58). Waiting until the exerciser finishes the exercises and walks over to another machine to plug the smartcard into the analyzer can not be considered monitoring "*real-time fitness activity*". Consequently, Applicants respectfully submit that *Shaw* does not show or suggest a server system that monitors the "*real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.*"

In summary, Applicants respectfully submit that Claim 1 is not shown or suggested by the combination of *Greenberg*, *Shaw* and *Donohoo*, and particularly that a "universal identifier associated with said particular user" to identify "current fitness activity" as opposed to an identifier of a processor instruction, is nowhere shown or suggested by the references. Neither *Greenberg*, *Shaw*, nor *Donohoo* suggest "*storing*" a current fitness activity for a particular user at a "*universally accessible server system in accordance with said universal identifier.*" Further, neither *Greenberg*, *Shaw*, nor *Donohoo* shows or suggests a method whereby such storing of current fitness activity allows a server system to monitor the "*real-time fitness activity*" of a particular user from the stored "*exercise indicator signal received from at least one exercise machine.*" Because Applicants believe that the above recited steps of Claim 1 are not shown or suggested by either *Greenberg* or *Shaw*, or any combination thereof, Applicants respectfully request reconsideration of the rejection of Claim 1 as being unpatentable over *Greenberg* in view of *Shaw*.

For the reasons given above with respect to Claim 1, Applicants submit that Claims 3, 4, 6, 9, 11, 13, 17, 19, 20, 22, 25, 28, 30, 33, 35, 38, 41, 44, 46, 49, 50, 51, 53, 54, 56, 57, 59, and 60 are also not shown or suggested by *Greenberg*, *Shaw* or *Donohoo*, or any combination thereof, and that the rejection of those claims as being unpatentable over *Greenberg* in view of *Shaw* should also be reconsidered. Still further, with respect to Claims 3, 19, and 35, *Shaw* does not disclose "computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier." The present office action indicates that this element is shown in Shaw at Figure 1, block 30 and 100. However, block 30 is an exercise machine and block 100 is the exercise monitoring main unit. While the reference describes that the main unit 100 is used to compute fitness activity, nothing in the reference suggests that such fitness activity is computed according to both an exercise signal and the profile of the exercise machine user.

In Section 1.b. of the present Office Action, Claims 5, 21, 37, and 60 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Shea* (U.S. Patent No. 6,042,519) and *Lundin* (U.S. Patent No. 5,435,799). That rejection is respectfully traversed and reconsideration of the

claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 1.c. of the present Office Action, Claims 7, 23, 39, 16, 27, and 43 have been rejected under 35 U.S.C. § 103(e) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Shea* (U.S. Patent No. 6,042,519) and *Andrus* (U.S. Patent No. 5,888,172). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered. In particular with respect to claim 7, it is suggested in the present Office Action that Claim 6 is disclosed by *Shaw* at column 6-7, lines 57-9. However, the cited section makes no mention of transmitting both personal data and a program selection for a particular user. With respect to Claim 7, 23, 39, and 47, the Office Action suggests that a step of "transmitting" is shown by *Shea* at column 2, lines 21-30. However, the cited section of *Shea* merely teaches that an exercise machine may receive exercise programs transmitted over a communication link. Nothing within the teaching of *Shea* suggests that the transmitted exercise program is "designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received."

In Section 1.d. of the present Office Action, Claims 8, 24, 40, 14, 31, 47, and 58 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33 above, and further in view of *Brown* (U.S. Patent No. 5,387,164). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered. In particular with respect to Claim 14, 31, 47, and 58, the present Office Action suggests that *Brown* discloses detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule

at column 3, lines 59-67. However, the cited section of *Brown* is devoid of any mention of reservations. There is no mention of a step of "transmitting a request for reservation," there is no mention of a "universally accessible server system," there is no use of a "universal identifier" and there is absolutely no reference to the step of "adding an exercise event for said reservation to an electronic schedule." The only schedule mentioned is that of "weekly goal," which has nothing to do with exercise event or the reservation thereof.

In Section 1.e. of the present Office Action, Claims 10, 26, 42, and 59 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Shea* (U.S. Patent No. 6,042,519). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered. In particular, accessing a graphical output application is recited, wherein "output from said particular exercise machine monitor is controlled according to said graphical output application." The Office Action indicates that this step of the present invention is taught by *Shea* at column 2, lines 20-30, lines 45-50 according to a graphical output application at Figure 7. However, Figure 7 is showing an exercise profile as implemented by microcomputer 202 (see column 7). It is not showing an output application. As for the cited sections in column 2, these are merely describing the control of the exercise device. Nothing in the cited section is describes controlling a display monitor.

In Section 1.f. of the present Office Action, Claims 12, 29, 45, 15, 32, and 48 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Bustos* (U.S. Patent No. 5,816,443). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 1.g. of the present Office Action, Claims 49, 50, 51, 52, 53, 55, and 56 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 3, and further in view of *Hood* (U.S. Patent No. 5,213,555). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 1.h. of the present Office Action, Claims 2, 18, and 34 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* as applied to rejection claim 1.a. above, and further in view of *Agranat et al.* (U.S. Patent No. 5,973,696. That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

No fee is believed to be required by this amendment; however, in the event any additional fees are required, please charge IBM Corporation's Deposit Account No. 09-0447.

Respectfully submitted,

Craig J. Yudell
*Reg. No. 39,083*
BRACEWELL & PATTERSON, L.L.P.
P.O. Box 969
Austin, Texas 78767-0969
(512) 472-7800

ATTORNEY FOR APPLICANT(S)

**REDACTED CLAIMS**

Please amend the claims as follows:

1. (Amended) A method for monitoring the fitness activity of an exerciser, said method comprising the steps of:

receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system [in accordance with] wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

2. (Unchanged) The method for monitoring the fitness activity of an exerciser according to claim 1, said step of receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising the step of:

receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

3. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

4. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

5. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

6. (Amended) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

7. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

searching a plurality of designated program selections according to said machine type indicator; and

transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine

is received.

8. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

transmitting said program selection according to said exercise event.

9. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

10. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

11. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

12. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

13. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

14. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the steps of:

transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

15. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

16. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

17. (Amended) A system for monitoring the fitness activity of an exerciser, said system comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system [in accordance with] wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

18. (Unchanged) The system for monitoring the fitness activity of an exerciser according to claim 17, said means for receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

19. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

20. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing cumulative fitness activity for said particular user at said universally

accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

21. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

22. (Amended) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

23. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

24. (Unchanged) The system for monitoring fitness activity from an exercise machine according

to claim 22, said system further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

25. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

26. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

27. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

28. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal

identifier.

29. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

30. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

31. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

32. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

33. (Amended) A program for monitoring the fitness activity of an exerciser, said program

comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system [in accordance with] wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

34. (Unchanged) The program for monitoring the fitness activity of an exerciser according to claim 33, said program further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

35. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

36. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

37. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

38. (Amended) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

39. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

40. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

41. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

42. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

43. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim33, said program further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

44. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

45. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

46. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

47. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

48. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

49. (Amended) A method for competing against a plurality of exercisers, said method comprising the steps of:

receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular transmittable data format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity

is received at said exercise machine monitor from a universally accessible server system, wherein said current fitness activity for a first exerciser is identified by [in accordance with] a universal identifier associated with said first exerciser; and

displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

50. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

accessing current fitness activity data for a plurality of exercisers at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with a group comprising said plurality of exercisers.

51. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

52. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said step of displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising the step of:

displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

53. (Amended) A system for competing against a plurality of exercisers, said system comprising:

means for receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular transmittable data format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness

activity is received at said exercise machine monitor from a universally accessible server system, wherein said current fitness activity for a first exerciser is identified by [in accordance with] a universal identifier associated with said first exerciser; and

means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

54. (Unchanged) The system for competing against a plurality of exercisers according to claim 53, said system further comprising:

means for receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

55. (Amended) The system for competing against a plurality of exercisers according to claim 53, said means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising:

means for displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with [a with] said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

56. (Unchanged) A universally accessible database of server systems comprising:

a plurality of universally accessible server systems each with access respectively to one of a plurality of data storage mediums, wherein a particular data storage medium comprises current fitness activity stored for a particular user according to a particular universal identifier; and

a communication interface between said plurality of universally accessible server systems and a controller for an exercise machine from among a plurality of exercise machines for receiving current fitness activity of said particular user on said exercise machine at said particular data storage medium.

57. (Unchanged) The universally accessible database of server systems according to claim 56, said system further comprising:

an account server system comprising a lookup database of a plurality of universal identifiers, wherein said plurality of universally accessible server systems are accessible as each respectively associated with said plurality of universal identifiers.

58. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises an electronic schedule for a particular user comprising a plurality of scheduled exercise events utilizing a plurality of exercise machines.

59. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a plurality of control programs each respectively designated for controlling one of a plurality of exercise machines when accessed via said interface at one of said plurality of exercise machines.

60. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a user profile for said particular user that when accessed via said interface at said controller for said exercise machine initializes said controller.

Doc ID 97203

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D C 20231
www uspto gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/561,426 | 04/28/2000 | Michael Wayne Brown | AUS000025US1 | 4996 |

7590 10/02/2002

Andrew J Dillon
Felsman Bradley Vaden Gunter & Dillon LLP
Lakewood on the Park Suite 350
7600B North Capital of Texas Highway
Austin, TX 78731

| EXAMINER | |
|---|---|
| LAU, TUNG S | |
| **ART UNIT** | **PAPER NUMBER** |
| 2863 | |

DATE MAILED: 10/02/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

| Office Action Summary | Application No. 09/561,426 | Applicant(s) BROWN ET AL. |
|---|---|---|
| | Examiner Tung S Lau | Art Unit 2863 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C § 133)
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b)

**Status**

1)☒ Responsive to communication(s) filed on *03 September 2002*.

2a)☒ This action is **FINAL**. 2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-60* is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-60* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: .

## DETAILED ACTION

### *Claim Rejections - 35 USC § 103*

1. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

a. Claims 1, 3, 4, 6, 9, 11, 13, 17, 19, 20, 22, 25, 28, 30, 33, 35, 38, 41, 44, 46, 49, 50, 51, 53, 54, 56, 57, 59, 60 are rejected under 35 U.S.C. 103 (a) as being unpatentable over Greenberg (US patent 5,785,632) in view of Shaw (US Patent 4,817,940) and Donohoo (US Patent 4,891,785)

Greenberg discloses a method, system, program

- Claims 1, 17 and 33: Receiving at least one type of exercise indicator signal associated with exercise performed by a particular s user from a particular exercise machine in a particular transmittable data format at a universally accessible server system (fig 1, block 130).
- Claims 3, 4, 19, 20, 35, 36, 9, 25, 41, 11, 28, 44, 13, 30, 46, 49, 50, 51, 53, 54, 56, 57, 59, 60: Universally accessible server system for monitoring fitness activity from an exercise machine

Claims 6, 22, 38: Transmitting personal data and a program selection for said particular user from said universally accessible server system (fig 1, block 158)

Greenberg does not discloses:

Claims 1, 17 and 33: A universal identifier associated with said particular user; and storing said at least one type of exercise indicator signal as current fitness activity for said particular a. user at said universally accessible server system in accordance with said universal identifier, such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness inactivity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

Claims 3,19, 35: Computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said system in accordance with said universal identifier. Claims 4, 20, 36: computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

Claims 6, 22, 38, 49, 50, 51, 53, 56, 57 : A universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine manager for use by said particular user.

Claims 9, 25, 41, 54: The output from said particular exercise machine monitor is controlled according to said graphical output application

Claims 11, 28, 44: allowing access to said stored current fitness activity for said particular user by an alternate user via said a system in accordance with said universal identifier.

Claims 13, 30, 46: Identifier associated with said alternate user at said a particular exercise machine in use by said particular user.

Claim 60: particular data storage medium further comprises a user profile

Shaw discloses:

Claims 1, 17 and 33: storing said at least one type of exercise indicator signal as current fitness activity for said particular a. user at said universally accessible server system in accordance with data the real-time fitness inactivity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine ( Shaw col. 2-3 lines 60-2) .

Claims 3,19,35: Computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said system in accordance with specific data. (fig. 1 block 30 and 100)

Claims 4, 20, 36: computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and

stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines (col. 1-2 lines 61-6).

Claims 6, 22, 38, 49, 50, 51, 53, 56, 57 : A specific data to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine manager for use by said particular user (Shaw col.6-7, lines 57-9)

Claims 9, 25, 41, 54: The output from said particular exercise machine monitor is controlled according to said graphical output application (col. 18, lines 13-17)

Claims 11, 28, 44: allowing access to said stored current fitness activity for said particular user by an alternate user via said a system in accordance with specific data (fig 1, block 24).

Claims 13, 30, 46: Identifier associated with said alternate user at said a particular exercise machine in use by said particular user (col.6-77, lines 56-9).

Claim 60: particular data storage medium further comprises a user profile (col. 67, lines 56-9)

Donohoo discloses:

Claims 1, 17 and 33: An universal identifier associated with said particular user (col. 10, lines 45-65), a method of transferring data between systems (col. 1,lines 5-15)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use Greenberg's fitness machine with an universal identifier, to computing a current fitness activity associated with particular user, to monitors the real-time fitness inactivity and to able to access various types of exercise machines as suggested by Shaw (col. 1, lines 61-65) and Donohoo (col. 1, lines 5-15).

b. Claims 5, 21, 37, 60 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above or rejection claim a, and further in view of Shea (6,042,519) and Lundin ((US 5,435,799).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

Transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

Shea discloses: Transmitting a control signal of a particular exercise machine (col. 2, lines 21-30).

Lundin discloses: common transmittable data format for temporarily controlling said particular exercise machine (col.4-5, lines 66-6) while in use by said particular user.

It would have been obvious to one of ordinary skill in the art at the time the invention was made to transmit a control signal with a common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user in combination with Greenberg and Shaw exercise system to have flexibility on the exercise system as suggested by Lundin (col.1, lines 59-68)

c. Claims 7, 23, 39, 16, 27, 43 are rejected under 35 U.S.C. 103(e) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above, and further in view of Shea (US 6,042,519) and Andrus (US 5,888,172).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

• Receiving a machine type indicator from said particular exercise machine; searching a plurality of designated program selections according to said machine type indicator; and transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

Andrus discloses:

• Receiving a machine type indicator from said particular exercise machine (col. 3, lines 24-34) Shea discloses:

. Transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received. (Shea col. 2 lines 21-30)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to receive the machine type and to transmit a particular program selection from among said plurality of designated program selections to enhance the flexibility and powerful interface of an exercise machine teach by Shaw and Greenberg as suggested by Andrus (see Andrus col. 2, lines 25-30)

**d.** Claims 8, 24, 40, 14, 31, 47, 58 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above or claim rejection a, and further in view of Brown (US 5,387,164)

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

- Detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said exercise event.

Brown discloses:

- Detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule ( col. 3, lines 59-67) at said exercise event.

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use an exercise machine in Shaw and Greenberg teaching with an electronic scheduler to establish a user profile and activity

pattern with long term exercise accounting, interaction and recommended enhancement (see Brown.col. 2, lines 20-25)

e. Claims 10, 26, 42, 59 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 or rejection claim a above, and further in view of Shea (6,042,519).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

• Output from said particular exercise machine monitor is controlled according to said graphical output application.

Shea discloses:

• Output from said particular exercise machine monitor is controlled (col. 2, lines 20- 30, lines 45-50) according to said graphical output application (fig. 7).

It would have been obvious to one of ordinary skill in the art at the time the invention was made to use Shaw and Greenberg system with an output from an exercise machine teach by Shaw and Greenberg to monitor and control according to a graphical output application to achieve exercise goals and avoid injury (see Shea col. 2, lines 50-55)

f. Claims 12, 29, 45, 15, 32, 48 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to claims 1, 17 and 33 above, and further in view of Bustos (5,816,443).

Greenberg and Shaw combination disclose a method, system and program including the subject matter discuss above except:

Receiving payment/debit account for any access to said current fitness activity.

Bustos discloses:

- Receiving payment/debit account, for any access to said current fitness activity (Bustos col. 14, lines 5-21)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to receive payment in the Shaw and Greenberg system for the convenience of the user and to charge their account. (see Bustos col. 5, 2026, col. 6, lines 20-22)

g. Claims 49, 50, 51, 52, 53, 55, 56 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg and Shaw as applied to rejection claim a above, and further in view of Hood (5,213,-555).

