IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PELOTON INTERACTIVE, INC.,

    Plaintiff,

v.

ICON HEATH & FITNESS, INC.,

    Defendant.

Civil Action No. 20-662-RGA

MEMORANDUM ORDER

On September 1, 2021, I held an evidentiary hearing to determine whether the "means for receiving" and "means for displaying" terms of U.S. Patent No. 6,601,016 may be performed without special programming. Both parties presented experts who provided helpful testimony.

Based on testimony at the hearing, I make the following findings of fact. To perform the "means for receiving" term in claim 53, there must be an application in the universally accessible server system that tells the server to send the first exerciser's fitness activity data to the second exerciser's device monitor. (D.I. 150 at 78:15–80:5). The server system would also need to be programmed to send the first exerciser's fitness activity data in a mark-up language format. (*Id.* at 85:5–8). The server system would need to be programmed to identify fitness activity data with a universal identifier associated with the first exerciser. (*Id.* at 85:9-11).

A general-purpose computer would not be able to read mark-up language without additional programming. (*Id.* at 15:25-16:6). A general-purpose computer would require additional programming to be able to look at the current fitness activity data, to be able to

1

identify the current fitness activity, to be able to identify the universal identifier, and to understand that it is associated with the first exerciser. (*Id.* at 11:16–12:1).

To perform the "means for displaying" term in claim 53, a general-purpose computer would require additional programming to be able to compare the first exerciser's fitness activity data with the second exerciser's fitness activity data and to present this comparison in graphical form. (*Id.* at 19:9–20, 88:12–14, 89:19–25).

With respect to the "means for receiving" claim, the parties agree on the function and dispute the structure. (*See* D.I. 113 at 21). As to the "means for displaying" claim, the parties dispute both the function and the structure. (*Id.* at 32). Though ICON's briefing on these terms asserted the existence of an algorithm, at the Markman Hearing, ICON clarified, "We do not claim an algorithm with respect to means for receiving or means for displaying." (D.I. 126 at 28:12-14). As these claims are implemented via a computer, the indefiniteness inquiry turns on the applicability of the *Katz* exception.

In *Katz*, the Federal Circuit explained that an algorithm is required only if the claims consist of "computer-implemented means-plus-function claims in which the computer would be specially programmed to perform the recited function." *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1316 (Fed. Cir. 2011). Subsequently, the Federal Circuit clarified the scope of the *Katz* exception. Simple programming, or programming encompassed in off the shelf programs, may still be "special programming" within the meaning of *Katz*. *See EON Corp. IP Holdings LLC v. AT&T Mobility LLC*, 785 F.3d 616, 623 (Fed. Cir. 2015). The Court stated, "as originally described in *Katz*, 'special programming' includes any functionality that is not 'coextensive' with a microprocessor or general purpose computer." *Id.*

2

ICON's examinations at the hearing focused heavily on "off the shelf" programs and components. (*See, e.g.*, D.I. 150 at 21:14-20, 22:4-13, 23:14-24:4, 25:19-22, 32:20-24, 35:16-19, 36:6-10, 49:12-13, 51:12-15, 59:14-17). That is not the test. In light of my factual findings, it follows that, to perform the stated functions,[1] special programming is required. As ICON offers no algorithm, these claim terms are indefinite.

IT IS SO ORDERED this 5th day of October 2021.

United States District Judge

---

[1] The parties dispute regarding the scope of the "means for displaying" claim is not determinative here. Before the hearing, I proposed adopting Defendant's recitation of function. (D.I. 121 at 1). ICON did not appear to dispute this at the hearing. Regardless, I do not think the additional clause included in Defendant's proposal changes the analysis at all. It merely clarifies that the user may compete against a plurality of exercisers rather than just one additional exerciser. (D.I. 113 at 32). Taking ICON's construction, the hearing did not demonstrate that a general purpose computer could "display[] a graphical comparison of said current fitness activity for said first exerciser with current fitness activity for said second exerciser from an output interface controlled by said exercise machine monitor" without special programming. (*See id.*); *see also Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1332 (Fed. Cir. 2008) (finding no reversible error when the District Court declined to construe the function before holding the term indefinite).