**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PELOTON INTERACTIVE, INC.,

Plaintiff/
Counterclaim Defendant,

v.

IFIT, INC.,

Defendant/
Counterclaim Plaintiff.

C.A. No. 20-662-RGA

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY PELOTON'S PATENT CLAIMS PENDING OUTCOME OF INSTITUTED IPR PROCEEDINGS**

OF COUNSEL:

David R. Wright
Taylor J. Wright
Alexis K. Juergens
Ray Nelson
Maren Laurence
Foley & Lardner LLP
299 South Main Street, Suite 2000
Salt Lake City, UT 84111

Ruben J. Rodrigues
Foley & Lardner LLP
111 Huntington Avenue, Suite 2500
Boston, MA 02199

Pavan K. Agarwal
Foley & Lardner LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007

Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com
caras@rlf.com

*Attorneys for iFIT, Inc.*

Gregg F. LoCascio
Matthew J. McIntee
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Joseph A. Loy
Ryan Kane
Nathaniel DeLucia
Matthew B. Hershkowitz
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Robin A. McCue
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Jonathan E. Moskin
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314

Dated: January 12, 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

I. NATURE AND STATE OF LITIGATION .......... 1

II. LEGAL STANDARDS .......... 3

III. ARGUMENT .......... 4

A. A Stay Will Simplify The Issues In Question .......... 4

B. This Case Is Still In A Relatively Early Stage .......... 5

C. A Stay Would Not Unduly Prejudice or Give Peloton a Clear Tactical Disadvantage .......... 6

1. Timing of the Review Request .......... 6

2. Timing of the Stay Request .......... 7

3. Status of the Review Proceedings .......... 7

4. Relationship Between the Parties .......... 8

IV. CONCLUSION .......... 9

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016)....................4, 7

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
No. 05-590-GMS, 2006 WL 2375035 (D. Del. Aug. 16, 2006)....................3

*AgroFresh Inc. v. Essentiv LLC*,
No. 16-662-MN, 2019 WL 2327654 (D. Del. May 31, 2019)....................3, 5

*Amkor Tech., Inc. v. Synaptics, Inc.*,
No. 15-910-GMS, 2016 WL 9331100 (D. Del. Oct. 25, 2016)....................4, 5

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
Nos. 12-1107-GMS, 12-1109-1110-GMS, 2014 WL 1369721
(D. Del. Apr. 7, 2014)....................4, 5, 6

*Copy Prot. LLC v. Netflix, Inc.*,
No. 14-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015)....................7

*Davol, Inc. v. Atrium Med. Corp.*,
No. 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013)....................6

*F'Real Foods v. Hamilton Beach Brands*,
No. 16-41-GMS, 2017 U.S. Dist. LEXIS 231390 (D. Del. May 9, 2017)....................6

*First Am. Title Ins. Co. v. MacLaren, L.L.C.*,
No. 10-363-GMS, 2012 WL 769601 (D. Del. Mar. 9, 2012)....................5

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019)....................4

*Murata Mach. USA v. Daifuku Co., Ltd.*,
830 F.3d 1357 (Fed. Cir. 2016)....................3

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013)....................9

*Network-1 Techs., Inc. v. Hewlett-Packard Co.*,
981 F.3d 1015, 1026-28 (Fed. Cir. 2020)....................5

*Textron Innovations Inc. v. Toro Co.*,
No. 05-486-GMS, 2007 WL 7772169 (D. Del. Apr. 25, 2007)....................4

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*,
193 F. Supp. 3d 345 (D. Del. 2016) ........ 9

*UCB, Inc. v. Zydus Pharm. (USA) Inc.*,
No. 16-903-LPS, 2017 WL 4310860 (D. Del. Sept. 28, 2017) ........ 3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) ........ 4