Greenberg and Shaw combination disclose a method and system including the subject matter discuss above except:

- Displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

Hood discloses:

• Displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers. (Hood col. 1, lines 30-61)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to displaying a graphical comparison in a competing format of current users on a fitness machines in Shaw and Greenberg system to encourage the racers to exert their best efforts and the competitive nature of the racer helps maintain interest and permits social interaction: (see Hood col. 1, 3040)

h. Claims 2, 18 and 34 are rejected under 35 U.S.C. 103(a) as being unpatentable over combination of Greenberg as applied to rejection claim a above, and further in view of Agranat et al. (5,973,696).

Greenberg combination disclose a method and system including the subject matter discuss above except:

The use of mark-up language in the system, Agranant disclose such application (col. 9, lines 3-21), to have a dynamic element in the system to update it data (col. 8, lines 31-44)

It would have been obvious to one of ordinary skill in the art at the time the invention was made to modify Greenberg to use mark-up language taught by Agranat in order to have a dynamic element is the system to update it data.

***Response to Arguments***

2. Applicant's arguments filed 9/3/2002 have been fully considered but they are not persuasive.

a. Applicant argue that Shaw does not suggest or teach 'storing at least one type of exercise indicator signal as current fitness activity for a particular user at universally accessible server system in accordance with universal identifier associated with a particular user'. Applicant argue that 'exercise indicator signal' as lack in the prior art (Shaw 4,817,940). Col. 3-4, lines 66-15, shaw talk about the system gather information by the exercise monitor, it clearly show that system gather information as 'exercise indicator signal', as the information of the user are based on 'exercise indicator signal' of a particular user.

b. Applicant also argue that Shaw does not monitor 'real-time fitness activity'. Shaw (col. 3-4, lines 65-15), clearly show that a history of workout is stored **during user's workout**, and it is store on a personal module.

c. Applicant also argue that none of the prior art teaches the use of identifier to identifier current activity of a particular user. Donohoo talk about the special application program instruction to cause a requested a special data need to be transfer (abstract) in the computer system. It is safe to said that the program identifier any special data need to be transfer, therefore Donohoo would have suggested that 'use of identifier to identifier current activity of a particular user'.

## *Conclusion*

**THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

3. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Tung S Lau whose telephone number is 703-305-3309. The examiner can normally be reached on M-F 9-5:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, John S Hilten can be reached on 703-308-0719. The fax phone numbers for the organization where this application or proceeding is assigned are 703-308-5841 for regular communications and 703-308-5841 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-308-0956.

TL October 1, 2002

JOHN S. HILTEN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2800

FEB. 10. 2003 3:42PM BRACEWELL PATTERSON AUSTIN NO. 1508 P. 1

BRACEWELL & PATTERSON L.L.P.
ATTORNEYS AT LAW

111 Congress Avenue, Suite 2300
Austin, Texas 78701-4043
Phone: 512.472.7800
Toll Free: 800.472.1401

**Fax Cover Letter**

FAX RECEIVED
FEB 1 0 2003
TECHNOLOGY CENTER 2800

Please deliver the following pages to Examiner Tung S. Lau
Fax Number: 703.872-9319

This fax is from Craig Yudell
and is being transmitted on 2/10/03 at 3:41 PM. The length of this fax, (including the cover letter), is 41 pages.

The fax machine number is 512.472.9123. If you do not receive all pages, please call 512.472.7800.

**Message**

Re: U.S.Application No. 09/561,426

Attorney Docket No.: AUS000025US1

Title: Monitoring Fitness Activity Across Diverse Exercise Machines Utilizing a Universally Accessible Server System

In response to the Final Office Action mailed on November 8, 2002, attached is:

-- Amendment C Under 37 C.F.R. 1.111

WE TRIED FAXING THIS TO THE FAX NUMBER IN THE OFFICE ACTION (703-308.5841), BUT WE DISCOVERED THAT THIS NUMBER IS NOT DEDICATED TO RECEIVING FAXES BUT RATHER IS NOW ASSIGNED TO AN EXAMINER TO RECEIVE TELEPHONE CALLS.

**Confidentiality Notice**

This fax from the law firm of Bracewell & Patterson, L.L.P. contains information that is confidential or privileged, or both. This information is intended only for the use of the individual or entity named on this fax cover letter. Any disclosure, copying, distribution or use of this information by any person other than the intended recipient is prohibited. If you have received this fax in error, please notify us by telephone immediately at 512.472.7800 so that we can arrange for the retrieval of the transmitted documents at no cost to you.

#10/Cuo Bryan 3/14/03

Pls enter the amd. thanks

T.S 2-27

Tung 2/24/03

IN THE UNITED STATES PATENT AND TRADEMARK

| | | |
|---|---|---|
| In re Application of: **Michael Wayne Brown** | § | Attorney Docket No. **AUS000025US1** |
| No.: **09/561,426** | § | Examiner: **Tung S. Lau** |
| Filed: **April 28, 2000** | § | |
| For: **Monitoring Fitness Activity Across Diverse Exercise Machines Utilizing a Universally Accessible Server System** | § | Art Unit: **2863** |

**AMENDMENT C TO FINAL OFFICE ACTION UNDER 37 CFR § 1.111**

FAX RECEIVED
FEB 1 0 2003
TECHNOLOGY CENTER 2800

Commissioner for Patents
Washington, D.C. 20231

Sir:

This amendment is submitted in response to the Final Office Action dated November 8, 2002, having a shortened statutory period set to expire February 8, 2003.

Please amend the above-identified application as indicated below.

**CERTIFICATE OF FACSIMILE TRANSMISSION**
**37 CFR § 1.8**

I hereby certify that this correspondence is being facsimile transmitted to the United States Patent and Trademark Office, Attn: Tung S. Lau, Art Unit 2863, at 703.308.5841, on Feb. 10, 2003.

Mary Ann Healey
Mary Ann Healey

**IN THE CLAIMS**

Please amend the claims as follows:

1. (Currently Amended) A method for monitoring the fitness activity of an exerciser, said method comprising the steps of:

receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine in a particular mark-up language format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

2. (Unchanged) The method for monitoring the fitness activity of an exerciser according to claim 1, said step of receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising the step of:

receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

3. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

4. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

5. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

6. (Previously Amended) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

7. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

searching a plurality of designated program selections according to said machine type indicator; and

transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

particular exercise machine is received.

8. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

transmitting said program selection according to said exercise event.

C1

9. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

10. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

11. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

12. (Unchanged) The method for monitoring fitness activity from an exercise machine





C4

according to claim 1, said method further comprising the step of:

receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

13. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

14. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the steps of:

transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

15. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

16. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

17. (Currently Amended) A system for monitoring the fitness activity of an exerciser, said system comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular mark-up language format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

18. (Unchanged) The system for monitoring the fitness activity of an exerciser according to claim 17, said means for receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

19. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

20. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

21. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

22. (Previously Amended) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

23. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

24. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

25. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

26. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

27. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

28. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for allowing access to said stored current fitness activity for said particular user by



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

an alternate user via said universally accessible server system in accordance with said universal identifier.

29. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

30. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

31. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

32. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

33. (Currently Amended) A program for monitoring the fitness activity of an exerciser, said program comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular mark-up language format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

34. (Unchanged) The program for monitoring the fitness activity of an exerciser according to claim 33, said program further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

35. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

36. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

of exercise at any of said plurality of diverse exercise machines.

37. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

38. (Previously Amended) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

39. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

40. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for detecting an exercise event for said particular user for said particular exercise



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

41. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

42. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

43. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim33, said program further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

44. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

45. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

46. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

47. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

48. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

49. (Currently Amended) A method for competing against a plurality of exercisers, said method comprising the steps of:

receiving current fitness activity for a first exerciser exercising on a first exercise machine



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

in a particular mark-up language format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system, wherein said current fitness activity for a first exerciser is identified by a universal identifier associated with said first exerciser; and

displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

50. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

accessing current fitness activity data for a plurality of exercisers at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with a group comprising said plurality of exercisers.

51. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

52. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said step of displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising the step of:

displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

53. (Currently Amended) A system for competing against a plurality of exercisers, said system comprising:

means for receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular mark-up language format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system, wherein said current fitness activity for a first exerciser is identified by a universal identifier associated with said first exerciser; and

means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

54. (Unchanged) The system for competing against a plurality of exercisers according to claim 53, said system further comprising:

means for receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

55. (Previously Amended) The system for competing against a plurality of exercisers according to claim 53, said means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising:

means for displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

56. (Unchanged) A universally accessible database of server systems comprising:

a plurality of universally accessible server systems each with access respectively to one of a plurality of data storage mediums, wherein a particular data storage medium comprises current



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

fitness activity stored for a particular user according to a particular universal identifier; and

a communication interface between said plurality of universally accessible server systems and a controller for an exercise machine from among a plurality of exercise machines for receiving current fitness activity of said particular user on said exercise machine at said particular data storage medium.

57. (Unchanged) The universally accessible database of server systems according to claim 56, said system further comprising:

an account server system comprising a lookup database of a plurality of universal identifiers, wherein said plurality of universally accessible server systems are accessible as each respectively associated with said plurality of universal identifiers.

C1 End

58. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises an electronic schedule for a particular user comprising a plurality of scheduled exercise events utilizing a plurality of exercise machines.

59. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a plurality of control programs each respectively designated for controlling one of a plurality of exercise machines when accessed via said interface at one of said plurality of exercise machines.

60. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a user profile for said particular user that when accessed via said interface at said controller for said exercise machine initializes said controller.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

56

## REMARKS

This response is submitted in reply to the Final Office Action dated November 8, 2002, having a shortened statutory period set to expire February 8, 2003. Claims 1-60 are pending. Claims 1, 17, 33, 49, and 53 have been amended. Consistent with Applicants' remarks in Amendment A filed on April 23, 2002 and Amendment B filed on September 3, 2002, Applicants reiterate their position that the prior art does not show or suggest the present invention as claimed in Claims 1-60.

### Summary of a Preferred Embodiment

As explained in the specification on page 14, lines 1-5, a user selects exercise programs that control a controller, or control program, according to a universal communications identifier (UCID). As explained on page 17, line 25, page 18, line 9, multiple UCID accounts are stored in a database within a server. A single server or multiple server systems provide universal access to the listing of UCID accounts and their associated data. As stated on page 18, lines 18-31, the UCID account can remotely dictate the execution of applications and functions, and may be transmitted to machine monitors, and each UCID account data may be accessible to a machine monitor. As stated on page 19, lines 1-5, a UCID account includes an alphanumeric identifier associated with a particular server address that may be owned by a individual or a group of individuals. As stated on page 19, lines 13-15, a single UCID account may utilize multiple alphanumeric identifiers for accessing multiple levels of an account. Also, as stated on page 20, lines 4-6, multiple types of data may be associated with each UCID account accessible via an account lookup server system. Applicants respectfully submit as can be seen from the above description of the UCID (i.e. "universal identifier associated with said particular user"), the use of a universal identifier that is associated with a particular user allows the system to provide a significant number of features, functions, and advantages for a user in a fitness environment that are not recognized by any of the references cited in the present Office Action.

### Claim Rejections Under 35 U.S.C. § 103

In Section 1.a. of the Office Action, claims 1, 3, 4, 6, 9, 11, 13, 17, 19, 20, 22, 25, 28, 30-33, 35, 38, 41, 44, 46, 49, 50, 51, 53, 54, 56, 57, 59, and 60 have been rejected under 35 U.S.C. 103(a) as being unpatentable over *Greenberg* (U.S. Patent No. 5,785,632) in view of *Shaw* (U.S. Patent No.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

4,817,940). Those rejections are respectfully traversed and reconsideration of the claims is requested in view of Applicants' comments below.

With respect to Claim 1, therein is recited the step of "*receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine in a particular mark-up language format at a universally accessible server system in accordance with a universal identifier associated with said particular user.*" Nowhere does *Greenberg* or *Shaw* suggest the transmission of exercise indicator signals in a particular mark-up language format in accordance with a universal identifier associated with a particular user. Applicant's believe that the transmission of exercise indicator signals in a particular mark-up language format in accordance with a universal identifier associated with a particular user as recited in Claim 1 is not shown or suggested in the prior art.

With respect to Claim 1, therein is recited the step of "*storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier associated with said particular user....*" On page 11 of the present Office Action, it is stated that *Shaw* suggests the storage of an exercise indicator signal in accordance with a universal identifier at column 3-4, lines 67-14. Applicants respectfully point out that *Shaw* teaches using a personal memory module to store present and past exercise activities. Because the personal data is stored on a personal memory module, there is no teaching or suggestion within *Shaw* that any type of **universal identifier** associated with said particular user is required with respect to a particular user. The individual user is identified by its possession of the personal memory module and not by any particular universal identifier associated with said particular user contained within the memory. At columns 3-4, lines 67-14, *Shaw* teaches that a workout record is gathered by the exercise monitoring unit during a user's workout. Again, the workout record is the information gathered by the exercise machine, which is not a universal identifier associated with said particular user. The workout record is then stored in the user's exercise monitoring personal module. As explained at column 7, lines 25-44, the personal module includes data of best effort or past performance, the user's weight settings, seat settings for a particular exercise machine, dates of his workouts, weight used, repetitions completed and average



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

accuracy of the repetitions, particular exercising routine, etc. There is nothing in the teachings of *Shaw* that suggests the usage of a UCID as is taught in the present application.

Additionally, Claim 1 clearly recites that the signal is stored *"at said universally accessible server system,"* not in a personal memory module.

Consequently, Applicants respectfully submit that *Shaw* does not show or suggest the step of "*storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system in accordance with said universal identifier associated with said particular user....*"

As explained on pages 1 and 11 of the present Office Action, Claim 1 is rejected as being unpatentable over *Greenberg* in view of *Shaw* and *Donohoo*. It is stated on page 4 and page 11 of the present Office Action that *Donohoo* discloses a universal identifier associated with said particular user at column 10, lines 45-65 and the Abstract, respectively. The cited section of *Donohoo* at Col. 10 is a method claim element. The method is of organizing a plurality of computer processors linked together in a computer network for associative data file transfers therebetween. The cited claim element is:

> "*assigning a unique universal identifier to selected ones of said instructions in each computer processor's respective unique instruction sets, said universal identifiers each designating the need for a data file transfer between a hub processor and rim processor, and selectively incorporating said universal identifiers into application program instructions executed by said rim processors.*"

As can be seen, *Donohoo* is teaching the use of a universal identifier to identify specific instructions within an instruction set.

A proper reading of *Donohoo's* teaching must go beyond the literal words "universal identifier" and investigate the use of those words within the reference in order to discern its teaching.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

*Donohoo* teaches the use of a universal identifier to identify those instructions that require data file transfer. This is not an identifier that is unique to one user (or instruction). It is a generic identifier that indicates what instructions need special handling. As is recited in Claim 1, a universal identifier is used to "identify said current fitness activity for said particular user." While *Donohoo* teaches the use of a universal identifier to identify a type of instruction, not a particular instruction. Nothing in the teaching of *Donohoo* suggests the use of a universal identifier to identify current fitness activity of a particular exerciser.

When used in combination with the *Greenberg* and *Shaw* inventions, *Donohoo* still does not suggest the use of an identifier in the manner taught in the present application. *Greenberg* and *Shaw* actually teach away from the use of a universal identifier to identify current fitness activity for a particular user. *Shaw* teaches the use of a personal module 24, and therefore does not require an identifier because possession of the module identifies the user. *Greenberg* teaches a system that identifies data stored in the servers by the particular exercise station 100 connect via LAN 128. (See column 6, line 9-column 7, line 32.)

Applicants respectfully submit that assigning an identifier to an instruction in a processor system does not show or suggest the utilization of a universal identifier associated with a particular fitness user to identify the "current fitness activity for said particular user at said universally accessible server system." (See Claim 1.) As has been explained above, the use of the universal identifier associated with said particular user allows the exercise system to control, manipulate, and display specific exercise and fitness related data, which is specific and customized for a particular user. Without such a unique identifier being used in conjunction with an individual's exercise and fitness data, many of the advantages of the present invention cannot be attained in the prior art.

The use of an identifier to identify specific computing instructions has no relation to the use of a universal identifier associated with a particular user used to identify fitness data in the control, utilization and manipulation of data, exercise machines and exercise schedules for a particular exercise user. Consequently, Applicants respectfully submit that Claim 1 is not shown or suggested by the combination of *Greenberg* in view of *Shaw* and *Donohoo*.