**Rules and Statutes**

35 U.S.C. §103 ........ 2

35 U.S.C. §315(b) ........ 7

35 U.S.C. §315(c) ........ 7

Defendant iFIT, Inc. (f/k/a ICON Health & Fitness, Inc.) ("iFIT") respectfully moves to stay this case as to Plaintiff Peloton Interactive Inc.'s ("Peloton") First and Second Causes of Action alleging infringement of U.S. Patent No. 10,486,026 (the "'026 patent") and infringement of U.S. Patent No. 10,639,521 (the "'521 patent"), pending resolution of the U.S. Patent and Trademark Office Patent Trial and Appeal Board's ("PTAB") instituted *inter partes* review ("IPR") of all claims of both the '026 patent and the '521 patent—all of the patents which Peloton is asserting in this matter. A stay is appropriate because (1) this case is in a relatively early stage as fact discovery has not yet been completed and expert reports have not been served; (2) the IPR will necessarily narrow the issues in dispute; and (3) a stay will neither unduly prejudice or tactically disadvantage Peloton.

## I. NATURE AND STATE OF LITIGATION

Peloton filed this case on May 15, 2020, alleging infringement of the '026 and '521 patents, violation of Delaware Deceptive Trade Practices Act, 6 Del. Code §2531, *et seq.*, violation of section 43(a) of the Lanham Act, and violation of California's Unfair Competition Law ("UCL"), Business and Professional Codes §17200 *et seq*. (D.I. 1). iFIT filed its Answer and Counterclaims on July 13, 2020, alleging, among other things, declaration of non-infringement and invalidity of the '026 and '521 patents. iFIT additionally brought counterclaims for patent infringement, as well as Peloton's violations of the Lanham Act and Delaware Deceptive Trade Practices Act. The case is now in fact discovery, which is scheduled to be completed by February 22, 2022. The trial is scheduled to begin on October 17, 2022. (D.I. 194).

On September 1, 2020, Echelon Fitness Multimedia, LLC ("Echelon") filed an IPR petition requesting cancellation of all claims of U.S. Patent Nos. 10,486,026 (the "'026 patent"). On March 3, 2021, the PTAB issued an order instituting IPR for all claims of the '026 patent (*see* Ex. A,

Decision Granting Institution of IPR Against the ’026 Patent). In granting institution, the PTAB found that Echelon’s petition demonstrated how during prosecution of the ’026 Patent “the Examiner erred in a manner material to patentability of the challenged claims during prosecution,” and determined “that the Examiner overlooked the teachings of [the prior art] in determining the patentability of the challenged claims.” Ex. A at 14-15. The institution decision goes on to conclude that “Petitioner has shown a reasonable likelihood that it would prevail in demonstrating” all of the claims of the ’026 Patent “unpatentable under 35 U.S.C. § 103” based on multiple different grounds. *See* Ex. A at 30-31. Oral hearing occurred on December 2, 2021 and a Final Written Decision is expected by March 3, 2022.

On May 3, 2021, Echelon filed another IPR petition requesting cancellation of all claims of 10,639,521 (the “’521 patent”). Recently, on November 18, 2021, the PTAB issued an order instituting IPR for all claims of the ’521 patent (*See* Ex. B, Decision Granting Institution of IPR Against the ’521 Patent). In granting institution, the PTAB found the Petition provided “sufficient explanation, based on the current record, that [a reference] discloses or renders obvious” the claims and “an adequate explanation as to how to modify [references] in the manner Petitioner proposes to arrive at the claimed invention.” *See* Ex. B at 21-24. The institution decision goes on to conclude that “Petitioner demonstrates a reasonable likelihood of prevailing with respect to at least one of the challenged claims” based on multiple different grounds. *See* Ex. B at 31.

On December 17, 2021, iFIT filed a Motion to Join this instituted IPR proceeding. (*See* Ex. C, Motion to Join Instituted IPR Against the ’521 Patent). A Final Written Decision is expected in this IPR by November 18, 2022.

In light of the PTAB’s decision to institute IPRs on all claims of all Peloton patents-in-suit, iFIT requests that Peloton’s infringement claims with respect to the two patents be stayed pending

resolution of the IPR proceedings. A stay would be the most efficient way to preserve the parties' and the Court's time and resources in light of the institution of IPR on these patents, particularly since the PTAB will be issuing Final Written Decisions as to the validity of the patents well before (with respect to the '026 Patent) or around the same time as (with respect to the '521 Patent) that a Jury would be asked to assess the same issues. iFIT is not presently requesting that the case be stayed with respect to any other claims or defenses.