Further, the storing step of Claim 1 recites "*such that a universally accessible server system in accordance with a universal identifier monitors the real-time fitness activity of a particular user from said at least one type of exercise indicator signal received from at least one exercise machine.*" However, as explained above, *Shaw* teaches that the real-time fitness activity of the particular user is stored on the memory module. However, as recited above, Claim 1 requires that a server system monitor the "real-time fitness activity" of a user. The Office Action cites *Shaw* at columns 2-3, lines 60-2. However, this section describes that the exercise monitoring analyzer 300 evaluates the user's exercise activity, where it states "*upon completing a set of exercise routines on several different exercise machines, the user then carries his personal module 24 to the exercise monitoring analyzer unit 300 for analysis*" (see column 7, lines 55-58). Waiting until the exerciser finishes the exercises and walks over to another machine to plug the smartcard into the analyzer can not be considered monitoring "*real-time fitness activity*". Consequently, Applicants respectfully submit that *Shaw* does not show or suggest a server system that monitors the "*real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.*"

In summary, Applicants respectfully submit that Claim 1 is not shown or suggested by the combination of *Greenberg*, *Shaw* and *Donohoo*, and particularly that a "universal identifier associated with said particular user" to identify "current fitness activity" as opposed to an identifier of a processor instruction, is nowhere shown or suggested by the references. Neither *Greenberg*, *Shaw*, nor *Donohoo* suggest "*storing*" a current fitness activity for a particular user at a "*universally accessible server system in accordance with said universal identifier.*" Further, neither *Greenberg*, *Shaw*, nor *Donohoo* shows or suggests a method whereby such storing of current fitness activity allows a server system to monitor the "*real-time fitness activity*" of a particular user from the stored "*exercise indicator signal received from at least one exercise machine.*" Because Applicants believe that the above recited steps of Claim 1 are not shown or suggested by either *Greenberg* or *Shaw*, or any combination thereof, Applicants respectfully request reconsideration of the rejection of Claim 1 as being unpatentable over *Greenberg* in view of *Shaw*.

For the reasons given above with respect to Claim 1, Applicants submit that Claims 3, 4, 6,

9, 11, 13, 17, 19, 20, 22, 25, 28, 30, 33, 35, 38, 41, 44, 46, 49, 50, 51, 53, 54, 56, 57, 59, and 60 are also not shown or suggested by *Greenberg*, *Shaw* or *Donohoo*, or any combination thereof, and that the rejection of those claims as being unpatentable over *Greenberg* in view of *Shaw* should also be reconsidered. Still further, with respect to Claims 3, 19, and 35, *Shaw* does not disclose "computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier." The present office action indicates that this element is shown in Shaw at Figure 1, block 30 and 100. However, block 30 is an exercise machine and block 100 is the exercise monitoring main unit. While the reference describes that the main unit 100 is used to compute fitness activity, nothing in the reference suggests that such fitness activity is computed according to both an exercise signal and the profile of the exercise machine user.

In Section 1.b. of the Office Action, claims 5, 21, 37, and 60 have been rejected under 35 U.S.C. 103(a) as being unpatentable over combination of *Greenberg* and *Shaw* as applied to claims 1, 17, and 33 above or rejection claim a, and further in view of *Shea* (US 6,042,519) and *Lundin* (US 5,435,799). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 1.c. of the Office Action, claims 7, 23, 39, 16, 27, and 43 have been rejected under 35 U.S.C. 103(e) as being unpatentable over combination of *Greenberg* and *Shaw* as applied to claims 1, 17, and 33 above, and further in view of *Shea* (US 6,042,519) and *Andrus* (US 5,888,172). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered. In particular with respect to claim 7, it is suggested in the present Office Action that Claim 6 is disclosed by *Shaw* at column 6-7, lines 57-9. However, the cited section makes no mention of transmitting both personal data and a program selection for a particular user. With respect to Claim 7, 23, 39, and 47, the Office Action

suggests that a step of "transmitting" is shown by *Shea* at column 2, lines 21-30. However, the cited section of *Shea* merely teaches that an exercise machine may receive exercise programs transmitted over a communication link. Nothing within the teaching of *Shea* suggests that the transmitted exercise program is "designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received."

In Section 1.d. of the Office Action, claims 8, 24, 40, 14, 31, 47, and 58 have been rejected under 35 U.S.C. 103(a) as being unpatentable over combination of *Greenberg* and *Shaw* as applied to claims 1, 17, and 33 above or claim rejection a, and further in view of *Brown* (US 5,387,164). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered. In particular with respect to Claim 14, 31, 47, and 58, the present Office Action suggests that *Brown* discloses detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at column 3, lines 59-67. However, the cited section of *Brown* is devoid of any mention of reservations. There is no mention of a step of "transmitting a request for reservation," there is no mention of a "universally accessible server system," there is no use of a "universal identifier" and there is absolutely no reference to the step of "adding an exercise event for said reservation to an electronic schedule." The only schedule mentioned is that of "weekly goal," which has nothing to do with exercise event or the reservation thereof.

In Section 1.e. of the present Office Action, Claims 10, 26, 42, and 59 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Shea* (U.S. Patent No. 6,042,519). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered. In particular, accessing a graphical output application is recited, wherein "output from said particular exercise machine monitor is controlled



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

according to said graphical output application." The Office Action indicates that this step of the present invention is taught by *Shea* at column 2, lines 20-30, lines 45-50 according to a graphical output application at Figure 7. However, Figure 7 is showing an exercise profile as implemented by microcomputer 202 (see column 7). It is not showing an output application. As for the cited sections in column 2, these are merely describing the control of the exercise device. Nothing in the cited section is describes controlling a display monitor.

In Section 1.f. of the present Office Action, Claims 12, 29, 45, 15, 32, and 48 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 33, and further in view of *Bustos* (U.S. Patent No. 5,816,443). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 1.g. of the present Office Action, Claims 49, 50, 51, 52, 53, 55, and 56 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* and *Shaw* as applied to Claims 1, 17, and 3, and further in view of *Hood* (U.S. Patent No. 5,213,555). That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.

In Section 1.h. of the present Office Action, Claims 2, 18, and 34 have been rejected under 35 U.S.C. § 103(a) as being unpatentable over the combination of *Greenberg* as applied to rejection claim 1.a. above, and further in view of *Agranat et al.* (U.S. Patent No. 5,973,696. That rejection is respectfully traversed and reconsideration of the claims is requested. For the reasons given above with respect to Claim 1, Applicants respectfully submit that these claims are also not shown or suggested by *Greenberg* and *Shaw* as applied to Claim 1, and therefore rejection of these claims as being unpatentable should be reconsidered.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

No fee is believed to be required by this amendment; however, in the event any additional fees are required, please charge IBM Corporation's Deposit Account No. 09-0447.

Respectfully submitted,

Craig J. Yudell
*Reg. No. 39,083*
BRACEWELL & PATTERSON, L.L.P.
P.O. Box 969
Austin, Texas 78767-0969
(512) 472-7800

ATTORNEY FOR APPLICANT(S)



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

**REDACTED CLAIMS**

Please amend the claims as follows:

1. (Currently Amended) A method for monitoring the fitness activity of an exerciser, said method comprising the steps of:

receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine in a particular [transmittable data] mark-up language format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

2. (Unchanged) The method for monitoring the fitness activity of an exerciser according to claim 1, said step of receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising the step of:

receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

3. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

4. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

5. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

6. (Previously Amended) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

7. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

searching a plurality of designated program selections according to said machine type indicator; and

transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine

is received.

8. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 6, said method further comprising the steps of:

detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

transmitting said program selection according to said exercise event.

9. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

10. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

11. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.

12. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

13. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

14. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the steps of:

transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

15. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

16. (Unchanged) The method for monitoring fitness activity from an exercise machine according to claim 1, said method further comprising the step of:

accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

17. (Currently Amended) A system for monitoring the fitness activity of an exerciser, said system comprising:

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular [transmittable data] mark-up language format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

18. (Unchanged) The system for monitoring the fitness activity of an exerciser according to claim 17, said means for receiving at least one type of exercise indicator signal associated with exercise performed by said particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular transmittable data format, further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

19. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

20. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:





46

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

21. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

C1

22. (Previously Amended) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

23. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.





47

24. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 22, said system further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

25. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

26. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

27. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

28. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for allowing access to said stored current fitness activity for said particular user by an



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

alternate user via said universally accessible server system in accordance with said universal identifier.

29. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

30. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

31. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

32. (Unchanged) The system for monitoring fitness activity from an exercise machine according to claim 17, said system further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

33. (Currently Amended) A program for monitoring the fitness activity of an exerciser, said program comprising:

C1

means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular [transmittable data] mark-up language format at a universally accessible server system in accordance with a universal identifier associated with said particular user; and

means for storing said at least one type of exercise indicator signal as current fitness activity for said particular user at said universally accessible server system wherein said at least one type of exercise indicator signal is stored in association with said universal identifier to identify said current fitness activity for said particular user, such that a universally accessible server system in accordance with a universal identifier associated with said particular user monitors the real-time fitness activity of said particular user from said at least one type of exercise indicator signal received from at least one exercise machine.

34. (Unchanged) The program for monitoring the fitness activity of an exerciser according to claim 33, said program further comprising:

means for receiving said at least one type of exercise indicator signal in an extensible mark-up language format.

35. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing said current fitness activity according to said at least one type of exercise indicator signal and a profile of said particular user at said universally accessible server system in accordance with said universal identifier.

36. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for computing cumulative fitness activity for said particular user at said universally accessible server system from said current fitness activity and from previously computed fitness





50

activity for said particular user computed and stored during a particular period of time as a result of exercise at any of said plurality of diverse exercise machines.

37. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a control signal from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format for temporarily controlling said particular exercise machine while in use by said particular user.

38. (Previously Amended) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting personal data and a program selection for said particular user from said universally accessible server system in accordance with said universal identifier to said particular exercise machine in said common transmittable data format, in order to initialize an at-machine monitor for use by said particular user.

39. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for receiving a machine type indicator from said particular exercise machine at said universally accessible server system in accordance with said universal identifier;

means for searching a plurality of designated program selections according to said machine type indicator; and

means for transmitting a particular program selection from among said plurality of designated program selections, wherein said particular program selection is designated for automatic transmission to said particular exercise machine when said machine type indicator for said particular exercise machine is received.

40. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 38, said program further comprising:

means for detecting an exercise event for said particular user for said particular exercise machine in an electronic schedule at said universally accessible server system in accordance with said universal identifier; and

means for transmitting said program selection according to said exercise event.

41. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from said universally accessible server system in accordance with said universal identifier at said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

42. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing a graphical output application from an alternate universally accessible server system in accordance with an alternate universal identifier to said particular exercise machine monitor, wherein output from said particular exercise machine monitor is controlled according to said graphical output application.

43. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim33, said program further comprising:

means for accessing a description of each of a plurality of exercise machines that are accessible to said user at said universally accessible server system according to said universal identifier.

44. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for allowing access to said stored current fitness activity for said particular user by an alternate user via said universally accessible server system in accordance with said universal identifier.



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

45. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for receiving payment for any access to said current fitness activity for said particular user via said universally accessible server system in accordance with said universal identifier by said alternate user.

46. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for accessing stored current fitness activity of an alternate user from an alternate universally accessible server system according to an alternate universal identifier associated with said alternate user at said particular exercise machine in use by said particular user.

47. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for transmitting a request for a reservation for a particular exercise machine for a particular time period from said universally accessible server system in accordance with said universal identifier to a reservation server for a plurality of exercise machines; and

means for adding an exercise event for said reservation to an electronic schedule at said universally accessible server system in accordance with said universal identifier, in response to receiving a reservation verification at said universally accessible server system in accordance with said universal identifier.

48. (Unchanged) The program for monitoring fitness activity from an exercise machine according to claim 33, said program further comprising:

means for debiting an account at said universally accessible server system in accordance with said universal identifier according to usage of said particular exercise machine.

49. (Currently Amended) A method for competing against a plurality of exercisers, said method comprising the steps of:

receiving current fitness activity for a first exerciser exercising on a first exercise machine



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

in a particular [transmittable data] mark-up language format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system, wherein said current fitness activity for a first exerciser is identified by a universal identifier associated with said first exerciser; and

displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

50. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

accessing current fitness activity data for a plurality of exercisers at said exercise machine monitor from a universally accessible server system in accordance with a universal identifier associated with a group comprising said plurality of exercisers.

51. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said method further comprising the step of:

receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

52. (Unchanged) The method for competing against a plurality of exercisers according to claim 49, said step of displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising the step of:

displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with a with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

53. (Currently Amended) A system for competing against a plurality of exercisers, said system comprising:



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

54

means for receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular [transmittable data] mark-up language format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system, wherein said current fitness activity for a first exerciser is identified by a universal identifier associated with said first exerciser; and

means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor, such that said second exerciser is enabled compete against a plurality of exercisers.

54. (Unchanged) The system for competing against a plurality of exercisers according to claim 53, said system further comprising:

means for receiving a graphical output application for displaying a graphical comparison of said current fitness activity from an alternate universally accessible server system in accordance with an alternate universal identifier associated with an application provider.

55. (Previously Amended) The system for competing against a plurality of exercisers according to claim 53, said means for displaying a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser further comprising:

means for displaying a graphical comparison of said current fitness activity for said first exerciser from exercise performed on a first type of exercise machine with said current fitness activity for said second exerciser from exercise performed on a second type of exercise machine.

"in a mark up language"

56. (Unchanged) A universally accessible database of server systems comprising:

a plurality of universally accessible server systems each with access respectively to one of a plurality of data storage mediums, wherein a particular data storage medium comprises current fitness activity stored for a particular user according to a particular universal identifier; and

a communication interface between said plurality of universally accessible server systems and a controller for an exercise machine from among a plurality of exercise machines for receiving



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

current fitness activity of said particular user on said exercise machine at said particular data storage medium.

57. (Unchanged) The universally accessible database of server systems according to claim 56, said system further comprising:

an account server system comprising a lookup database of a plurality of universal identifiers, wherein said plurality of universally accessible server systems are accessible as each respectively associated with said plurality of universal identifiers.

58. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises an electronic schedule for a particular user comprising a plurality of scheduled exercise events utilizing a plurality of exercise machines.

59. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a plurality of control programs each respectively designated for controlling one of a plurality of exercise machines when accessed via said interface at one of said plurality of exercise machines.

60. (Unchanged) The universally accessible database of server systems according to claim 56, wherein said particular data storage medium further comprises a user profile for said particular user that when accessed via said interface at said controller for said exercise machine initializes said controller.

Doc ID 107680

FAX RECEIVED

FEB 1 0 2003

TECHNOLOGY CENTER 2800



Received from < 512 472 9123 > at 2/10/03 4:43:52 PM [Eastern Standard Time]

Transaction History Date 2003-03-05
Date information retrieved from USPTO Patent Application Information Retrieval (PAIR) system records at www.uspto.gov

| **Notice of Allowability** | **Application No.** 09/561,426 | **Applicant(s)** BROWN ET AL. | |
|---|---|---|---|
| | **Examiner** Tung S Lau | **Art Unit** 2863 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *2-10-2003*.
2. ☒ The allowed claim(s) is/are *1-60*.
3. ☒ The drawings filed on *28 April 2000* are accepted by the Examiner.
4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All b) ☐ Some* c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____.
5 ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S C. § 119(e) (to a provisional application).
   (a) ☐ The translation of the foreign language provisional application has been received.
6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
   1) ☐ hereto or 2) ☐ to Paper No. ____.
   (b) ☐ including changes required by the proposed drawing correction filed _____, which has been approved by the Examiner.
   (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1☐ Notice of References Cited (PTO-892)
3☐ Notice of Draftperson's Patent Drawing Review (PTO-948)
5☐ Information Disclosure Statements (PTO-1449), Paper No. ____.
7☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
2☐ Notice of Informal Patent Application (PTO-152)
4☐ Interview Summary (PTO-413), Paper No.____ .
6☒ Examiner's Amendment/Comment
8☒ Examiner's Statement of Reasons for Allowance
9☐ Other

Transaction History Date 2003-03-05
Date information retrieved from USPTO Patent Application Information Retrieval (PAIR) system records at www.uspto.gov

| Notice of Allowability | Application No. 09/561,426 | Applicant(s) BROWN ET AL. | |
|---|---|---|---|
| | Examiner Tung S Lau | Art Unit 2863 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to 2-10-2003.
2. ☒ The allowed claim(s) is/are 1-60.
3. ☒ The drawings filed on 28 April 2000 are accepted by the Examiner.
4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All b) ☐ Some* c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. ____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: ____.
5 ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S C. § 119(e) (to a provisional application).
   (a) ☐ The translation of the foreign language provisional application has been received.
6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
   1) ☐ hereto or 2) ☐ to Paper No. ____.
   (b) ☐ including changes required by the proposed drawing correction filed ____, which has been approved by the Examiner.
   (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. ____.

**Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1☐ Notice of References Cited (PTO-892)
2☐ Notice of Informal Patent Application (PTO-152)
3☐ Notice of Draftperson's Patent Drawing Review (PTO-948)
4☐ Interview Summary (PTO-413), Paper No.____ .
5☐ Information Disclosure Statements (PTO-1449), Paper No. ____.
6☒ Examiner's Amendment/Comment
7☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
8☒ Examiner's Statement of Reasons for Allowance
9☐ Other

//D



## DETAILED ACTION

### EXAMINER'S AMENDMENT

1. An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Mr. Graig J. Yudell on February 21, 2003.

The application has been amended as follows:

In claim 56, line 4, after 'stored', add the following:

-- In a mark-up language format --

---

D1

Amendments to claim 56 were made to define over the applied prior art. The additional step of "stored in a mark-up language format" now positively claims the monitoring fitness activities across diverse exercise machine utilizing a universally accessible server system defined in the specification. This system is deemed to be non-obvious over the systems of the prior art.

---

### *Allowable Subject Matter*

2. Claims 1-60 are allowed.

### *Reasons for Allowance*

3. The following is an examiner's statement of reasons for allowance:

Independent claims 1, 17, 33, 49, 53 and 56 contain allowable subject matter. None of the prior art of record shows or fairly suggests the claimed invention.

Regarding claim 1:

The primary reason for the allowance of claim 1 is the inclusion of the method for monitoring the fitness activity of an exerciser, the method including the steps of receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine in a particular mark-up language format at a universally accessible server system in accordance with a universal identifier associated with said particular user. It is these features found in the claim, as they are claimed in the combination, that has not been found, taught or suggested by the prior art of record which makes this claim allowable over the prior art.

Claims 2-16 are allowed due to their dependency on claim 1.

Regarding claim 17:

The primary reason for the allowance of claim 17 is the inclusion of a system for monitoring the fitness activity of an exerciser, the system including means for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular mark-up language format

at a universally accessible server system in accordance with a universal identifier associated with said particular user. It is these features found in the claim, as they are claimed in the combination, that has not been found, taught or suggested by the prior art of record which makes this claim allowable over the prior art.

Claims 18-32 are allowed due to their dependency on claim 17.

Regarding claim 33:

The primary reason for the allowance of claim 33 is the inclusion of the program for monitoring the fitness activity of an exerciser, the program including mean for receiving at least one type of exercise indicator signal associated with exercise performed by a particular user from a particular exercise machine from among a plurality of accessible exercise machines in a particular mark-up language format at a universally accessible server system in accordance with a universal identifier associated with the particular user. It is these features found in the claim, as they are claimed in the combination, that has not been found, taught or suggested by the prior art of record which makes this claim allowable over the prior art.

Claims 34-48 are allowed due to their dependency on claim 33.

Regarding claim 49:

The primary reason for the allowance of claim 49 is the inclusion of the method for competing against a plurality of exercisers, the method including the steps of receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular mark-up language format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein said current fitness activity is received at said exercise machine monitor from a universally accessible server system. It is these features found in the claim, as they are claimed in the combination, that has not been found, taught or suggested by the prior art of record which makes this claim allowable over the prior art.

Claims 50-52 are allowed due to their dependency on claim 49.

Regarding claim 53:

The primary reason for the allowance of claim 53 is the inclusion of the system for competing against a plurality of exercisers, the system including means for receiving current fitness activity for a first exerciser exercising on a first exercise machine in a particular mark-up language format at an exercise machine monitor for monitoring exercise performed by a second exerciser on a second exercise machine, wherein the current fitness activity is received at said exercise machine monitor from a universally accessible server system. It is these features found in the claim, as they are claimed in the combination, that has not been found,

taught or suggested by the prior art of record which makes this claim allowable over the prior art.

Claims 54-55 are allowed due to their dependency on claim 53.

Regarding claim 56:

The primary reason for the allowance of claim 56 is the inclusion of the universally accessible database of server systems including a plurality of universally accessible server systems each with access respectively to one of a plurality of data storage mediums, wherein a particular data storage medium comprises current fitness activity stored in a mark-up language format for a particular user according to a particular universal identifier. It is these features found in the claim, as they are claimed in the combination, that has not been found, taught or suggested by the prior art of record which makes this claim allowable over the prior art.

Claims 57-60 are allowed due to their dependency on claim 56.

*Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

4. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Tung S Lau whose telephone number is 703-305-3309. The examiner can normally be reached on M-F 9-5:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, John Barlow can be reached on 703-308-3126. The fax phone numbers for the organization where this application or proceeding is assigned are 703-308-5841 for regular communications and 703-308-5841 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-308-0956.

TC2800 RightFAX Telephone Numbers : TC2800 Official Before-Final RightFAX - (703) 872-9318, TC2800 Official After-Final RightFAX - (703) 872-9319

TC2800 Customer Service RightFAX - (703) 872-9317

TL February 24, 2003

John Barlow
Supervisory Patent Examiner
Technology Center 2800

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D C 20231
www uspto gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

7590 03/05/2003

BRACEWELL & PATTERSON , LLP
P.O BOX 969
AUSTIN, TX 78767-0969

| EXAMINER | |
|---|---|
| LAU, TUNG S | |
| ART UNIT | CLASS-SUBCLASS |
| 2863 | 702-182000 |

DATE MAILED: 03/05/2003

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/561,426 | 04/28/2000 | Michael Wayne Brown | AUS000025US1 | 4996 |

TITLE OF INVENTION: MONITORING FITNESS ACTIVITY ACROSS DIVERSE EXERCISE MACHINES UTILIZING A UNIVERSALLY ACCESSIBLE SERVER SYSTEM

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1300 | $0 | $1300 | 06/05/2003 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status. See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**



PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to: Mail Box ISSUE FEE**
**Commissioner for Patents**
**Washington, D.C. 20231**
**Fax (703)746-4000**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

7590 03/05/2003

BRACEWELL & PATTERSON, LLP
P.O BOX 969
AUSTIN, TX 78767-0969

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

(Depositor's name)

(Signature)

(Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/561,426 | 04/28/2000 | Michael Wayne Brown | AUS000025US1 | 4996 |

TITLE OF INVENTION: MONITORING FITNESS ACTIVITY ACROSS DIVERSE EXERCISE MACHINES UTILIZING A UNIVERSALLY ACCESSIBLE SERVER SYSTEM

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1300 | $0 | $1300 | 06/05/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| LAU, TUNG S | 2863 | 702-182000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 ____________

2 ____________

3 ____________

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) ☐ individual ☐ corporation or other private group entity ☐ government

4a. The following fee(s) are enclosed:

☐ Issue Fee

☐ Publication Fee

☐ Advance Order - # of Copies ____________

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number ____________ (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above

(Authorized Signature) (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO |
|---|---|---|---|---|
| 09/561,426 | 04/28/2000 | Michael Wayne Brown | AUS000025US1 | 4996 |

7590 03/05/2003

BRACEWELL & PATTERSON, LLP
P.O BOX 969
AUSTIN, TX 78767-0969
UNITED STATES

| EXAMINER | |
|---|---|
| LAU, TUNG S | |
| ART UNIT | PAPER NUMBER |
| 2863 | |

DATE MAILED: 03/05/2003

**Determination of Patent Term Extension under 35 U.S.C. 154 (b)**
**(application filed after June 7, 1995 but prior to May 29, 2000)**

The patent term extension is 0 days. Any patent to issue from the above identified application will include an indication of the 0 day extension on the front page.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term extension is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

Any questions regarding the patent term extension or adjustment determination should be directed to the Office of Patent Legal Administration at (703)305-1383.



PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 09/561,426 | 04/28/2000 | Michael Wayne Brown | AUS000025US1 | 4996 |

7590 03/05/2003

BRACEWELL & PATTERSON, LLP
P.O BOX 969
AUSTIN, TX 78767-0969
UNITED STATES

| EXAMINER | |
| --- | --- |
| LAU, TUNG S | |
| ART UNIT | PAPER NUMBER |
| 2863 | |

DATE MAILED: 03/05/2003

## Notice of Fee Increase on January 1, 2003

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after January 1, 2003, then the amount due will be higher than that set forth in the "Notice of Allowance and Fee(s) Due" since there will be an increase in fees effective on January 1, 2003. See Revision of Patent and Trademark Fees for Fiscal Year 2003; Final Rule, 67 Fed. Reg. 70847, 70849 (November 27, 2002).

The current fee schedule is accessible from: http://www.uspto.gov/main/howtofees.htm.

If the issue fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due," but not the correct amount in view of the fee increase, a "Notice to Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice to Pay Balance of Issue Fee," if the response to the Notice of Allowance and Fee(s) due form is to be filed on or after January 1, 2003 (or mailed with a certificate of mailing on or after January 1, 2003), the issue fee paid should be the fee that is required at the time the fee is paid. If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously paid issue fee should be paid. See Manual of Patent Examining Procedure, Section 1308.01 (Eighth Edition, August 2001).

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

# EXHIBIT 2

Express Mailing Label No. EV 825 901 308 US

PATENT APPLICATION
Docket No. 13914.579.5.1

# UNITED STATES PATENT APPLICATION

of

**Scott R. Watterson**

**William T. Dalebout**

**Darren C. Ashby**

and

**Robert D. Ashby**

for

# SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND COMPUTER DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE

WORKMAN NYDEGGER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1000 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
SALT LAKE CITY, UTAH 84111

CLAIMS

1. A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

at least one exercise device configured to enable at least one user to exercise thereon and to track a plurality of performances by the at least one user during a virtual race;

at least one computer device configured to compare a first performance with a second performance during the virtual race; and

at least one translator device configured to communicatively couple the at least one exercise device to the at least one computer device.

2. A system as recited in claim 1, wherein the first performance and the second performance are performed by the same at least one user.

3. A system as recited in claim 1, wherein the first performance is associated with a first exercise device of the at least one exercise device and the second performance is associated with a second exercise device of the at least one exercise device.

4. A system as recited in claim 3, wherein the first exercise device and the second exercise device are different exercise devices.

5. A system as recited in claim 1, wherein at least one user is a virtual user.

WORKMAN, NYDEGGER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1000 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
SALT LAKE CITY, UTAH 84111

6. A system as recited in claim 1, further comprising a network connecting the at least one exercise device to the at least one computer device.

7. A system as recited in claim 1, wherein the start time for the one user is different from the start time for the other user.

WORKMAN, NYDEGGER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1000 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
SALT LAKE CITY, UTAH 84111

8. An exercise system configured to provide a competitive environment for one or more exercising users, the system comprising:

a first exercise device communicatively connected to a first computer device, wherein the first computer device is configured to monitor use of the first exercise device relative to a first start time, and wherein the communication of the first exercise device and the first computer device is facilitated by a first translator device;

a second exercise device communicatively connected to a second computer device, wherein the second computer device is configured to monitor use of the second exercise device relative to a second start time, and wherein the communication of the second exercise device and the second computer device is facilitated by a second translator device;

means for comparing the use of the first exercise device relative to the first start time with the use of the second exercise device relative to the second start time; and

means for providing communication between the first computer device, the second computer device and the comparing means.

9. An exercise system as recited in claim 8, wherein the first computer device is configured to selectively modify an operating parameter of the first exercise device and the second computer device is configured to selectively modify an operating parameter of the second exercise device.

WORKMAN, NYDEGGER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1000 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
SALT LAKE CITY, UTAH 84111

10. An exercise device as recited in claim 9, wherein the means for providing communication is a network, the network being a local area network, a wide area network, or the Internet.

11. An exercise device as recited in claim 9, wherein the means for comparing comprises a communication system.

12. An exercise device as recited in claim 9, wherein the first start time and the second start time are different times or the same time.

13. In a networked system that includes an exercise device, a translator device and a computer device, a method for enabling competitive user interaction, the method comprising:

tracking a performance of a plurality of users upon a plurality of exercise devices as each of the plurality of users competitively exercise, the performance of each of the plurality of users being tracked relative to a start time of each of the plurality of users;

delivering data indicative of the performance of each of the plurality of users, through a translator device, to a communication system; and

upon comparing the performance of each of the plurality of users the, notifying one user of the plurality of users of the performance of the another user of the plurality of users.

WORKMAN, NYDEGGER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1000 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
SALT LAKE CITY, UTAH 84111

14. A method as recited in claim 13, wherein comparing the performance comprises determining an order in which each of the plurality of users completed a virtual race.

15. A method as recited in claim 13, wherein at least one of the plurality of user is a virtual user.

16. A method as recited in claim 13, wherein each start time for each of the plurality of users is the same.

17. A method as recited in claim 13, further comprising notifying each of the plurality of users of a winner of the virtual race during a cooling down period subsequent to the end of the virtual race.

WORKMAN, NYDEGGER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1000 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
SALT LAKE CITY, UTAH 84111

18. In a networked system that includes a server and a plurality of clients, a method for enabling one or more users to compete in a virtual race using one or more clients, the method comprising:

receiving first data at the server, wherein the first data represents a first user performance at a first client;

receiving second data at the server, wherein the second data represents a second user performance at a second client;

comparing the first data to the second data to determine which data represents a distance traveled in a faster time during the virtual race; and

communicating to the first client data indicative of the performance of the second user and to the second client data indicative of the performance of the first user.

19. A method as recited in claim 18, wherein the first exercise device and the second device are selected from the group consisting of (i) a treadmill, (ii) an exercise cycle, (iii) a ski exercise device, (iv) a rower, (v) a stepper, (vi) a hiker, (vii) a climber, (viii) an elliptical exercise device, (ix) an incline trainer, and (x) a weight system.

20. A method as recited in claim 18, wherein the distance traveled represents a virtual distance.

WORKMAN, NYDEGGER
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1000 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
SALT LAKE CITY, UTAH 84111

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/429,725 | 05/08/2006 | Scott R. Watterson | 13914.579.5.1 | 4442 |

22913 7590 03/26/2007
WORKMAN NYDEGGER
(F/K/A WORKMAN NYDEGGER & SEELEY)
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT 84111

| EXAMINER | |
|---|---|
| RICHMAN, GLENN E | |
| ART UNIT | PAPER NUMBER |
| 3764 | |

| SHORTENED STATUTORY PERIOD OF RESPONSE | MAIL DATE | DELIVERY MODE |
|---|---|---|
| 31 DAYS | 03/26/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

If NO period for reply is specified above, the maximum statutory period will apply and will expire 6 MONTHS from the mailing date of this communication.

| **Office Action Summary** | **Application No.** 11/429,725 | **Applicant(s)** WATTERSON ET AL. |
|---|---|---|
| | **Examiner** Glenn Richman | **Art Unit** 3764 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 1 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on ____.

2a)☐ This action is **FINAL**. 2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) 1-20 is/are pending in the application.

4a) Of the above claim(s) ____ is/are withdrawn from consideration.

5)☐ Claim(s) ____ is/are allowed.

6)☐ Claim(s) ____ is/are rejected.

7)☐ Claim(s) ____ is/are objected to.

8)☒ Claim(s) 1-20 are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on ____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. ____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date ____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. ____ .
5) ☐ Notice of Informal Patent Application
6) ☐ Other: ____.

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I. Claims 1-7, drawn to system configured to enable a plurality of users to compete in a virtual race, classified in class 434, subclass 247.

II. Claims 8-12, drawn to an exercise system providing a competitive environment, classified in class 482, subclass 8.

III. Claims 13-17, drawn to a method for enabling user interaction, classified in class 73, subclass 379.01.

IV. Claims 18-20, drawn to a method for enabling one or more users to compete in a virtual race, classified in class 601, subclass 23.

The inventions are distinct, each from the other because of the following reasons:

Inventions I, II and III, IV are related as process and apparatus for its practice. The inventions are distinct if it can be shown that either: (1) the process as claimed can be practiced by another and materially different apparatus or by hand, or (2) the apparatus as claimed can be used to practice another and materially different process. (MPEP § 806.05(e)). In this case the process as claimed can be practiced by another and materially different apparatus or by hand.

Because these inventions are independent or distinct for the reasons given above and there would be a serious burden on the examiner if restriction is not required because the inventions have acquired a separate status in the art in view of their different classification, restriction for examination purposes as indicated is proper.

A telephone call was made to Fraser Royon 3/15/07 to request an oral election to the above restriction requirement, but did not result in an election being made.

Applicant is advised that the reply to this requirement to be complete must include (i) an election of a species or invention to be examined even though the requirement be traversed (37 CFR 1.143) and (ii) identification of the claims encompassing the elected invention.

The election of an invention or species may be made with or without traverse. To reserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the restriction requirement, the election shall be treated as an election without traverse.