## II. LEGAL STANDARDS

"The decision to stay a case is firmly within the discretion of the court." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 05-590-GMS, 2006 WL 2375035, at *5 (D. Del. Aug. 16, 2006). "The burden litigation places on the court and the parties when IPR proceedings loom is one such consideration that district courts may rightfully choose to weigh." *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016).

Courts in this district consider three factors to determine whether a stay is appropriate: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) the stage of the proceedings, including whether discovery is complete and a trial date has been set; and (3) whether it will simplify the issues for trial. *See, e.g.*, *UCB, Inc. v. Zydus Pharm. (USA) Inc.*, No. 16-903-LPS, 2017 WL 4310860, at *1 (D. Del. Sept. 28, 2017).

Additionally, Courts in this district routinely stay claims pending IPRs while other non-patent claims proceed to trial. *See, e.g.*, *AgroFresh Inc. v. Essentiv LLC*, No. 16-662-MN, 2019 WL 2327654, at *1 (D. Del. May 31, 2019), *reargument denied*, 2019 WL 2745723 (D. Del. July 1, 2019); *Amkor Tech., Inc. v. Synaptics, Inc.*, No. 15-910-GMS, 2016 WL 9331100, at *2 (D. Del. Oct. 25, 2016).

## III. ARGUMENT

The Court should stay this case as to Peloton's patent infringement claims pending resolution of the instituted IPRs. As discussed below, all three factors considered by courts in this district support a stay under the present circumstances.

### A. A Stay Will Simplify The Issues In Question

"The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *8 (D. Del. Aug. 21, 2019). When the PTAB institutes IPR on all asserted claims, the issue simplification factor weighs heavily in favor of a stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (noting that the simplification factor "weigh[ed] heavily in favor of a stay" where "the PTAB granted CBM review on all asserted claims of the sole asserted patent"); *see also 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, No. 15-595-LPS, 2016 WL 6594083 at *3 (D. Del. Nov. 7, 2016) ("There is a very strong likelihood that the IPR proceedings will simplify the issues for trial. This is primarily because the PTAB has granted review with respect to every asserted claim of all three patents-in-suit.").

Courts in this district have recognized the potential for issue simplification when the asserted claims are subject to a review by the United States Patent and Trademark Office. *See Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, Nos. 12-1107-GMS, 12-1109-1110-GMS, 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014); *see also Textron Innovations Inc. v. Toro Co.*, C.A. No. 05-486-GMS, 2007 WL 7772169, at *1 (D. Del. Apr. 25, 2007).

The existence of other claims in this case should not prevent a stay as to the claims for patent infringement. Courts in this district have granted stays on patent claims subject to instituted IPR proceedings while allowing other non-patent claims to move forward. *See, e.g.*, *AgroFresh*, 2019 WL 2327654, at *1; *Amkor Tech.*, 2016 WL 9331100, at *2. Such a decision in this case is

reasonable because the issues and discovery involved in affirmative patent claims will be significantly different from the issues and discovery for non-patent claims. Even if the other claims in this case are allowed to continue, the issues in this case with respect to the patent infringement claim will be simplified by a stay.

This factor favors a stay because the IPRs will address validity of all the patents asserted by Peloton in this case, which will likely result in invalidation of both patents. Even in the unlikely situation that the patents are not invalidated, the PTAB's record and final written decisions would likely be helpful to simplifying invalidity and infringement issues in this case. For example, were the PTAB to conclude that certain claim limitations were not met by the asserted prior art, that would necessarily inform any invalidity analysis in this matter.

Additionally, while iFIT has not filed nor sought to join an IPR petition against the '026 Patent, it has filed a Motion to Join the IPR against the '521 Patent, and would be estopped from raising in this action any prior art actually raised in the IPR against the '521 Patent once a Final Written Decision is reached—which would only further simplify the issues in dispute were Peloton's patent infringement claims stayed through Final Written Decisions. *See Network-1 Techs., Inc. v. Hewlett-Packard Co.*, 981 F.3d 1015, 1026-28 (Fed. Cir. 2020).