Should applicant traverse on the ground that the inventions or species are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the inventions or species to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C.103(a) of the other invention.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Glenn Richman whose telephone number is 571-272-4981. The examiner can normally be reached on Mon-Thurs.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Greg Huson can be reached on 571-272-4887. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Glenn Richman
Primary Examiner
Art Unit 3764

VIA eFILE AMENDMENT

PATENT APPLICATION
Docket No. 13914.579.5.1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of | | ) |
| | Watterson, et al. | ) |
| Serial No.: | 11/429,725 | ) Art Unit 3764 |
| Filed: | May 8, 2006 | ) |
| Conf No.: | 4442 | ) |
| For: | SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE | ) |
| Examiner: | Glenn E. Richman | ) |

**RESPONSE TO RESTRICTION REQUIREMENT**

VIA eFILE AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In response to the Restriction Requirement dated March 26, 2007, Applicant respectfully submits the following to be filed in the above-identified application.

The Examiner has requested an election of a single invention from the following patentably distinct inventions as alleged by the Examiner:

| | |
|---|---|
| Group I - (Claims 1-7): | drawn to a system configured to enable a plurality of users to compete in a virtual race, classified in class 434, subclass 247; |
| Group II – (Claims 8-12): | drawn to an exercise system providing a competitive environment, classified in class 482, subclass 8; |
| Group III – (Claims 13-17): | drawn to a method for enabling user interaction, classified in class 73, subclass 379.01; |
| Group IV – (Claims 18-20): | drawn to a method for enabling one or more users to compete in a virtual race, classified in class 601, subclass 23. |

The Applicant hereby elects to proceed with claims 1-7 of Group I. Claims 8-20 are hereby withdrawn from consideration without prejudice to the further prosecution of these claims at a later date. Should the Examiner have any questions or concerns, the Examiner is encouraged to contact the undersigned by telephone at (801) 533-9800.

.

Dated this 26th day of April, 2007.

Respectfully submitted,

/David B. Dellenbach/ Reg. #39166
David B. Dellenbach

Attorney for Applicant
Registration No. 39,166
Customer No. 022913

DBD:JDH
DH0000000369V001

VIA eFILE AMENDMENT

PATENT APPLICATION
Docket No. 13914.579.5.1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of | | ) |
| | | ) |
| | Watterson, et al. | ) |
| | | ) |
| Serial No.: | 11/429,725 | ) Art Unit |
| | | ) 3764 |
| Filed: | May 8, 2006 | ) |
| | | ) |
| Conf No.: | 4442 | ) |
| | | ) |
| For: | SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE | ) |
| | | ) |
| Examiner: | Glenn E. Richman | ) |

**AMENDMENT "A"**

VIA eFILE AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

Please amend the following:

***Amendments to the Claims*** are reflected in the listing of claims which begins on page 2 of this paper; and

***Remarks*** begin on page 6 of this paper.

## AMENDMENTS TO THE CLAIMS

Claim 7 is amended herein, claims 8-20 are canceled, and new claims 21-33 are added as reflected below. As such, claims 1-7 and 21-32 are pending.

1. **(Original)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

at least one exercise device configured to enable at least one user to exercise thereon and to track a plurality of performances by the at least one user during a virtual race;

at least one computer device configured to compare a first performance with a second performance during the virtual race; and

at least one translator device configured to communicatively couple the at least one exercise device to the at least one computer device.

2. **(Original)** A system as recited in claim 1, wherein the first performance and the second performance are performed by the same at least one user.

3. **(Original)** A system as recited in claim 1, wherein the first performance is associated with a first exercise device of the at least one exercise device and the second performance is associated with a second exercise device of the at least one exercise device.

4. **(Original)** A system as recited in claim 3, wherein the first exercise device and the second exercise device are different exercise devices.

5. **(Original)** A system as recited in claim 1, wherein at least one user is a virtual user.

6. **(Original)** A system as recited in claim 1, further comprising a network connecting the at least one exercise device to the at least one computer device.

7. **(Currently Amended)** A system as recited in claim 1, wherein ~~the~~ a start time for the ~~one user~~ first performance is different from ~~the~~ a start time for the ~~other user~~ second performance.

8-20. **(Canceled)**

21. **(New)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a first exercise device communicatively connected to a first computer device, wherein the first computer device is configured to monitor use of the first exercise device relative to a first start time, and wherein the communication of the first exercise device and the first computer device is facilitated by a first translator device;

a second exercise device communicatively connected to a second computer device, wherein the second computer device is configured to monitor use of the second exercise device relative to a second start time, and wherein the communication of the second exercise device and the second computer device is facilitated by a second translator device;

means for comparing the use of the first exercise device relative to the first start time with the use of the second exercise device relative to the second start time; and

means for providing communication between the first computer device, the second computer device and the comparing means.

22. **(New)** A system as recited in claim 21, wherein the first computer device is configured to selectively modify an operating parameter of the first exercise device and the second computer device is configured to selectively modify an operating parameter of the second exercise device.

23. **(New)** A system as recited in claim 21, wherein the means for providing communication is a network, the network being a local area network, a wide area network, or the Internet.

24. **(New)** A system as recited in claim 21, wherein the means for comparing comprises a communication system.

25. **(New)** A system as recited in claim 21, wherein the first start time and the second start time are different times or the same time.

26. **(New)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a plurality of exercise devices configured to track a performance of a plurality of users upon the plurality of exercise devices as each of the plurality of users compete in the virtual race, the performance of each of the plurality of users being tracked relative to a start time of each of the plurality of users; and

a plurality of translators configured to communicatively couple the plurality of exercise devices to a communication system, the communication system configured to compare the performance of each of the plurality of users and notify one of the plurality of users of the performance of another of the plurality of users.

26. **(New)** A system as recited in claim 26, wherein the communication system compares the performance of each of the plurality of users based on an order in which each of the plurality of users completed the virtual race.

27. **(New)** A system as recited in claim 26, wherein at least one of the plurality of users is a virtual user.

28. **(New)** A system as recited in claim 26, wherein the start time for each of the plurality of users is the same.

29. **(New)** A system as recited in claim 26, wherein the communications system is configured to notify each of the plurality of users of a winner of the virtual race subsequent to the end of the virtual race.

30. **(New)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a plurality of exercise devices;

a plurality of clients;

a plurality of translator devices configured to facilitate communication between the plurality of exercise devices and the plurality of clients; and

a server configured to

receive first data from a first client of the plurality of clients, the first data representing a performance of a first user of the plurality of users at the first client;

receive second data from a second client of the plurality of clients, the second data representing a performance of a second user of the plurality of users at the second client;

compare the first data to the second data to determine which data represents a distance traveled in a faster time during the virtual race; and

communicate to the first client data indicative of the performance of the second user and to the second client data indicative of the performance of the first user.

31. **(New)** A system as recited in claim 30, wherein the plurality of exercise devices are selected from the group consisting of (i) a treadmill, (ii) an exercise cycle, (iii) a ski exercise device, (iv) a rower, (v) a stepper, (vi) a hiker, (vii) a climber, (viii) an elliptical exercise device, (ix) an incline trainer, and (x) a weight system.

32. **(New)** A system as recited in claim 30, wherein the distance traveled represents a virtual distance.

## REMARKS

Applicant respectfully requests entry of the above amendments. In the event of any question, the Examiner is respectfully requested to initiate a telephone conversation with the undersigned.

Dated this 25th day of May, 2007.

Respectfully submitted,

/David B. Dellenbach/ Reg. #39166
DAVID B. DELLENBACH

Attorney for Applicant
Registration No. 39,166
Customer No.: 022913

DBD:JDH
DH0000000370V001

VIA eFILE AMENDMENT

PATENT APPLICATION
Docket No. 13914.579.5.1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of | | ) |
| | Watterson, et al. | ) |
| Serial No.: | 11/429,725 | ) Art Unit 3764 |
| Filed: | May 8, 2006 | ) |
| Conf No.: | 4442 | ) |
| For: | SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE | ) |
| Examiner: | Glenn E. Richman | ) |

AUTHORIZATION TO CHARGE DEPOSIT ACCOUNT

Commissioner for Patents
PO Box 1450
Alexandria, Virginia 22313-1450

Sir:

The Commissioner is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayment to Deposit Account No. 23-3178.

X Any additional filing fees required under 37 CFR § 1.16.

X Any patent application processing fees under 37 CFR § 1.17.

Dated May 25, 2007.

Respectfully submitted,

/David B. Dellenbach/ Reg. #39166
DAVID B. DELLENBACH

Attorney for Applicant
Registration No. 39,166
Customer No. 022913
Telephone No. 801.533.9800

W:\13914\579.5.1\CAD0000001001V001.doc

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 1813809 |
| **Application Number:** | 11429725 |
| **International Application Number:** | |
| **Confirmation Number:** | 4442 |
| **Title of Invention:** | Systems and methods for enabling two-way communication between one or more exercise devices and computer devices and for enabling users of the one or more exercise devices to competitively exercise |
| **First Named Inventor/Applicant Name:** | Scott R. Watterson |
| **Customer Number:** | 22913 |
| **Filer:** | David Dellenbach/Chari Dickison |
| **Filer Authorized By:** | David Dellenbach |
| **Attorney Docket Number:** | 13914.579.5.1 |
| **Receipt Date:** | 25-MAY-2007 |
| **Filing Date:** | 08-MAY-2006 |
| **Time Stamp:** | 17:11:54 |
| **Application Type:** | Utility |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 13914_amendment.pdf | 170670 | yes | 6 |

| | Multipart Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | Document Description | | | Start | End |
| | Preliminary Amendment | | | 1 | 1 |
| | Claims | | | 2 | 5 |
| | Applicant Arguments/Remarks Made in an Amendment | | | 6 | 6 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | Miscellaneous Incoming Letter | 13914_charge.pdf | 30721 | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | | **Total Files Size (in bytes):** | 201391 | |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>11/429,725 | Filing Date<br>05/08/2006 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY ☐ RATE ($) | FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | FEE ($) |
|---|---|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter “0” in column 2. | | | TOTAL | | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| AMENDMENT | 05/25/2007 | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE ($) | ADDITIONAL FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | X $ = | | OR | X $50= | 0 |
| | Independent (37 CFR 1.16(h)) | * 4 | Minus | ***4 | = 0 | X $ = | | OR | X $200= | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD’L FEE | | OR | TOTAL ADD’L FEE | 0 |

| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|---|
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD’L FEE | | OR | TOTAL ADD’L FEE | |

* If the entry in column 1 is less than the entry in column 2, write “0” in column 3.
** If the “Highest Number Previously Paid For” IN THIS SPACE is less than 20, enter “20”.
*** If the “Highest Number Previously Paid For” IN THIS SPACE is less than 3, enter “3”.
The “Highest Number Previously Paid For” (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
Veronica Day-Everett

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/429,725 | 05/08/2006 | Scott R. Watterson | 13914.579.5.1 | 4442 |

22913 7590 06/06/2007

WORKMAN NYDEGGER
(F/K/A WORKMAN NYDEGGER & SEELEY)
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT 84111

| EXAMINER | |
|---|---|
| RICHMAN, GLENN E | |
| **ART UNIT** | **PAPER NUMBER** |
| 3764 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/06/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| Office Action Summary | Application No. | Applicant(s) | |
|---|---|---|---|
| | 11/429,725 | WATTERSON ET AL. | |
| | Examiner | Art Unit | |
| | Glenn Richman | 3764 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *26 April 2007*.

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-20* is/are pending in the application.

4a) Of the above claim(s) *8-20* is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-7* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date. _____ .
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

## DETAILED ACTION

### *Election/Restrictions*

Claims 8-20 are withdrawn from further consideration pursuant to 37 CFR 1.142(b) as being drawn to a nonelected invention, there being no allowable generic or linking claim. Election was made **without** traverse in the reply filed on 4/26/07.

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claim 7 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

There is no antecedent basis for "other user".

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1-6 are rejected under 35 U.S.C. 102(b) as being anticipated by Henderson et al.

Henderson et al disclose at least one exercise device 114 configured to enable at least one user to exercise thereon and to track a plurality of performances by the at least one user during a virtual race (col. 6, lines 20 – et seq.); at least one computer device configured to compare a first performance with a second performance during the virtual race (abstract); and at least one translator device configured to communicatively couple the at least one exercise device to the at least one computer device (col. 3, lines 40 - et seq.), the first performance and the second performance are performed by the same at least one user (abstract), the first performance is associated with a first exercise device (pedals) of the at least one exercise device and the second performance is associated with a second exercise device of the at least one exercise device (col. 5, lines 42 – et seq.), the first exercise device and the second exercise device are different exercise devices (col. 5, lines 42 – et seq.), at least one user is a virtual user (col. 6, lines 20-26), a network connecting the at least one exercise device to the at least one computer device (col. 7, lines 35 – et seq.).

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Glenn Richman whose telephone number is 571-272-4981. The examiner can normally be reached on Mon-Thurs.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Greg Huson can be reached on 571-272-4887. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Glenn Richman
Primary Examiner
Art Unit 3764

| *Notice of References Cited* | Application/Control No. 11/429,725 | Applicant(s)/Patent Under Reexamination WATTERSON ET AL. | |
|---|---|---|---|
| | Examiner Glenn Richman | Art Unit 3764 | Page 1 of 1 |

U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-6,450,922 | 09-2002 | Henderson et al. | 482/8 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

VIA EFS-WEB

PATENT APPLICATION
Docket No. 13914.579.5.1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | | |
| | Watterson, et al. | |
| Serial No.: | 11/429,725 | Art Unit 3764 |
| Filed: | May 8, 2006 | |
| Conf No.: | 4442 | |
| For: | SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE | |
| Examiner: | Glenn E. Richman | |

**AMENDMENT "B"**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In response to the Office Action dated June 6, 2007, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 6 of this paper.

# <u>AMENDMENTS TO THE CLAIMS</u>

The listing of claims will replace all prior versions, and listings, of claims in the application:

**<u>Listing of Claims:</u>**

1. **(Currently Amended)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

at least one exercise device configured to enable at least one user to exercise thereon and to track a plurality of performances by the at least one user during a virtual race;

at least one computer device configured to compare a first performance <u>by the at least one user</u> with a second performance <u>by a second user</u>~~during the virtual race~~; and

at least one translator device configured to communicatively couple the at least one exercise device to the at least one computer device.

2. **(Original)** A system as recited in claim 1, wherein the first performance and the second performance are performed by the same at least one user.

3. **(Original)** A system as recited in claim 1, wherein the first performance is associated with a first exercise device of the at least one exercise device and the second performance is associated with a second exercise device of the at least one exercise device.

4. **(Original)** A system as recited in claim 3, wherein the first exercise device and the second exercise device are different exercise devices.

5. **(Original)** A system as recited in claim 1, wherein at least one user is a virtual user.

6. **(Original)** A system as recited in claim 1, further comprising a network connecting the at least one exercise device to the at least one computer device.

7. **(Presently Presented)** A system as recited in claim 1, wherein a start time for the first performance is different from a start time for the second performance.

8-20. **(Canceled)**

21. **(Previously Presented)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a first exercise device communicatively connected to a first computer device, wherein the first computer device is configured to monitor use of the first exercise device relative to a first start time, and wherein the communication of the first exercise device and the first computer device is facilitated by a first translator device;

a second exercise device communicatively connected to a second computer device, wherein the second computer device is configured to monitor use of the second exercise device relative to a second start time, and wherein the communication of the second exercise device and the second computer device is facilitated by a second translator device;

means for comparing the use of the first exercise device relative to the first start time with the use of the second exercise device relative to the second start time; and

means for providing communication between the first computer device, the second computer device and the comparing means.

22. **(Previously Presented)** A system as recited in claim 21, wherein the first computer device is configured to selectively modify an operating parameter of the first exercise device and the second computer device is configured to selectively modify an operating parameter of the second exercise device.

23. **(Previously Presented)** A system as recited in claim 21, wherein the means for providing communication is a network, the network being a local area network, a wide area network, or the Internet.

24. **(Previously Presented)** A system as recited in claim 21, wherein the means for comparing comprises a communication system.

25. **(Previously Presented)** A system as recited in claim 21, wherein the first start time and the second start time are different times or the same time.

26. **(Previously Presented)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a plurality of exercise devices configured to track a performance of a plurality of users upon the plurality of exercise devices as each of the plurality of users compete in the virtual race, the performance of each of the plurality of users being tracked relative to a start time of each of the plurality of users; and

a plurality of translators configured to communicatively couple the plurality of exercise devices to a communication system, the communication system configured to compare the performance of each of the plurality of users and notify one of the plurality of users of the performance of another of the plurality of users.

26. **(Previously Presented)** A system as recited in claim 26, wherein the communication system compares the performance of each of the plurality of users based on an order in which each of the plurality of users completed the virtual race.

27. **(Previously Presented)** A system as recited in claim 26, wherein at least one of the plurality of users is a virtual user.

28. **(Previously Presented)** A system as recited in claim 26, wherein the start time for each of the plurality of users is the same.