Accordingly, resolution of the two IPRs would overwhelmingly simplify the issues in this case, and this factor supports a stay.

**B. This Case Is Still In A Relatively Early Stage**

This factor also favors a stay because this case is still in a relatively early stage. "In considering the stage of litigation, the court asks 'whether discovery is complete and whether a trial date has been set.'" *Bonutti Skeletal*, 2014 WL 1369721, at *6 (citing *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, No. 10-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012)). "Staying a case in its early stages advances judicial efficiency and prevents the court and the parties from

expending resources on claims that may be rendered invalid." *Bonutti Skeletal*, 2014 WL 1369721, at *6.

Fact discovery is not set to be completed until February 22, 2022, with the majority of depositions in this matter yet to be taken. Expert reports addressing infringement and invalidity of the '026 and '521—which iFIT anticipates will be extensive—will not be exchanged until March 18, 2022. The anticipated trial date is approximately ten months away. *See F'Real Foods v. Hamilton Beach Brands*, No. 16-41-GMS, 2017 U.S. Dist. LEXIS 231390, at *3, n.5 (D. Del. Mar. 9, 2017) (finding case to be in early stages where trial not anticipated for eight months).

Staying the case will promote judicial efficiency and allow the Court and the parties to avoid expending their assets addressing claims that may be rendered invalid.

### C. A Stay Would Not Unduly Prejudice or Give Peloton a Clear Tactical Disadvantage

When determining whether a stay would unduly prejudice or give the non-moving party a clear tactical disadvantage, courts in this district consider the following factors: "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Davol, Inc. v. Atrium Med. Corp.*, No. 12-958-GMS, 2013 WL 3013343, at *2 (D. Del. June 17, 2013). Moreover, "[p]otential delay [pending IPR] does not in itself establish undue prejudice to the non-movant." *Bonutti Skeletal*, 2014 WL 1369721, at *2.

#### 1. Timing of the Review Request

Two IPR petitions requesting cancellation of all pending claims of the '026 and the '521 patents were brought by a third party, Echelon. Echelon and iFIT are not related nor do they share any interest such that they would be considered in privity with another. However, now that the later filed IPR involving the '521 patent is instituted, iFIT has filed a petition and a request to join

the proceeding based on the same grounds of invalidity as Echelon's petition. *iFIT, Inc. v. Peloton Interactive, Inc.*, IPR 2022-00323, Paper 1, 3 (PTAB Dec. 17, 2021).

Unlike Title 35 U.S.C. § 315(b), Title 35 U.S.C. § 315(c), which governs joinder, allows defendants to file IPRs even after one year after they are served with a complaint alleging infringement of a patent. Thus, iFIT's petition and request for joinder were timely. iFIT's request to join the petition against the '521 Patent was driven by the PTAB's institution of IPR against that patent, and iFIT's request for joinder will not delay or alter the schedule in the original IPR filed by Echelon.

**2. Timing of the Stay Request**

This request for a stay is being brought timely, shortly after the PTAB instituted IPR against the '521 Patent and a few weeks after iFIT requested joinder. Such timing weighs strongly in favor of a stay. "Shortly after the PTAB issue[s] its decision to proceed with a validity trial on all of the Asserted Claims" is the "ideal time" to file a motion to stay. *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, No. 15-595-LPS, 2016 WL 6594083 at *4 (D. Del. Nov. 7, 2016) (emphasis added). iFIT makes this motion at the "ideal time," and this factor supports a stay.

**3. Status of the Review Proceedings**

The IPRs against the asserted Peloton patents have already been instituted for all claims of the patents-in-suit. This shows that the PTAB "is proceeding with all due haste, in compliance with its statutory obligations, and weighs in favor of granting the stay." *Copy Prot. LLC v. Netflix, Inc.*, No. 14-365-LPS, 2015 WL 3799363, at *4 (D. Del. June 17, 2015).