29. **(Previously Presented)** A system as recited in claim 26, wherein the communications system is configured to notify each of the plurality of users of a winner of the virtual race subsequent to the end of the virtual race.

30. **(Previously Presented)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a plurality of exercise devices;

a plurality of clients;

a plurality of translator devices configured to facilitate communication between the plurality of exercise devices and the plurality of clients; and

a server configured to

receive first data from a first client of the plurality of clients, the first data representing a performance of a first user of the plurality of users at the first client;

receive second data from a second client of the plurality of clients, the second data representing a performance of a second user of the plurality of users at the second client;

compare the first data to the second data to determine which data represents a distance traveled in a faster time during the virtual race; and

communicate to the first client data indicative of the performance of the second user and to the second client data indicative of the performance of the first user.

31. **(Previously Presented)** A system as recited in claim 30, wherein the plurality of exercise devices are selected from the group consisting of (i) a treadmill, (ii) an exercise cycle, (iii) a ski exercise device, (iv) a rower, (v) a stepper, (vi) a hiker, (vii) a climber, (viii) an elliptical exercise device, (ix) an incline trainer, and (x) a weight system.

32. **(Previously Presented)** A system as recited in claim 30, wherein the distance traveled represents a virtual distance.

# REMARKS

The Applicants and Applicants' attorney wish to thank the Examiner for the time spent reviewing the application and preparing the Office Action. The Office Action, mailed June 6, 2007, considered and rejected claims 1-7. Claims 21-32 were added to the application in Amendment A, filed May 25, 2007; however, claims 21-32 were not considered. Consideration of claim 21-32 is requested.

Claims 1-6 were rejected under 35 U.S.C. § 102(b) as being anticipated by *Henderson et al.* (U.S. Patent No. 6,450,922).[1] Furthermore, claim 7 was rejected under 35 U.S.C. § 112, second paragraph. By this paper, claim 1 has been amended.[2] Accordingly, following this paper, claims 1-7 and 21-32 are pending. Claim 1 was the only independent claim which has been considered.

## Rejections Under 35 U.S.C. § 102

As noted previously, and as further detailed on pages 2-3 of the Office Action, independent claim 1 was rejected under 35 U.S.C. § 102(b) as being anticipated by *Henderson et al.* By this paper, claim 1 has been amended. Applicants submit that *Henderson et al.* fails to anticipate the limitations recited with respect to claim 1.

*Henderson et al.* relates to an electronic exercise system that simulates the physical activity for a user based on recorded data of a physical activity monitor. Specifically, *Henderson et al.* discloses a physical activity monitor, during a first period, records data characterizing a

---

[1] Although the prior art status of the cited art is not being challenged at this time, Applicant reserves the right to challenge the prior art status of the cited art at any appropriate time, should it arise. Accordingly, any arguments and amendments made herein should not be construed as acquiescing to any prior art status of the cited art.

[2] Support for the claim amendment can be found throughout Applicant's original application, including at least the disclosure in paragraphs [019-022 and 0134-0143] of the originally filed application.

physical activity by the user, and an exercise device uses the recorded data of the physical activity monitor to simulate the physical activity for the user during a second period. *See* Abstract. *See also* Summary, col. 1, ll. 46-51 ("The exercise device can comprise a controller and a resistance provider, the controller being adapted to receive the data recorded by the physical activity monitor and to control the resistance provider in accordance with the received data to simulate the physical activity"); col. 2, ll. 3-4 ("…to control the resistance unit to simulate the non-stationary bicycle ride"); col. 2, ll. 18-19 ("…to control the resistance unit to simulate the non-stationary bicycle ride"); and col. 2, ll. 23-24 ("…using the recorded data to simulate the physical activity for the user").

On the other hand, *Henderson et al.* fails to disclose the limitations recited with respect to claim 1. Specifically, *Henderson et al.* fails to disclose a system configured to enable a plurality of users to compete in a virtual race, as defined in claim 1, comprising at least one computer device configured to compare performances, as recited in claim 1. Furthermore, *Henderson et al.* fails to disclose a system, as defined in claim 1, comprising at least one computer device configured to compare a first performance by a first user with a second performance of a second user, as recited in claim 1. Accordingly, Applicants request reconsideration and removal of the rejection under 35 U.S.C. § 102(b) to claim 1.

**Rejections Under 35 U.S.C. § 112**

In the Office Action, claim 7 was rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which Applicant regards as the invention.

In Amendment A, filed May 25, 2007, claim 7 was amended. Specifically, the wording "other user" was deleted from claim 7. Accordingly, Applicants request reconsideration and removal of the rejection under 35 U.S.C. § 112, second paragraph to claim 7.

Claim 2-7 depend from base claim 1 and thus incorporate all the limitations recited therein. Accordingly, reconsideration and allowance of claims 2-7 are hereby requested.

## Conclusion

By this paper pending claim 1 has been amended. Claims 1-7 and 21-32 are pending and should be in condition for allowance. Reconsideration and allowance of the above-identified claims are now respectfully requested.

In the event that the Examiner finds remaining impediment to a prompt allowance of this application that may be clarified through a telephone interview, the Examiner is requested to contact the undersigned attorney.

Dated this 6 day of September 2007.

Respectfully submitted,

/Michael M. Ballard/

Michael M. Ballard
Registration No. 54,978
Attorney for Applicants
**Customer No. 022913**
Telephone No. (801) 533-9800
Fax No.: (801) 328-1707
mballard@wnlaw.com

MMB:jbe
W:\13914\579.5.1\JBE0000010954V001.doc

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 2164356 |
| **Application Number:** | 11429725 |
| **International Application Number:** | |
| **Confirmation Number:** | 4442 |
| **Title of Invention:** | Systems and methods for enabling two-way communication between one or more exercise devices and computer devices and for enabling users of the one or more exercise devices to competitively exercise |
| **First Named Inventor/Applicant Name:** | Scott R. Watterson |
| **Customer Number:** | 22913 |
| **Filer:** | Michael M. Ballard |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | 13914.579.5.1 |
| **Receipt Date:** | 06-SEP-2007 |
| **Filing Date:** | 08-MAY-2006 |
| **Time Stamp:** | 15:10:43 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) /Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 13914_579_5_1_AmendmentB.pdf | 49932<br>44234461e8ef99d0272d14e2cb5b7c3fe9ae7cb5 | yes | 8 |

| | Multipart Description/PDF files in .zip description | | |
|---|---|---|---|
| | **Document Description** | **Start** | **End** |
| | Amendment - After Non-Final Rejection | 1 | 1 |
| | Claims | 2 | 5 |
| | Applicant Arguments/Remarks Made in an Amendment | 6 | 8 |

**Warnings:**

**Information:**

| | |
|---|---|
| **Total Files Size (in bytes):** | 49932 |

**This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.**

**New Applications Under 35 U.S.C. 111**
**If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.**

**National Stage of an International Application under 35 U.S.C. 371**
**If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.**

**New International Application Filed with the USPTO as a Receiving Office**
**If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.**

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PATENT APPLICATION FEE DETERMINATION RECORD
Substitute for Form PTO-875

| Application or Docket Number | Filing Date | To be Mailed |
|---|---|---|
| 11/429,725 | 05/08/2006 | ☐ |

## APPLICATION AS FILED – PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY ☐ RATE ($) | FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | FEE ($) |
|---|---|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| | | | TOTAL | | | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2.

## APPLICATION AS AMENDED – PART II

| AMENDMENT 09/06/2007 | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE ($) | ADDITIONAL FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | X $ = | | OR | X $50= | 0 |
| Independent (37 CFR 1.16(h)) | * 4 | Minus | ***4 | = 0 | X $ = | | OR | X $200= | 0 |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | 0 |

| AMENDMENT | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | OR | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | OR | X $ = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | OR | X $ = | |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
Stella Little

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/429,725 | 05/08/2006 | Scott R. Watterson | 13914.579.5.1 | 4442 |

22913 7590 11/14/2007
WORKMAN NYDEGGER
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT 84111

| EXAMINER | |
|---|---|
| RICHMAN, GLENN E | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3764 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/14/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Office Action Summary* | **Application No.** | **Applicant(s)** | |
|---|---|---|---|
| | 11/429,725 | WATTERSON ET AL. | |
| | **Examiner** | **Art Unit** | |
| | Glenn Richman | 3764 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 1 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *06 September 2007*.

2a)☐ This action is **FINAL**. 2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-7 and 21-32* is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☐ Claim(s) _____ is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☒ Claim(s) *1-7 and 21-32* are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I. Claims 1-29, drawn to a virtual race system, classified in class 434, subclass 247.

II. Claims 30-32, drawn to system having a plurality of clients, classified in class 482, subclass The inventions are distinct, each from the other because of the following reasons:

Inventions I and II are related as combination and subcombination. Inventions in this relationship are distinct if it can be shown that (1) the combination as claimed does not require the particulars of the subcombination as claimed for patentability, and (2) that the subcombination has utility by itself or in other combinations (MPEP § 806.05(c)). In the instant case, the combination as claimed does not require the particulars of the subcombination as claimed because a plurality of clients is not required. The subcombination has separate utility such as uploading a client list.

The examiner has required restriction between combination and subcombination inventions. Where applicant elects a subcombination, and claims thereto are subsequently found allowable, any claim(s) depending from or otherwise requiring all the limitations of the allowable subcombination will be examined for patentability in accordance with 37 CFR 1.104. See MPEP § 821.04(a). Applicant is advised that if any claim presented in a continuation or divisional application is anticipated by, or includes all the limitations of, a claim that is allowable in the present application, such claim may be subject to provisional statutory and/or nonstatutory double patenting rejections over the claims of the instant application.

Because these inventions are independent or distinct for the reasons given above and there would be a serious burden on the examiner if restriction is not required because the inventions have acquired a separate status in the art in view of their different classification, restriction for examination purposes as indicated is proper.

A telephone call was made to Michael Ballard on 11/13/07 to request an oral election to the above restriction requirement, but did not result in an election being made.

Applicant is advised that the reply to this requirement to be complete must include (i) an election of a species or invention to be examined even though the requirement be traversed (37 CFR 1.143) and (ii) identification of the claims encompassing the elected invention.

The election of an invention or species may be made with or without traverse. To reserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the restriction requirement, the election shall be treated as an election without traverse.

Should applicant traverse on the ground that the inventions or species are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the inventions or species to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C.103(a) of the other invention.

Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. Any amendment of inventorship must be accompanied by a request under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(i).

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Glenn Richman whose telephone number is 571-272-4981. The examiner can normally be reached on Mon-Thurs.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, LoAn Thanh can be reached on (571)272-4966. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Glenn Richman
Primary Examiner
Art Unit 3764

PATENT APPLICATION
Docket No. 13914.579.5.1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of | | ) |
| | Watterson et al | ) |
| Serial No.: | 11/429,725 | ) Art Unit 3764 |
| Filed: | May 8, 2006 | ) |
| Conf No.: | 4442 | ) |
| For: | SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND COMPUTER DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE | ) |
| Examiner: | Glenn E. Richman | ) |

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In response to the Restriction Requirement dated November 14, 2007, Applicant respectfully submits the following to be filed in the above-identified application.

The Examiner has requested an election of a single disclosed invention for examination. The Examiner has identified the inventions as follows:

Group I as containing claims 1-29, drawn to a virtual race system; and

Group II as containing claims 30-32, drawn to a system having a plurality of clients.

Applicants note that the Office Action Summary indicates that claims 1-7 and 21-29 are subject to a restriction/election requirement. However, the Detailed Action lists claims 1-29 as being included in Group I. Claims 8-20 were previously withdrawn in the Response filed on April 26, 2007. Therefore, Applicants will assume for purposes of this Response that the Examiner intended Group I to include claims 1-7 and 21-29. If Applicants' understanding is not correct, Applicants respectfully request clarification.

The Applicants hereby elect without traverse Group I, containing claims 1-7 and 21-29. Claims 30-32 are hereby withdrawn from consideration without prejudice to the further prosecution of these claims at a later date. Claim 8-20 were previously withdrawn from consideration. Should the Examiner have any questions or concerns, the Examiner is encouraged to contact the undersigned by telephone at (801) 533-9800.

Dated this ____ day of November, 2007.

Respectfully submitted,

/J. Dustin Howell/ Reg. # 60701/
J. DUSTIN HOWELL

Registration No. 60,701
Attorney for Applicant
Customer No. 022913

JDH
DH0000000482V001

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 2503299 |
| **Application Number:** | 11429725 |
| **International Application Number:** | |
| **Confirmation Number:** | 4442 |
| **Title of Invention:** | Systems and methods for enabling two-way communication between one or more exercise devices and computer devices and for enabling users of the one or more exercise devices to competitively exercise |
| **First Named Inventor/Applicant Name:** | Scott R. Watterson |
| **Customer Number:** | 22913 |
| **Filer:** | Jack Dustin Howell |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | 13914.579.5.1 |
| **Receipt Date:** | 23-NOV-2007 |
| **Filing Date:** | 08-MAY-2006 |
| **Time Stamp:** | 12:06:28 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) /Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Response to Election / Restriction Filed | DH0000000482V001.pdf | 55294<br>288505203bad9aaf8f8d2cf48080f64e8c850ec6 | no | 2 |

**Warnings:**

**Information:**

| Total Files Size (in bytes): | 55294 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111

If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office

If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/429,725 | 05/08/2006 | Scott R. Watterson | 13914.579.5.1 | 4442 |

22913 7590 02/28/2008

WORKMAN NYDEGGER
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT 84111

| EXAMINER | |
|---|---|
| RICHMAN, GLENN E | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3764 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/28/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| Office Action Summary | Application No. | Applicant(s) | |
|---|---|---|---|
| | 11/429,725 | WATTERSON ET AL. | |
| | Examiner | Art Unit | |
| | Glenn Richman | 3764 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on 23 November 2007.

2a)☒ This action is **FINAL**. 2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) 1-7 and 21-32 is/are pending in the application.

4a) Of the above claim(s) 30-32 is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) 1-7 and 21-29 is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

## DETAILED ACTION

### *Election/Restrictions*

Claims 30-32 are withdrawn from further consideration pursuant to 37 CFR 1.142(b) as being drawn to a nonelected invention, there being no allowable generic or linking claim. Election was made **without** traverse in the reply filed on 11/27/07.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 1-7, 21-29 are rejected under 35 U.S.C. 103(a) as being unpatentable over Henderson et al.

Henderson et al disclose at least one exercise device 114 configured to enable at least one user to exercise thereon and to track a plurality of performances by the at least one user during a virtual race (col. 6, lines 20 – et seq.).

Henderson et al do not specifically disclose at least one computer device configured to compare a first performance by the at least one user with a second performance by a second user, however given that Henderson et al disclose sharing statistics and performance information (col. 8, lines 31 – et seq.), it would have been obvious to compare a first performance with a second performance by a second user.

Henderson et al disclose at least one translator device configured to communicatively couple the at least one exercise device to the at least one computer device (col. 3, lines 40 - et seq.), the first performance and the second performance are performed by the same at least one user (abstract), the first performance is associated with a first exercise device (pedals) of the at least one exercise device and the second performance is associated with a second exercise device of the at least one exercise device (col. 5, lines 42 – et seq.), the first exercise device and the second exercise device are different exercise devices (col. 5, lines 42 – et seq.), at least one user is a virtual user (col. 6, lines 20-26), a network connecting the at least one exercise device to the at least one computer device (col. 7, lines 35 – et seq.).

Henderson et al do not specifically disclose a start time for the first performance is different from a start time for the second performance, however it is obvious that the races could be started at different times, and that the races could be joined in progress, given Henderson et al's disclosure of multiuser competitions.

Henderson et al further disclose a first exercise device communicatively connected to a first computer device 114, wherein the first computer device is configured to monitor use of the first exercise device relative to a first start time col. 4, lines 55 – et seq., and wherein the communication of the first exercise device and the first computer device is facilitated by a first translator device (col. 3, lines 40 – et seq.); a second exercise device communicatively connected to a second computer device (col. 8, lines 31 - et seq.), wherein the second computer device is configured to monitor use of the second exercise device relative to a second start time (col. 8, lines 31 - et seq.),

and wherein the communication of the second exercise device and the second computer device is facilitated by a second translator device (obvious with second user, there would be second exercise device, second computer, and second translator, as each would be needed for second user to compete with a first user, as disclosed by Henderson et al); means for comparing the use of the first exercise device relative to the first start time with the use of the second exercise device relative to the second start time (col. 8, lines 31 - et seq.), and means for providing communication between the first computer device, the second computer device and the comparing means (col. 8, lines 31 - et seq.), the first computer device is configured to selectively modify an operating parameter of the first exercise device and the second computer device is configured to selectively modify an operating parameter of the second exercise device (col. 1, lines 41 – et seq., obvious that a second exercise device would be modified, as Henderson et al discloses a second exercise device), the means for providing communication is a network, the network being a local area network, a wide area network, or the Internet (col. 7, lines 35 – et seq.), the means for comparing comprises a communication system (col. 8, lines 31 - et seq.), the first start time and the second start time are different times or the same time (it is obvious that the races could be started at different times, and that the races could be joined in progress, given Henderson et al's disclosure of multiuser competitions).