Moreover, absent a good cause to extend, the PTAB is statutorily required to issue a final written decision in both proceedings no later than by November 18, 2022 such that a stay in this proceeding would last less than a year. If not stayed, the PTAB may issue a final written decision invalidating the claims while a trial on the validity of the '026 and '521 Patents is proceeding in

this action. Such the nature and brevity of any delay caused by a stay in this case supports granting a stay.

**4. Relationship Between the Parties**

The "relationship between the parties" prong evaluates whether the parties are direct competitors. Peloton identified the relevant market in its complaint as the "at-home fitness industry." D.I. ¶ 114. While iFIT and Peloton are direct competitors in the market for stationary exercise bicycles, this case mostly involves products across many categories that Peloton **does not compete in**. For example, Peloton accuses a variety of ellipticals, rowing machines, incline trainers, and strength training devices of infringing the '026 and '521 patents despite not selling any products in these categories.

Furthermore, the at-home fitness industry is a highly competitive industry with multiple players. Peloton previously identified at least two other competitors in Echelon Fitness, LLC and Flywheel Sports, Inc.[1] An equity analyst previously identified NordicTrack iFIT, SoulCycle, Echelon, Flywheel, and startups including Mirror and Hydrow as potential additional competitive offerings.[2] Peloton acknowledges that there are plurality of competitors and asserts, "With Peloton's hard-fought success, competitors, including Defendant iFIT, have attempted to free ride off Peloton's innovative technology." D.I. 1 ¶ 6; *See also* D.I. 1 ¶ 78 ("Because of Peloton's success, competitors have brought copycat products to market"). The CEO of Peloton, John Foley, has acknowledged that more companies, including Barry's Bootcamp, and Tough Mudder, are launching fitness courses and competitions.[3] The existence of other competitors "may decrease the

---

[1] *See Peloton Interactive, Inc. v. Echelon Fitness, LLC*, No. 19-1903-RGA (D. Del.), D.I. 1 at 36; *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390-RSW-RSP, D.I. 1 at 18-19.
[2] *iFIT, Inc. v. Peloton Interactive, Inc.*, C.A. No. 20-1386-RGA (D. Del.), D.I. 12 ¶ 18.
[3] *iFIT, Inc. v. Peloton Interactive, Inc.*, C.A. No. 20-1386-RGA (D. Del.), D.I. 12 Ex. 15.

likelihood of [the potential loss of market share and erosion of goodwill] befalling the plaintiff," thereby minimizing the weight given to this factor. *See Neste Oil OYJ v. Dynamic Fuels*, LLC, No. 12-1744-GMS, 2013 WL 3353984, at *3 (D. Del. July 2, 2013) ("The presence of multiple active firms in the relevant market, however, may decrease the likelihood of such harm befalling the plaintiff."); *see also Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 352 (D. Del. 2016) ("Here, it is undisputed that while the parties compete for business against each other in the optical disc drive market, they are but two of many competitors in a very crowded field"). In sum, Peloton would not be unduly prejudiced by the stay.

## IV. CONCLUSION

In sum, each of the undue prejudice, stage of litigation, and simplification factors strongly support a stay in this case. iFIT respectfully requests that the Court stay Peloton's patent infringement claim pending resolution of the PTAB's IPRs on the '026 patent and the '521 patent.

OF COUNSEL:

David R. Wright
Taylor J. Wright
Alexis K. Juergens
Ray Nelson
Maren Laurence
Foley & Lardner LLP
299 South Main Street, Suite 2000
Salt Lake City, UT 84111

Ruben J. Rodrigues
Foley & Lardner LLP
111 Huntington Avenue, Suite 2500
Boston, MA 02199

Pavan K. Agarwal
Foley & Lardner LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com
caras@rlf.com

*Attorneys for iFIT, Inc.*

Gregg F. LoCascio
Matthew J. McIntee
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Joseph A. Loy
Ryan Kane
Nathaniel DeLucia
Matthew B. Hershkowitz
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Robin A. McCue
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Jonathan E. Moskin
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314

Dated: January 12, 2022