***Response to Arguments***

Applicant's arguments filed 9/6/07 have been fully considered but they are not persuasive.

As to the applicant's arguments:

1. Henderson et al. fails to disclose a system configured to enable a plurality of users to compete in a virtual race, as defined in claim 1, comprising at least one computer device configured to compare performances.

2. Henderson et al. fails to disclose a system, as defined in claim 1, comprising at least one computer device configured to compare a first performance by a first user with a second performance of a second user.

As to 1 above, as Henderson et al disclose a competition between racers, it is obvious, as broadly claimed, that the performances of the users are compared, by at least one computer device.

As to 2 above, also as Henderson et al disclose a competition between racers, it is obvious, as broadly claimed, that the performances are compared.

"Network mode menu 214 allows a user to select a number of networking modes, including multiuser competitions by direct link, or via a computer modem, Internet link or the like. Linked users can share statistics and performance information, and compete by racing the same virtual course during the same time or different times."

***Conclusion***

**THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Glenn Richman whose telephone number is 571-272-4981. The examiner can normally be reached on Mon-Thurs.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, LoAn Thanh can be reached on (571)272-4966. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Glenn Richman
Primary Examiner
Art Unit 3764

FILED VIA EFS-WEB

PATENT APPLICATION
Docket No. 13914.579.5.1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | | ) |
| | | ) |
| | Watterson et al | ) |
| | | ) |
| Serial No.: | 11/429,725 | ) Art Unit |
| | | ) 3764 |
| Filed: | May 8, 2006 | ) |
| | | ) |
| Conf No.: | 4442 | ) |
| | | ) |
| For: | SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND COMPUTER DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE | ) |
| | | ) |
| Examiner: | Glenn E. Richman | ) |

**AMENDMENT "C" AND RESPONSE TO FINAL OFFICE ACTION**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In response to the Final Office Action dated February 28, 2008, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

# AMENDMENTS TO THE CLAIMS

The listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1. **(Currently Amended)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

at least one exercise device configured to enable at least one user to exercise thereon and to track a plurality of performances by the at least one user during a virtual race;

at least one computer device configured to both selectively perform a diagnostic analysis of the at least one exercise device and compare a first performance by the at least one user with a second performance by a second user; and

at least one translator device configured to communicatively couple the at least one exercise device to the at least one computer device.

2. **(Original)** A system as recited in claim 1, wherein the first performance and the second performance are performed by the same at least one user.

3. **(Original)** A system as recited in claim 1, wherein the first performance is associated with a first exercise device of the at least one exercise device and the second performance is associated with a second exercise device of the at least one exercise device.

4. **(Original)** A system as recited in claim 3, wherein the first exercise device and the second exercise device are different exercise devices.

5. **(Original)** A system as recited in claim 1, wherein at least one user is a virtual user.

6. **(Original)** A system as recited in claim 1, further comprising a network connecting the at least one exercise device to the at least one computer device.

7. **(Presently Presented)** A system as recited in claim 1, wherein a start time for the first performance is different from a start time for the second performance.

8-20. **(Canceled)**

21. **(Currently Amended)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a first exercise device communicatively connected to a first computer device, the first exercise device being adapted to communicate using an exercise communication protocol and the first computer device being adapted to communicate using a computer communication protocol, the exercise communication protocol and the computer communication protocol being different types of communication protocols, wherein the first computer device is configured to monitor use of the first exercise device relative to a first start time, and wherein the communication of the first exercise device and the first computer device is facilitated by a first translator device adapted to translate data between the exercise communication protocol and the computer communication protocol;

a second exercise device communicatively connected to a second computer device, the second exercise device being adapted to communicate using the exercise communication protocol and the second computer device being adapted to communicate using the computer communication protocol, wherein the second computer device is configured to monitor use of the second exercise device relative to a second start time, and wherein the communication of the second exercise device and the second computer device is facilitated by a second translator device adapted to translate data between the exercise communication protocol and the computer communication protocol;

means for comparing the use of the first exercise device relative to the first start time with the use of the second exercise device relative to the second start time; and

means for providing communication between the first computer device, the second computer device and the comparing means.

22. **(Previously Presented)** A system as recited in claim 21, wherein the first computer device is configured to selectively modify an operating parameter of the first exercise device and the second computer device is configured to selectively modify an operating parameter of the second exercise device.

23. **(Previously Presented)** A system as recited in claim 21, wherein the means for providing communication is a network, the network being a local area network, a wide area network, or the Internet.

24. **(Previously Presented)** A system as recited in claim 21, wherein the means for comparing comprises a communication system.

25. **(Previously Presented)** A system as recited in claim 21, wherein the first start time and the second start time are different times or the same time.

26. **(Currently Amended)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a plurality of exercise devices configured to track a performance of a plurality of users upon the plurality of exercise devices as each of the plurality of users compete in the virtual race, the performance of each of the plurality of users being tracked relative to a start time of each of the plurality of users; and

a plurality of translators configured to communicatively couple the plurality of exercise devices to a communication system so as to facilitate communication of data representative of the performance of each of the plurality of users between the plurality of exercise devices and the communication system, the communication system comprising a computer device remote from each of the plurality of exercise devices and configured to compare the performance of each of the plurality of users and notify one of the plurality of users of the performance of another of the plurality of users.

27. **(Previously Presented)** A system as recited in claim 26, wherein the communication system compares the performance of each of the plurality of users based on an order in which each of the plurality of users completed the virtual race.

28. **(Previously Presented)** A system as recited in claim 26, wherein at least one of the plurality of users is a virtual user.

29. **(Previously Presented)** A system as recited in claim 26, wherein the start time for each of the plurality of users is the same.

30. **(Previously Presented)** A system as recited in claim 26, wherein the communications system is configured to notify each of the plurality of users of a winner of the virtual race subsequent to the end of the virtual race.

31. **(Withdrawn)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a plurality of exercise devices;

a plurality of clients;

a plurality of translator devices configured to facilitate communication between the plurality of exercise devices and the plurality of clients; and

a server configured to

receive first data from a first client of the plurality of clients, the first data representing a performance of a first user of the plurality of users at the first client;

receive second data from a second client of the plurality of clients, the second data representing a performance of a second user of the plurality of users at the second client;

compare the first data to the second data to determine which data represents a distance traveled in a faster time during the virtual race; and

communicate to the first client data indicative of the performance of the second user and to the second client data indicative of the performance of the first user.

32. **(Withdrawn)** A system as recited in claim 30, wherein the plurality of exercise devices are selected from the group consisting of (i) a treadmill, (ii) an exercise cycle, (iii) a ski exercise device, (iv) a rower, (v) a stepper, (vi) a hiker, (vii) a climber, (viii) an elliptical exercise device, (ix) an incline trainer, and (x) a weight system.

33. **(Withdrawn)** A system as recited in claim 30, wherein the distance traveled represents a virtual distance.

## REMARKS

The Applicants and Applicants' attorney wish to thank the Examiner for the time spent reviewing the application and preparing the Office Action. The Office Action, mailed February 28, 2008, considered and rejected claims 1-7 and 21-29 in light of *Henderson et al.* (U.S. Patent No. 6,450,922).[1] By this paper, claims 1, 21, and 26 have been amended.

On May 25, 2007, Applicants submitted an Amendment "A," in which claims 21-32 were added. However, Applicants note that some of the new claims added in Amendment "A" were misnumbered. In particular, two claims were identified as claim 26, and the subsequent claims were thereby misnumbered. By this paper, Applicants have renumbered the claims to correct this error. Specifically, the second claim 26 has been renumbered to claim 27, and the subsequent claims have been renumbered accordingly.

Applicants will presume that renumbered claims 31-33 are withdrawn and the rejection over *Henderson et al.* of claims 21-29 in the Office Action mailed February 28, 2008, is applicable to renumbered claims 21-30. Through this paper, and through the remaining prosecution of this application, Applicants will refer to the claims as renumbered herein.

### Rejections Under 35 U.S.C. § 103

In the Office Action, claims 1-7 and 21-30 were rejected under 35 U.S.C. § 103(a) as being unpatentable over *Henderson et al.* Applicant submits that claims 1-7 and 21-30 are not obvious in light of *Henderson et al.*

---

[1] Although the prior art status of the cited art is not being challenged at this time, Applicant reserves the right to challenge the prior art status of the cited art at any appropriate time, should it arise. Accordingly, any arguments and amendments made herein should not be construed as acquiescing to any prior art status of the cited art.

*Henderson et al.* relates to an electronic exercise system that simulates the physical activity for a user based on recorded data of a physical activity monitor. Specifically, *Henderson et al.* discloses a physical activity monitor that, during a first period, records data characterizing a physical activity by the user, and an exercise device that uses the recorded data of the physical activity monitor to simulate the physical activity for the user during a second period. *See* Abstract. *See also* Summary, col. 1, ll. 46-51 ("The exercise device can comprise a controller and a resistance provider, the controller being adapted to receive the data recorded by the physical activity monitor and to control the resistance provider in accordance with the received data to simulate the physical activity"); col. 2, ll. 3-4 ("…to control the resistance unit to simulate the non-stationary bicycle ride"); col. 2, ll. 18-19 ("…to control the resistance unit to simulate the non-stationary bicycle ride"); and col. 2, ll. 23-24 ("…using the recorded data to simulate the physical activity for the user").

On the other hand, *Henderson et al.* fails to disclose the limitations recited in Applicants' claims. Specifically, *Henderson et al.* fails to disclose the "at least one computer device configured to … compare a first performance by the at least one user with a second performance by a second user," as recited in claim 1. With regard to the computer device being configured to "compare a first performance by the at least one user with a second performance by a second user," the Office Action concedes that *Henderson et al.* does not disclose such a computer device. However, the Office Action asserted that "it would have been obvious to compare a first performance with a second performance by a second user." Applicants respectfully submit that it would not be obvious to use a computer to compare "a first performance by the at least one user with a second performance by a second user." For example, when using *Henderson et al.'s* system, which allows users to "share statistics and performance information, and compete by

racing the same virtual course," each user could compare their own "statistics and performance information" with those of another user without the aid of a computer device that performs the comparison.

Additionally, the "at least one computer device" of claim 1 is further configured to "selectively perform a diagnostic analysis of the at least one exercise device." *Henderson et al.* fails to teach or even suggest such a limitation. Therefore, claim 1 is not disclosed or obviated by *Henderson et al.*

*Henderson et al.* also fails to disclose the limitations recited with respect to claim 21. As amended and presented herein, claim 21 recites, among other things, "a first exercise device communicatively connected to a first computer device, the first exercise device being adapted to communicate using an exercise communication protocol and the first computer device being adapted to communicate using a computer communication protocol, the exercise communication protocol and the computer communication protocol being different types of communication protocols, … wherein the communication of the first exercise device and the first computer device is facilitated by a first translator device adapted to translate data between the exercise communication protocol and the computer communication protocol." Amended claim 21 also recites a second exercise device and a second computer device similar to the first. *Henderson et al.* does not teach or even suggest an exercise device that communicates with one protocol, a computer device that communicates with a different protocol, and a translator device that is capable of translating between the two protocols to facilitate communication between the exercise device and the computer device. Rather, *Henderson et al.* merely converts a program into a resistance level for the exercise device. Additionally, *Henderson et al.* discloses an exercise device that is capable of communicating with another exercise device. However,

appears that each exercise device communicates through an RS232 port using a common protocol, and therefore does not necessitate a translator device as recited in claim 21. Therefore, *Henderson et al.* does not disclose or obviate claim 21.

Further, *Henderson et al.* fails to disclose the limitations recited with respect to claim 26. As amended and presented herein, claim 26 recites, among other things, "a plurality of translators configured to communicatively couple the plurality of exercise devices to a communication system so as to facilitate communication of data representative of the performance of each of the plurality of users between the plurality of exercise devices and the communication system, the communication system comprising a computer device remote from each of the plurality of exercise devices and configured to compare the performance of each of the plurality of users and notify one of the plurality of users of the performance of another of the plurality of users." Similar to the above discussion regarding claim 1, *Henderson et al.* fails to disclose a computer device remote from each of the exercise devices that both compares the performances of multiple users and notifies one of the users of the performance of the other user. Rather, *Henderson et al.* discloses an exercise device that merely allows a user to "share statistics and performance information" with another user, but which does not have a remote computer that compares the performances of each of the users. Accordingly, Applicants submit that *Henderson et al.* does not disclose or obviate claim 26.

It is, therefore, requested that the rejection under 35 U.S.C. § 103(a) to claims 1-7 and 21-30 be reconsidered and removed. Claims 2-7, 22-25, and 27-30 depend from base claims 1, 21, and 26, respectively, and thus incorporate the limitations recited respectively therein.

## Conclusion

By this paper pending claims 1, 21, and 26 have been amended. Claims 1-7 and 21-30 are pending and should be in condition for allowance. Reconsideration and allowance of the above-identified claims are now respectfully requested.

In the event that the Examiner finds remaining impediment to a prompt allowance of this application that may be clarified through a telephone interview, the Examiner is requested to contact the undersigned attorney.

Dated this 25th day of March 2008.

Respectfully submitted,

/J. Dustin Howell/ Reg. # 60701
J. DUSTIN HOWELL

Attorney for Applicant
Registration No. 60,701
Customer No. 022913

JDH:jbe
W:\13914\579.5.1\JBE0000012144V001.doc

PATENT APPLICATION
Docket No. 13914.579.5.1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | | ) |
| | Watterson et al | ) |
| Serial No.: | 11/429,725 | ) Art Unit 3764 |
| Filed: | May 8, 2006 | ) |
| Conf No.: | 4442 | ) |
| For: | SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND COMPUTER DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE | ) |
| Examiner: | Glenn E. Richman | ) |

**AMENDMENT "D" AND SUPPLEMENTAL RESPONSE TO FINAL OFFICE ACTION**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In response to the Final Office Action dated February 28, 2008, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

## AMENDMENTS TO THE CLAIMS

The listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1. **(Currently Amended)** ~~A system configured to enable a plurality of users to compete in a virtual race, the system comprising:~~The system as recited in claim 21, wherein

at least one of the first and second exercise devices is configured to enable at least one user to exercise thereon and to track a plurality of performances by the at least one user during a virtual race; and

at least one of the first and second computer devices is configured to ~~both selectively perform a diagnostic analysis of the at least one exercise device and~~ compare a first performance by the at least one user with a second performance by a second user~~; and~~

~~at least one translator device configured to communicatively couple the at least one exercise device to the at least one computer device~~.

2. **(Original)** A system as recited in claim 1, wherein the first performance and the second performance are performed by the same at least one user.

3. **(Currently Amended)** A system as recited in claim 1, wherein the first performance is associated with ~~a~~ the first exercise device ~~of the at least one exercise device~~ and the second performance is associated with ~~a~~ the second exercise device ~~of the at least one exercise device~~.

4. **(Original)** A system as recited in claim 3, wherein the first exercise device and the second exercise device are different exercise devices.

5. **(Original)** A system as recited in claim 1, wherein at least one user is a virtual user.

6. **(Currently Amended)** A system as recited in claim 1, ~~further comprising~~ wherein the means for providing communication is a network connecting the ~~at least one~~ the first exercise device to the ~~at least one~~ the first computer device.

7. **(Presently Presented)** A system as recited in claim 1, wherein a start time for the first performance is different from a start time for the second performance.

8-20. **(Canceled)**

21. **(Previously Presented)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a first exercise device communicatively connected to a first computer device, the first exercise device being adapted to communicate using an exercise communication protocol and the first computer device being adapted to communicate using a computer communication protocol, the exercise communication protocol and the computer communication protocol being different types of communication protocols, wherein the first computer device is configured to monitor use of the first exercise device relative to a first start time, and wherein the communication of the first exercise device and the first computer device is facilitated by a first translator device adapted to translate data between the exercise communication protocol and the computer communication protocol;

a second exercise device communicatively connected to a second computer device, the second exercise device being adapted to communicate using the exercise communication protocol and the second computer device being adapted to communicate using the computer communication protocol, wherein the second computer device is configured to monitor use of the second exercise device relative to a second start time, and wherein the communication of the second exercise device and the second computer device is facilitated by a second translator device adapted to translate data between the exercise communication protocol and the computer communication protocol;

means for comparing the use of the first exercise device relative to the first start time with the use of the second exercise device relative to the second start time; and

means for providing communication between the first computer device, the second computer device and the comparing means.

22. **(Previously Presented)** A system as recited in claim 21, wherein the first computer device is configured to selectively modify an operating parameter of the first exercise device and the second computer device is configured to selectively modify an operating parameter of the second exercise device.

23. **(Previously Presented)** A system as recited in claim 21, wherein the means for providing communication is a network, the network being a local area network, a wide area network, or the Internet.

24. **(Previously Presented)** A system as recited in claim 21, wherein the means for comparing comprises a communication system.

25. **(Previously Presented)** A system as recited in claim 21, wherein the first start time and the second start time are different times or the same time.

26. **(Currently Amended)** A system as recited in claim 21, wherein ~~configured to enable a plurality of users to compete in a virtual race, the system comprising:~~

~~a plurality of~~ the first and second exercise devices are configured to track a performance of a plurality of users upon the ~~plurality of~~ the first and second exercise devices as each of the plurality of users compete in the virtual race, the performance of each of the plurality of users being tracked relative to a start time of each of the plurality of users; and

~~a plurality of~~ the first and second translator~~s~~ devices are configured to communicatively couple the ~~plurality of~~ first and second exercise devices to ~~a communication system~~ the means for comparing so as to facilitate communication of data representative of the performance of each of the plurality of users between the ~~plurality of~~ first and second exercise devices and the ~~communication system~~ means for comparing, the ~~communication system~~ means for comparing comprising a computer device remote from each of the ~~plurality of~~ first and second exercise devices and configured to compare the performance of each of the plurality of users and notify one of the plurality of users of the performance of another of the plurality of users.

27. **(Currently Amended)** A system as recited in claim 26, wherein the ~~communication system~~ means for comparing compares the performance of each of the plurality of users based on an order in which each of the plurality of users completed the virtual race.

28. **(Previously Presented)** A system as recited in claim 26, wherein at least one of the plurality of users is a virtual user.

29. **(Previously Presented)** A system as recited in claim 26, wherein the start time for each of the plurality of users is the same.

30. **(Currently Amended)** A system as recited in claim 26, wherein the ~~communication system~~ means for comparing is configured to notify each of the plurality of users of a winner of the virtual race subsequent to the end of the virtual race.

31. **(Withdrawn)** A system configured to enable a plurality of users to compete in a virtual race, the system comprising:

a plurality of exercise devices;

a plurality of clients;

a plurality of translator devices configured to facilitate communication between the plurality of exercise devices and the plurality of clients; and

a server configured to

receive first data from a first client of the plurality of clients, the first data representing a performance of a first user of the plurality of users at the first client;

receive second data from a second client of the plurality of clients, the second data representing a performance of a second user of the plurality of users at the second client;

compare the first data to the second data to determine which data represents a distance traveled in a faster time during the virtual race; and

communicate to the first client data indicative of the performance of the second user and to the second client data indicative of the performance of the first user.

32. **(Withdrawn)** A system as recited in claim 30, wherein the plurality of exercise devices are selected from the group consisting of (i) a treadmill, (ii) an exercise cycle, (iii) a ski exercise device, (iv) a rower, (v) a stepper, (vi) a hiker, (vii) a climber, (viii) an elliptical exercise device, (ix) an incline trainer, and (x) a weight system.

33. **(Withdrawn)** A system as recited in claim 30, wherein the distance traveled represents a virtual distance.

# REMARKS

The Applicants and Applicants' attorney wish to thank the Examiner for the courtesies extended during the brief telephone interview held on May 27, 2008. During the telephone interview, proposed amendments to independent claims 1 and 26 were discussed. Agreement was reached during the interview that amending independent claims 1 and 26 to depend from claim 21 would put independent claims 1 and 26, and corresponding dependent claims 2-7 and 27-30, in condition for allowance.

By this paper, claims 1, 3, 6, 26-27, and 30 have been amended. In particular, claims 1 and 26 have been amended to depend from independent claim 21 as agreed upon during the above-identified telephone interview. Additionally, claims 1, 3, 6, 26-27, and 30 have been amended to provide proper antecedent basis for various elements in the claims.

As outlined in Applicants' Response filed March 25, 2008, the art of record fails to teach or suggest the claims as presented herein. It is, therefore, requested that the rejection under 35 U.S.C. § 103(a) to claims 1-7 and 21-30 be reconsidered and removed. Reconsideration and allowance of the above-identified claims are now respectfully requested.

In the event that the Examiner finds remaining impediment to a prompt allowance of this application that may be clarified through a telephone interview, the Examiner is requested to contact the undersigned attorney.

Dated this 28th day of May 2008.

Respectfully submitted,

/J. Dustin Howell/ Reg. # 60701
J. DUSTIN HOWELL

Attorney for Applicant
Registration No. 60,701
Customer No. 022913

JDH

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

22913 7590 06/04/2008

WORKMAN NYDEGGER
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT 84111

| EXAMINER | |
|---|---|
| RICHMAN, GLENN E | |
| ART UNIT | PAPER NUMBER |
| 3764 | |

DATE MAILED: 06/04/2008

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/429,725 | 05/08/2006 | Scott R. Watterson | 13914.579.5.1 | 4442 |

TITLE OF INVENTION: SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND COMPUTER DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1440 | $300 | $0 | $1740 | 09/04/2008 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

## HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**



PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to: Mail** **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
**or Fax (571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

22913 7590 06/04/2008

WORKMAN NYDEGGER
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT 84111

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

(Depositor's name)

(Signature)

(Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/429,725 | 05/08/2006 | Scott R. Watterson | 13914.579.5.1 | 4442 |

TITLE OF INVENTION: SYSTEMS AND METHODS FOR ENABLING TWO-WAY COMMUNICATION BETWEEN ONE OR MORE EXERCISE DEVICES AND COMPUTER DEVICES AND FOR ENABLING USERS OF THE ONE OR MORE EXERCISE DEVICES TO COMPETITIVELY EXERCISE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1440 | $300 | $0 | $1740 | 09/04/2008 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| RICHMAN, GLENN E | 3764 | 482-008000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
   - ❑ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
   - ❑ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
   (1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
   (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.
   1 ____________________
   2 ____________________
   3 ____________________

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❑ Individual ❑ Corporation or other private group entity ❑ Government

4a. The following fee(s) are submitted:
- ❑ Issue Fee
- ❑ Publication Fee (No small entity discount permitted)
- ❑ Advance Order - # of Copies ____________

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
- ❑ A check is enclosed.
- ❑ Payment by credit card. Form PTO-2038 is attached.
- ❑ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number ________ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
- ❑ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.
- ❑ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature ______________________ Date ______________________

Typed or printed name ______________________ Registration No. ______________________

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/429,725 | 05/08/2006 | Scott R. Watterson | 13914.579.5.1 | 4442 |

22913 7590 06/04/2008

WORKMAN NYDEGGER
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT 84111

| EXAMINER | |
|---|---|
| RICHMAN, GLENN E | |
| ART UNIT | PAPER NUMBER |
| 3764 | |

DATE MAILED: 06/04/2008

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 0 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 0 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.



PTOL-85 (Rev. 08/07) Approved for use through 08/31/2010.

| *Notice of Allowability* | Application No. 11/429,725 | Applicant(s) WATTERSON ET AL. |
|---|---|---|
| | Examiner /Glenn Richman/ | Art Unit 3764 |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *5/28/08*.
2. ☒ The allowed claim(s) is/are *1-7 and 21-30*.
3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All b) ☐ Some* c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE**.

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.
5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
   1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.
   (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**
6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftperson's Patent Drawing Review (PTO-948)
3. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date See Continuation Sheet
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
5. ☐ Notice of Informal Patent Application
6. ☒ Interview Summary (PTO-413), Paper No./Mail Date *20080529* .
7. ☒ Examiner's Amendment/Comment
8. ☐ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____.

/Glenn Richman/
Primary Examiner
Art Unit: 3764

**Continuation Sheet (PTOL-37)** **Application No. 11/429,725**

Continuation of Attachment(s) 3. Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date: 3/25/08,5/1/08,5/27/08.

| Interview Summary | Application No. | Applicant(s) | |
|---|---|---|---|
| | 11/429,725 | WATTERSON ET AL. | |
| | **Examiner** | **Art Unit** | |
| | /Glenn Richman/ | 3764 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *<u>/Glenn Richman/</u>*. (3)_____.

(2) *<u>Dustin Howell</u>*. (4)_____.

Date of Interview: *27 May 2008*.

Type: a)☒ Telephonic b)☐ Video Conference
c)☐ Personal [copy given to: 1)☐ applicant 2)☐ applicant's representative]

Exhibit shown or demonstration conducted: d)☐ Yes e)☒ No.
If Yes, brief description: _____.

Claim(s) discussed: _____.

Identification of prior art discussed: *None*.

Agreement with respect to the claims f)☒ was reached. g)☐ was not reached. h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Claims amended to put case in condition of allowance*.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an Attachment to a signed Office action.

Examiner's signature, if required

An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Dustin Howell on 5/27/08.

The application has been amended as follows: Cancel claims 31-33.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to /Glenn Richman/ whose telephone number is 571-272-4981. The examiner can normally be reached on Mon-Thurs.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, LoAn Thanh can be reached on (571)272-4966. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Glenn Richman/
Primary Examiner
Art Unit 3764

| Application Number | Application/Control No. | Applicant(s)/Patent under Reexamination | |
|---|---|---|---|
| | 11/429,725 | WATTERSON ET AL. | |
| | **Examiner** | **Art Unit** | |
| | /Glenn Richman/ | 3764 | |

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 11/429,725 | WATTERSON ET AL. |
| | **Examiner** | **Art Unit** |
| | /Glenn Richman/ | 3764 |

# ISSUE CLASSIFICATION

| ORIGINAL | | INTERNATIONAL CLASSIFICATION | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLAIMED | | | | | NON-CLAIMED | | | | |
| 482 | 8 | A | 63 | B | 21 | /00 | | | | | / |
| | | | | | | / | | | | | / |
| | | | | | | / | | | | | / |
| | | | | | | / | | | | | / |
| | | | | | | / | | | | | / |
| | | | | | | / | | | | | / |
| | | | | | | / | | | | | / |

**CROSS REFERENCES**

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | |
|---|---|---|---|---|
| 482 | 1 | 900 | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | |
|---|---|---|
| ----<br>(Assistant Examiner) (Date) | /Glenn Richman/<br>6/2/08<br>3764<br>(Primary Examiner) (Date) | **Total Claims Allowed: 17** |
| (Legal Instruments Examiner) (Date) | | O.G. Print Claim(s): 1 / O.G. Print Fig.: 1 |

☐ **Claims renumbered in the same order as presented by applicant** ☐ CPA ☐ T.D. ☐ R.1.47

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 1 | | 31 | | 61 | | 91 | | 121 | | 151 | | 181 |
| 3 | 2 | | 32 | | 62 | | 92 | | 122 | | 152 | | 182 |
| 4 | 3 | | 33 | | 63 | | 93 | | 123 | | 153 | | 183 |
| 5 | 4 | | 34 | | 64 | | 94 | | 124 | | 154 | | 184 |
| 6 | 5 | | 35 | | 65 | | 95 | | 125 | | 155 | | 185 |
| 7 | 6 | | 36 | | 66 | | 96 | | 126 | | 156 | | 186 |
| 8 | 7 | | 37 | | 67 | | 97 | | 127 | | 157 | | 187 |
| | 8 | | 38 | | 68 | | 98 | | 128 | | 158 | | 188 |
| | 9 | | 39 | | 69 | | 99 | | 129 | | 159 | | 189 |
| | 10 | | 40 | | 70 | | 100 | | 130 | | 160 | | 190 |
| | 11 | | 41 | | 71 | | 101 | | 131 | | 161 | | 191 |
| | 12 | | 42 | | 72 | | 102 | | 132 | | 162 | | 192 |
| | 13 | | 43 | | 73 | | 103 | | 133 | | 163 | | 193 |
| | 14 | | 44 | | 74 | | 104 | | 134 | | 164 | | 194 |
| | 15 | | 45 | | 75 | | 105 | | 135 | | 165 | | 195 |
| | 16 | | 46 | | 76 | | 106 | | 136 | | 166 | | 196 |
| | 17 | | 47 | | 77 | | 107 | | 137 | | 167 | | 197 |
| | 18 | | 48 | | 78 | | 108 | | 138 | | 168 | | 198 |
| | 19 | | 49 | | 79 | | 109 | | 139 | | 169 | | 199 |
| | 20 | | 50 | | 80 | | 110 | | 140 | | 170 | | 200 |
| 1 | 21 | | 51 | | 81 | | 111 | | 141 | | 171 | | 201 |
| 9 | 22 | | 52 | | 82 | | 112 | | 142 | | 172 | | 202 |
| 10 | 23 | | 53 | | 83 | | 113 | | 143 | | 173 | | 203 |
| 11 | 24 | | 54 | | 84 | | 114 | | 144 | | 174 | | 204 |
| 12 | 25 | | 55 | | 85 | | 115 | | 145 | | 175 | | 205 |
| 13 | 26 | | 56 | | 86 | | 116 | | 146 | | 176 | | 206 |
| 14 | 27 | | 57 | | 87 | | 117 | | 147 | | 177 | | 207 |
| 15 | 28 | | 58 | | 88 | | 118 | | 148 | | 178 | | 208 |
| 16 | 29 | | 59 | | 89 | | 119 | | 149 | | 179 | | 209 |
| 17 | 30 | | 60 | | 90 | | 120 | | 150 | | 180 | | 210 |

| ***Search Notes*** | Application/Control No. 11/429,725 | Applicant(s)/Patent under Reexamination WATTERSON ET AL. | |
|---|---|---|---|
| | **Examiner** /Glenn Richman/ | **Art Unit** 3764 | |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 482 | 1-9,900-902 | 6/2/2008 | /GR/ |
| 434 | 247 | 6/2/2008 | /GR/ |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| East see attached | 6/2/2008 | /GR/ |
| PGPUBS Clms see attached | 6/2/2008 | /GR/ |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| **482** | **1,8,900** | 6/2/2008 | **/GR/** |
| | | | |
| | | | |
| | | | |

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# BIB DATA SHEET

**CONFIRMATION NO. 4442**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 11/429,725 | 05/08/2006<br>**RULE** | 482 | 3764 | 13914.579.5.1 |

**APPLICANTS**

Scott R. Watterson, Logan, UT;
William T. Dalebout, Logan, UT;
Darren C. Ashby, Richmond, UT;
Robert D. Ashby, Collinston, UT;

** **CONTINUING DATA** *************************

This application is a DIV of 09/947,193 09/05/2001 PAT 7,166,064
which is a CIP of 09/641,600 08/18/2000 PAT 7,060,006
and is a CIP of 09/641,220 08/18/2000 PAT 6,458,060
and is a CIP of 09/641,627 08/18/2000 PAT 7,166,062
which is a CIP of 09/349,608 07/08/1999 PAT 6,312,363
and is a CIP of 09/496,560 02/02/2000 PAT 6,447,424

** **FOREIGN APPLICATIONS** *************************

** **IF REQUIRED, FOREIGN FILING LICENSE GRANTED** **

06/05/2006

| Foreign Priority claimed / 35 USC 119(a-d) conditions met / Verified and Acknowledged | Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| Foreign Priority claimed ☐ Yes ☑ No<br>35 USC 119(a-d) conditions met ☐ Yes ☑ No<br>Verified and Acknowledged /GLENN E RICHMAN/ Examiner's Signature | ☐ Met after Allowance<br>Initials | UT | 12 | 20 | 4 |

**ADDRESS**

WORKMAN NYDEGGER
60 EAST SOUTH TEMPLE
1000 EAGLE GATE TOWER
SALT LAKE CITY, UT 84111
UNITED STATES

**TITLE**

Systems and methods for enabling two-way communication between one or more exercise devices and computer devices and for enabling users of the one or more exercise devices to competitively exercise

| FILING FEE RECEIVED | | |
|---|---|---|
| 1200 | FEES: Authority has been given in Paper No.____________ to charge/credit DEPOSIT ACCOUNT No.____________ for following: | ☐ All Fees<br>☐ 1.16 Fees (Filing)<br>☐ 1.17 Fees (Processing Ext. of time)<br>☐ 1.18 Fees (Issue)<br>☐ Other ________________<br>☐ Credit |

EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 3935 | virtual and (race racing compet$5) and exercis$3 | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | ON | 2008/06/02 14:36 |

6/ 2/ 08 2:37:44 PM

EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L5 | 110 | ((race racing compet$5) and exercis $3).clm. | US-PGPUB | OR | ON | 2008/06/02 14:38 |

6/2/08 2:38:46 PM